UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES,

    Plaintiff,

    v.          Criminal Action No. 21-10256-RWZ

KINGSLEY R. CHIN, et al.,
    Defendants.

<u>ORDER</u>

KELLEY, M.J.

On October 6, 2021, the court held a hearing on a motion that had been filed under seal with the court's prior approval, pertaining to release conditions for defendant Aditya Humad. (#43.) The court approved the motion to seal because the filing contained personal financial information (#38, motion to file under seal). During the hearing, Mr. Humad asked for the opportunity to propose redactions to the transcript in order to further protect that information. In addition, another defendant, Kingsley R. Chin, had filed a motion pertaining to conditions of release under seal, because the filing contained personal financial information (#25), and at the hearing, Mr. Chin's attorney asked to be heard on conditions of release, and also asked for the opportunity to propose redactions to the transcript in order to protect that information. The court agreed and placed the transcript under seal until it could review defendants' proposed redactions.

On December 8, 2021, a transcript of the hearing was docketed under seal. The court then ordered the parties to file a joint memorandum by December 15, 2021, identifying which parts of the transcript, if any, should remain under seal. (#62.)

On December 9, 2021, a member of the press (who is not a party to the case) requested that the transcript be unsealed and asked to be heard on his request. (#63.)[1]

"Courts have long recognized that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013) (quoting *In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002)). There are "two related but distinct presumptions of public access to judicial proceedings and records: a common-law right of access to 'judicial documents,' and a First Amendment right of access to certain criminal proceedings and materials submitted therein." *Id.*

"Though the public's right of access is vibrant," however, "it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Kravetz*, 706 F.3d at 59 (quoting *Siedle v. Putnam Invs.*, 147 F.3d 7, 10 (1st Cir. 1998)). For example, the First Circuit "recognize[s] that 'privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records.'" *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 478 (6th Cir. 1983)). For example, "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.'" *Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

---

[1] The non-party has not moved to intervene, though the court notes that "[f]ederal courts generally have permitted limited intervention by the media for the purpose of pursuing a request for access to material made part of the record during court proceedings." *United States v. Ciccolo*, No. 15-cr-30018, 2015 U.S. Dist. LEXIS 170246, at *8 (D. Mass. Dec. 21, 2015) (citing *In re Boston Herald, Inc.*, 321 F.3d 174 (lst Cir. 2003)).

"When addressing a request to unseal, a court must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case, keeping in mind that 'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" *Kravetz*, 706 F.3d at 59 (citation omitted) (quoting *In re Providence Journal*, 293 F.3d at 10); *see United States v. Nuñez*, No. 1:11-cr-00205, 2021 U.S. Dist. LEXIS 52759, at *12 (D. Me. Mar. 22, 2021) ("When determining whether a judicial record contains private information that may justify a seal, the First Circuit instructs 'that courts should consider the degree to which the subject matter is traditionally considered private rather than public.'" (quoting *Kravetz*, 706 F.3d at 62)). As an alternative to sealing a record in its entirety, "[r]edaction constitutes a time-tested means of minimizing any intrusion on th[e] right" of public access. *In re Providence Journal*, 293 F.3d at 15 (citations omitted); *see Kravetz*, 706 F.3d at 62 ("[W]here the public's right of access competes with privacy rights, 'it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document.'" (quoting *Amodeo*, 44 F.3d at 147)).

As the court has previously indicated, it will review the parties' joint memorandum regarding which portions of the October 6, 2021, transcript, if any, should remain under seal. *See* #62. To the extent information contained in the transcript implicates an individual's privacy rights under First Circuit precedent, the court will balance the competing public and private interests in determining whether to allow limited redactions of that information before placing a public version of the transcript on the docket. *See Kravetz*, 706 F.3d at 59.

December 13, 2021                         /s/ M. Page Kelley
                                     M. PAGE KELLEY
                                     United States Magistrate Judge