1                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
2

3
                                          )
4    UNITED STATES OF AMERICA,            )
                                          )
5            Plaintiff,                    )
                                          )  Criminal Action
6    v.                                    )  No. 1:21-cr-10256-RWZ-1
                                          )  Pages 1 to 15
7    KINGSLEY R. CHIN, et al.,            )
                                          )
8            Defendants.                   )
                                          )
9

10

11            BEFORE THE HONORABLE M. PAGE KELLEY
                 UNITED STATES MAGISTRATE JUDGE
12

13                   FINAL STATUS CONFERENCE
                      (Digital Recording)
14

15                       June 28, 2023

16

17        John J. Moakley United States Courthouse
                     One Courthouse Way
18             Boston, Massachusetts 02210

19

20

21
                   Linda Walsh, RPR, CRR
22                 Official Court Reporter
          John J. Moakley United States Courthouse
23                   One Courthouse Way
                Boston, Massachusetts 02210
24                 lwalshsteno@gmail.com

25

```
 1   APPEARANCES:

 2   On Behalf of the Government:

 3         UNITED STATES ATTORNEY'S OFFICE
           By: AUSA Patrick M. Callahan
 4         One Courthouse Way, Suite 9200
           Boston, Massachusetts 02210
 5         617-748-3100
           patrick.callahan@usdoj.gov

 6
     On Behalf of the Defendant Kingsley R. Chin:

 7
           POLLACK SOLOMON DUFFY LLP
 8         By: Barry S. Pollack, Esq.
               Joshua L. Solomon, Esq.
 9         31 St. James Avenue, Suite 940
           Boston, Massachusetts 02116
10         617-439-9800
           bpollack@psdfirm.com
11         jsolomon@psdfirm.com

12   On Behalf of the Defendant Aditya Humad:

13         FICK & MARX LLP
           By: William W. Fick, Esq.
14             Daniel N. Marx, Esq.
           24 Federal Street, 4th Floor
15         Boston, Massachusetts 02110
           857-321-8360
16         wfick@fickmarx.com
           dmarx@fickmarx.com

17

18

19

20

21

22

23            Proceedings recorded by sound recording and
                 produced by computer-aided stenography.
24

25
```

```
 1                    P R O C E E D I N G S
 2              THE COURT:  Okay.  Good morning, everyone.
 3              THE CLERK:  Good morning, Judge.
 4              MR. CALLAHAN:  Good morning, Your Honor.
 5              MR. SOLOMON:  Good morning, Judge.
 6              THE CLERK:  Today is Wednesday, June 28th, 2023.  We
 7      are now on the record in criminal case number 21-10256, United
 8      States versus Chin, et al., the Honorable M. Page Kelley
 9      presiding.
10              Would counsel please identify themselves for the
11      record.
12              MR. CALLAHAN:  Good morning, Your Honor.  Patrick
13      Callahan for the United States.
14              THE COURT:  Okay.  Good morning, Mr. Callahan.
15              MR. FICK:  Good morning, Your Honor.  William Fick and
16      Daniel Marx for Mr. Humad.
17              THE COURT:  All right.  Good morning.
18              MR. SOLOMON:  Good morning, Your Honor.  Josh Solomon
19      and Barry Pollack for SpineFrontier and Dr. Chin.
20              THE COURT:  All right.  Good morning.
21              So this is the final status conference.  How are we
22      doing?
23              MR. CALLAHAN:  Your Honor, this is -- for the
24      government, I think we're doing well.  The parties were working
25      through some discovery disputes.  We exchanged letters, I guess
```

|  | 1 | starting back in February, trying to narrow some issues.  The |
|---|---|---|
|  | 2 | government produced -- had made a few productions since that |
|  | 3 | time.  So I think -- I just figured it would be helpful for the |
|  | 4 | parties to get in front of the Court maybe just to set, you |
| 02:47 | 5 | know, a hard deadline to have the discovery motions filed and |
|  | 6 | for the government to respond.  I think the parties had a few |
|  | 7 | times before agreed to some dates that discovery motions would |
|  | 8 | be filed.  Those have come and gone, but I think we're on the |
|  | 9 | way to working towards, you know, resolving what we can resolve |
| 02:47 | 10 | and teeing up what we might need some help from the Court with. |
|  | 11 | So we had just the thought of maybe just setting a deadline for |
|  | 12 | those discovery motions and responses and then we could move |
|  | 13 | from there. |
|  | 14 | THE COURT:  Okay.  Any comment from defense counsel? |
| 02:47 | 15 | MR. FICK:  I mean, I think essentially that's right. |
|  | 16 | There's a lot of discovery here, I think north of two million |
|  | 17 | pages.  You know, there's a good index from the government, but |
|  | 18 | it's a lot to work through.  We've been in the case for a while |
|  | 19 | but we're successor counsel and, you know, it's a process. |
| 02:47 | 20 | We do have at least one discovery motion that's close |
|  | 21 | to being ready to file.  I think I'll probably let Mr. Pollack |
|  | 22 | and Mr. Solomon speak to that.  They have the laboring oar. |
|  | 23 | But, you know, we do expect there will be some matters at least |
|  | 24 | for the Court to address. |
| 02:48 | 25 | THE COURT:  Okay.  But when? |

```
 1                MR. FICK:  I'll defer to my co-counsel on that

 2       question, I think, in the first instance.

 3                THE COURT:  Okay.  Mr. Solomon.

 4                MR. SOLOMON:  Sure.  Thank you, Your Honor.  We're

02:48  5       pretty far along with the motion that's in the works.

 6       Actually, the biggest piece outstanding is a declaration, a

 7       company that we're working on retaining.

 8                But I think within -- within the next couple of weeks,

 9       two weeks or so, we should be in a good position to be able to

02:48 10       file that with the Court.  We do have one, just one open issue,

11       I think, that we might be able to just get an answer to here.

12       We realized it after we were getting ready for today's

13       conference.  The last status -- joint status report, the

14       government stated that it anticipates producing additional

02:49 15       discovery.

16                There was a production actually that day, the same

17       day, a status report.  I don't know which came first.  So we do

18       have just one question about whether the government considers

19       itself to be done or whether more is coming because that could

02:49 20       affect the overall schedule, of course.

21                MR. CALLAHAN:  Sure, I'd be happy to answer that, Your

22       Honor.  Yeah, Mr. Solomon, so we have -- I think there was one

23       more phone report that the government wanted to get out to

24       defense, and we had exchanged some letters about it and we had

02:49 25       taken the position that while we weren't required to do
```

|  | 1 | everything that we were being asked, we were just going to |
|---|---|---|
|  | 2 | produce it to avoid any litigation.  So we were told -- I was |
|  | 3 | told that we would be in a position to get that out this week. |
|  | 4 | But I think, other than that, that would be all that we have |
| 02:49 | 5 | left, obviously, other than supplemental materials that come to |
|  | 6 | our attention later.  But yeah, that one last telephone report, |
|  | 7 | or Cellebrite report, one of the cell phones, is coming your |
|  | 8 | way. |
|  | 9 | MR. SOLOMON:  Thank you. |
| 02:50 | 10 | THE COURT:  Okay.  All right.  So how about if we file |
|  | 11 | the almost finished discovery motion by July 19th.  The |
|  | 12 | government has until August 8th to respond. |
|  | 13 | And then I would like to set a further final status |
|  | 14 | for August 14th and hopefully we'll have a hearing on that. |
| 02:50 | 15 | How are those dates? |
|  | 16 | MR. POLLACK:  Can I ask one question, because I may be |
|  | 17 | carrying the laboring oar of this through the holiday weekend |
|  | 18 | on the motion, but if the government is producing some more |
|  | 19 | documents or it sounds like one report, it would be helpful to |
| 02:50 | 20 | know that we have two weeks after that just to sort of finalize |
|  | 21 | anything in case it affects anything that's in our motion.  Do |
|  | 22 | we know if we are getting that report? |
|  | 23 | THE COURT:  So I think -- |
|  | 24 | MR. CALLAHAN:  Can I ask this -- |
| 02:50 | 25 | THE COURT:  Go ahead. |

02:51 
02:51 
02:51 
02:51 
02:52 
02:52 

```
 1              MR. CALLAHAN:  I mean, I think the letters sort of

 2    identified what we have exchanged.  I think they've been

 3    productive.  I think what we would suggest is why don't we -- I

 4    think those dates sound great, but one thing I may ask the

 5    Court is that, just given that we have some people disappearing

 6    for the beginning of August, if we could get another week for

 7    the government's response.  But, you know, if defense counsel,

 8    you know, gets that motion in in three weeks, obviously if

 9    there's any issue raised by the final Cellebrite report related

10    to the last phone, you know, we would not -- obviously, they

11    would be free to raise that, you know, whenever it came to

12    their attention.

13              But just so we don't drag it out any longer, you know,

14    if defense counsel's motions on what's been produced thus far

15    are due the 19th and if we could get one more week to respond,

16    and then obviously if something comes up that Mr. Pollack or

17    Mr. Solomon, you know, want to address something that's in this

18    last report, the government certainly doesn't have an issue.

19              MR. POLLACK:  Your Honor, do we know when that report

20    is coming?  I'm sorry if I missed it when Mr. Callahan was

21    speaking.

22              MR. CALLAHAN:  I was told today that we would have it

23    this week.  I thought it would have gone out already, but I can

24    check on that.

25              MR. POLLACK:  If we get it this week -- I'm sorry.  If
```

|        |    |                                                                        |
|--------|----|------------------------------------------------------------------------|
|        |  1 | we get it this week, July 19th is not a problem.  Then we get          |
|        |  2 | into July 4th week, and I'm just afraid that we really aren't          |
|        |  3 | turning to this fully until July 10th.  Is that the Monday, I          |
|        |  4 | think?  So I -- if we can have the government getting us the           |
| 02:52  |  5 | report this week, it may help Mr. Callahan with any agents who         |
|        |  6 | work with him to know that there's a deadline.  If we get that         |
|        |  7 | report, we have no problem with them having three weeks to             |
|        |  8 | respond instead of two.                                                |
|        |  9 | THE COURT:  So can I --                                                |
| 02:52  | 10 | MR. CALLAHAN:  Your Honor, the only thing, just so I'm                 |
|        | 11 | clear on what I was saying, just because I don't want to hold          |
|        | 12 | anything up or I don't want to hold them up, but I mean,               |
|        | 13 | anything that would arise -- I'm not sure what it would be, but        |
|        | 14 | anything that should arise from the last report, the last phone        |
| 02:53  | 15 | report, I mean, we would not -- if they needed to file                 |
|        | 16 | something later, we would not object to that.  We just want to         |
|        | 17 | have -- if we could leave this conference with, you know, a            |
|        | 18 | firm deadline for responses as to any issues raised thus far, I        |
|        | 19 | think that would just set the parties on a path to moving this         |
| 02:53  | 20 | forward.                                                               |
|        | 21 | MR. POLLACK:  So maybe a simple solution is just to                    |
|        | 22 | give us until July 26th and some of the dates Mr. Callahan            |
|        | 23 | talked about affected him on that back end, and then give him          |
|        | 24 | three weeks from then.  That gives the government an extra week        |
| 02:53  | 25 | to get us this report.  It gives us time after July 4th.  So           |

1    could we work off of July 26th instead of July 19th, Your

2    Honor?

3              THE COURT:  Okay.  Let me just ask, what is in the

4    last Cellebrite report from the phone?  Is that one of the

02:53 5    defendants' phones?

6              MR. CALLAHAN:  It's not.  It's a third-party phone.

7    It's a cooperating witness.  And the two -- the two -- there

8    were -- the major phone from that cooperating witness has

9    already been produced.  Defense has all that.  And this is the

02:54 10    last one coming through.  It's -- there's going to be much less

11    on it than was on the earlier phones.

12              THE COURT:  Okay.  So let's just say this:  First of

13    all, the case has to go up soon.  It's just -- I know we've had

14    some change of counsel, but it's just too old.  And I don't

02:54 15    know if you are aware of it, but the Court has had a renewed

16    emphasis on not delaying cases in front of magistrate judges

17    any longer.  Like, during COVID I think we all kind of relaxed

18    and just kept cases as long as people wanted us to, but that's

19    coming to an end now.

02:54 20              So let's just say -- Mr. Callahan, what was your date

21    for getting the information to defense counsel about the phone?

22              MR. CALLAHAN:  I was told it would be ready this week,

23    Your Honor.  That was the last report I had.

24              THE COURT:  Okay.

02:55 25              MR. CALLAHAN:  But I don't -- again, that's -- there's

|   |   |
|---|---|
| | 1 |
| | 2 |
| | 3 |
| 02:55 | 5 |

1    always a difference between when they're done either reviewing

2    it and getting it ready and when you actually put it on a hard

3    drive and send it out.

4            THE COURT:  So let's get it to defense counsel by July

02:55  5    10th, and try to hold to that date, please.  And then I'm going

6    to give defense counsel three weeks, until July 31st, to file

7    any discovery motions.  And obviously, if there's something

8    really critical in the last discovery, I would urge you to just

9    go ahead and file what you have for discovery motions, and I'll

02:55 10    let you have a little more time to file on the last discovery

11    that you received, but let's -- let's get the bulk of it in by

12    July 31st, and hopefully all of it, and then that will give the

13    government until August 14th to respond.  And then we'll

14    give -- I'm just going to go ahead and give the defense until

02:56 15    August 28th to file a reply if you wish.  And then I'm going to

16    set the final, final, final status conference for September

17    13th, if people are available then.  I may be on trial, so why

18    don't we say 3:30 p.m. by Zoom.  If you don't need to have

19    it -- well, I guess I'm going to need to rule on the discovery

02:56 20    motions, but hopefully if everything is in by August 28th, I

21    may try to schedule something sooner than September 13th for a

22    hearing, especially if that trial is going, but we'll just see

23    how we're doing.  But let's say September 13th, 3:30 for a

24    final status conference.  I'm going to exclude the time and --

02:57 25            MR. POLLACK:  Your Honor?

```
 1                THE COURT:  Yes, go ahead.

 2                MR. POLLACK:  Just as notice to the Court, I have a

 3     jury trial the month of September.  I wouldn't expect that to

 4     slow anything down, and Mr. Solomon would be able to take the

02:57  5     lead.  If I get more information about my trial, that the jury

 6     is leaving at 4:00, is it completely contrary to the Court's

 7     schedule, if there were an opportunity for me to at least be

 8     participating, if a 4:15 works and I take it from the state

 9     courthouse, would it be too presumptuous to make the request to

02:57 10     the Court?

11                THE COURT:  It's no problem.  Just contact Mr. Vieira.

12     We'll adjust the time.  No problem.

13                MR. POLLACK:  I'll obviously talk to Mr. Callahan

14     first.  I wanted to know now rather than later if I should even

02:58 15     contact the Court if something like that could be done.

16                THE COURT:  Absolutely.

17                MR. POLLACK:  But I appreciate it, Your Honor.  Thank

18     you, Your Honor.  Thank you.

19                THE COURT:  Happy for you to contact.  So it looks to

02:58 20     me like this is going to be a trial.  Do you think so,

21     Mr. Solomon, et al.?

22                MR. FICK:  Yes.

23                MR. SOLOMON:  Yes, I think so, Your Honor.

24                THE COURT:  Okay.  And any idea if a trial were to be

02:58 25     scheduled when you might be ready to go?  I know we're busy --
```

|        |    |                                                                      |
|--------|----|----------------------------------------------------------------------|
|        | 1  | Mr. Solomon is busy in September, but are you looking for a          |
|        | 2  | trial after September, say, sometime or soon after September?        |
|        | 3  | MR. SOLOMON:  We're not in the same room unfortunately               |
|        | 4  | and he can't see that I'm looking at him.  I know Mr. Pollack        |
| 02:58  | 5  | has a sequence of trials, not only the September one, so, you        |
|        | 6  | know.                                                                |
|        | 7  | MR. POLLACK:  I have not had the sequence I have set                 |
|        | 8  | right now in years.  I don't know how much of it is realistic.      |
|        | 9  | The September one is.  It's a retrial.  We actually -- lesson        |
| 02:59  | 10 | for everybody.  We lost too many jurors, some to COVID, and         |
|        | 11 | after four weeks of trial, we slipped down to five and knew we      |
|        | 12 | were going down to four a few days later.  So that one is           |
|        | 13 | really happening in September.  Yes, it was a --                     |
|        | 14 | THE COURT:  Was it a criminal trial?                                 |
| 02:59  | 15 | MR. POLLACK:  No.  It was actually a civil trial.  And              |
|        | 16 | it was -- a lot was done to try to retain jurors we were losing     |
|        | 17 | towards the end.  We let the first two go too easily.  We could     |
|        | 18 | have suspended for a few hours and kept a couple.  So lesson        |
|        | 19 | learned on that.  Don't think they're all going to remain,          |
| 02:59  | 20 | right?  So that one is real.                                         |
|        | 21 | The other ones may be more like the typical past.  I                |
|        | 22 | don't know where we are post COVID.                                  |
|        | 23 | THE COURT:  So never mind about when you might be able              |
|        | 24 | to try the case.  But we'll try to figure that out.  Okay.          |
| 02:59  | 25 | So --                                                                |

```
 1              MR. CALLAHAN:  And, Your Honor, could I ask one --
 2     actually two questions.  First, just on the government reply, I
 3     think we had asked if we could get -- just because August gets
 4     a little tricky with having people in the office, and I know my
03:00  5   colleagues are not on the line participating.  But if we could
 6     get just one more week for that reply just to make sure we have
 7     people around and have coverage, that would be helpful.  I
 8     don't think that needs to affect --
 9              THE COURT:  August 14th, so the 21st?
03:00 10        MR. CALLAHAN:  So the 14th to the 21st, yeah.
11              THE COURT:  So August 21st is government's response,
12     and then we'll push out the reply to -- I am losing track of my
13     months here.  Why don't we just say if there's any reply you'll
14     file it by September 7th.  How's that?
03:00 15        MR. CALLAHAN:  That's perfect, Your Honor.
16              MR. SOLOMON:  Fine with us, Your Honor.
17              THE COURT:  Okay.  All right.  So -- and I really want
18     to wrap up the motions on the 13th.  So -- and we'll set
19     also -- probably set a timetable for dispositive motions and
03:01 20   get you up to the District Court.
21              Okay.  So anything else today?
22              MR. SOLOMON:  Your Honor, just to be clear, we should
23     consider the September 13th a final, final status and a hearing
24     on the discovery motion?
03:01 25        THE COURT:  Yes.
```

```
   1              MR. SOLOMON:  Okay.  Thank you.

   2              THE COURT:  Great.  Okay.  All right.  So thank you

   3   very much, everyone.

   4              And Leo, I'll just stay on the line because we have

03:01  5   people waiting.  Okay.  Thanks.

   6

   7

   8

   9

  10

  11

  12

  13

  14

  15

  16

  17

  18

  19

  20

  21

  22

  23

  24

  25
```

```
1                    CERTIFICATE OF OFFICIAL REPORTER

2

3            I, Linda Walsh, Registered Professional Reporter

4    and Certified Realtime Reporter, in and for the United States

5    District Court for the District of Massachusetts, do hereby

6    certify that the foregoing transcript is a true and correct

7    transcript of the audio-recorded proceedings held in

8    the above-entitled matter, to the best of my skill and ability.

9            Dated this 20th day of July, 2023.

10

11

12

13                    /s/ Linda Walsh

14                    Linda Walsh, RPR, CRR

15                    Official Court Reporter

16

17

18

19

20

21

22

23

24

25
```