# EXHIBIT A

Case 1:21-cr-10256-IT    Document 107-1    Filed 07/31/23    Page 1 of 9



U.S. Department of Justice

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*     *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 5, 2021

William D. Weinreb
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
*Counsel for Defendants Kingsley R. Chin and SpineFrontier, Inc.*

Frank A. Libby, Jr.
LibbyHoopesBrooks, P.C.
399 Boylston Street
Boston, MA 02116
*Counsel for Defendant Aditya Humad*

      Re:    *United States v. Kingsley R. Chin, Aditya Humad, and SpineFrontier, Inc.*
             No. 21-cr-10256-RWZ

Dear Counsel:

      Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.      <u>Rule 16 Materials</u>

1.      <u>Statements of Defendant under Rule 16 (a)(1)(A) & (a)(1)(B)</u>

      a.      <u>Written Statements</u>

      There are no relevant written statements made by the defendants in the possession, custody, or control of the government which are known to the attorneys for the government, other than as may be contained in the documents produced in the course of the investigation or obtained through search warrants, which the government will be producing.[1]

---

[1] As the parties discussed and agreed by email on October 1, 2021, the government intends to produce a voluminous document database on or by October 29, 2021.

      b.      <u>Recorded Statements</u>

There are no relevant recorded statements of the defendants in the possession, custody, or control of the government which are known to the attorneys for the government other than the following audio recordings that the government will be producing:

- USAO-ATWATER_0000001
- USAO DP_0000001, USAO DP_0000002

These recordings are further described in para. D, *infra*.

      c.      <u>Grand Jury Testimony of the Defendant</u>

The defendants did not testify before a grand jury in relation to this case.

      d.      <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements, made by the defendants before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent which the government intends to use at trial.

2.      <u>Defendant's Prior Record under Rule 16 (a)(1)(D)</u>

Enclosed is a copy of your client's prior criminal record, if any.

3.      <u>Documents and Tangible Objects under Rule 16(a)(1)(E)</u>

All books, papers, documents, and tangible items which are within the possession, custody, or control of the government, and which are material to the preparation of the defendants' defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendants, may be inspected by contacting the undersigned Assistant U.S. Attorneys and making an appointment to view the same at a mutually convenient time or by accessing the mutually agreed upon media transfer. These materials will be produced pursuant to the protective order entered in this matter. *See United States v. Chin et al.*, No. 21-cr-10256-RWZ, Dkt. 37 (D. Mass. 2021).

In addition, the government will produce a separate hard drive or drives with data extracted from the following sources:

- One laptop belonging to John Balzer
- Three cell phones belonging to John Balzer
- One cell phone belonging to Jason Montone

4. <u>Reports of Examinations and Tests under Rule 16 (a)(1)(F)</u>

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

Search warrants were executed at the locations and on the dates in the chart below. A copy of the search warrants, applications, affidavits, and returns for each of these search warrants will be produced.

| Date of Warrant | MJ No. | Location / Person |
|---|---|---|
| April 29, 2016 | 16-MJ-6192-MPK (D.Mass) | GoDaddy.com LLC<br>14455 N. Hayden Road, Suite 219<br>Scottsdale, AZ |
| April 29, 2016 | 16-MJ-6193-MPK (D.Mass) | SG Hosting Inc. d/b/a SiteGround<br>901 N. Pitt Street, Suite 325<br>Alexandria, VA |
| August 4, 2016 | 16-MJ-6297-MPK (D.Mass) | Microsoft Corporation<br>One Microsoft Way<br>Redmond, WA |
| April 18, 2019 | 19-MJ-8091-JPO (D.Kan.) | 8645 Woodland Terrace<br>Lenexa, KS |
| April 18, 2019 | 19-MJ-8092-JPO (D.Kan.) | John Balzer |
| April 18, 2019 | 19-MJ-8093-JPO (D.Kan) | AT&T<br>11760 U.S. Wy 1, Suite 600<br>North Palm Beach, FL |

3

| May 3, 2019 | 19-MJ-1045-DLC (D.Mass) | Oath<br>701 First Ave.<br>Sunnyvale, CA |
|---|---|---|
| August 14, 2019 | 19-MJ-2330-MBB (D.Mass) | Microsoft Corporation<br>One Microsoft Way<br>Redmond, WA |

The government will disclose additional search warrants, if any, upon the court issuing an order unsealing the warrant(s).

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendants as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the Indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which a defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is set forth below.

- USAO-ATWATER_0000001: Recording of a telephone conversation between defendant Kingsley Chin and John Atwater on or about July 15, 2019.

- USAO DP_0000001: Recording of a voicemail left by Dhruv Pateder on defendant Aditya Humad's telephone on or about April 11, 2017.

- USAO DP_0000002: Recording of a telephone conversation between Dhruv Pateder and defendant Aditya Humad on or about April 11, 2017.

- USAO-MON_0000001: Recording of a conversation between Jason Montone and John Balzer on or about February 8, 2019. This conversation is transcribed at USAO-MON_0000002.

- USAO-MONTONE_0000001: Recording of a telephone conversation between Jason Montone and John Balzer on or about April 19, 2019.

The conversations on these recordings are in English.

4

E.        Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

As to the conspiracies charged in the indictment, the following is a list of the names of known unindicted coconspirators:

- John Atwater
- Scott Autrey
- John Balzer
- Kyle Black
- Jeffrey Carlson
- Amanda Dalton
- F. Paul DeGenova
- Vanessa Dudley
- Josue Gabriel
- Dan Habbyshaw
- Agha Khan
- Vivek Kushwaha
- Mark McFarland
- Jason Montone
- Michael Murray
- Peter Prinos
- Joseph Shehadi
- Roger Sung
- Jeremy Wang

F.        Identifications under Local Rule 116.1(C)(1)(f)

The defendants were not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendants.

G.        Exculpatory Evidence Under Local Rule 116.2(B)(1)

Information that you may consider to be discoverable under Local Rule 116.2(B)(1)(a) or (b) may be included in the documents, witness statements, and other evidence that the government will provide in discovery pursuant to the parties' agreement on a mutually agreeable media transfer.  In addition, enclosed with this letter is a list of all proffer agreements, immunity orders or agreements, and/or civil settlement agreements related to the government's investigation.

The government is aware of no further information or materials relating to this case of the type described in Local Rule 116.2(B)(1).

H.   Other Matters

1.   It is Department of Justice policy that the government does not name un-indicted co-conspirators and other individuals in charging documents. *See* Justice Manual, § 9-11.130 (Limitations on Naming Persons as Unindicted Coconspirators). Consistent with that policy, the Indictment includes allegations involving individuals identified as Surgeons 2-7.[2] These individuals are:

| Identifier in Indictment | Identity |
|---|---|
| Surgeon 2 | Dr. F. Paul DeGenova |
| Surgeon 3 | Dr. Michael Murray |
| Surgeon 4 | Dr. Joseph Shehadi |
| Surgeon 5 | Dr. John Atwater |
| Surgeon 6 | Dr. Vivek Kushwaha |
| Surgeon 7 | Dr. Roger Sung |

2.   The following grand jury exhibit numbers/ranges were not used: 12-19, 48-51, 191-300, 328, 338, 345-46.

3.   In April 2019 and May 2019, the government presented search warrant applications to the courts for the District of Kansas and the District of Massachusetts, respectively. *See* para. B, *supra*. Paragraph 36 of the affidavit in support of the Kansas warrants and Paragraph 39 of the affidavit in support of the Massachusetts warrant provided, in relevant part:

> "During that call, HUMAD brought up the 10% arrangement and told Dr. JM that SpineFrontier would pay Dr. JM 10% of the revenue SpineFrontier made off SpineFrontier products used in Dr. JM's surgeries, up to a preset cap of $200,000."

To the extent this paragraph reads that the preset cap of $200,000 was discussed on the call, that portion of the paragraph was inaccurate. The government does not have evidence that the cap was addressed on the call referenced in this paragraph of the affidavits. The cap was discussed via email among Humad, Chin, and Montone. *See* SF-MON-00001778.

---

[2] The Indictment identifies Surgeon 1, Dr. Jason Montone, and Distributor 1, John Balzer, by name.

6

4.  The government is aware of the following potentially privileged documents obtained in the course of the investigation to which the prosecution team does not have access:

- Documents obtained in connection with search warrants 16-MJ-6192-MPK and 16-MJ-6297 that may implicate attorney-client and/or marital privileges belonging to defendant Kingsley Chin and/or defendant SpineFrontier and its affiliates. Counsel to Dr. Chin and/or SpineFrontier may inspect these documents by contacting the undersigned Assistant U.S. Attorneys and making an appointment to view the same at a mutually convenient time, or to make other arrangements for a mutually agreeable media transfer.

- Documents obtained in connection with search warrant 19-MJ-2330-MBB which may implicate privileges of a third party or parties.

- Portions of the audio recording at USAO-MON_0000001 were removed and corresponding redactions were applied to the transcript of that conversation at USAO-MON_0000002. Those portions of the conversation implicate the attorney-client privilege of a third party.

5.  In December 2019, SpineFrontier produced documents bearing Bates numbers SF-SH-000001 to SF-SH-000553 that relate to Strong & Hanni. At the time of production, SpineFrontier asserted that the documents were privileged; the government asserted that the documents were not privileged, or if they once were, the privileged had been waived. SpineFrontier produced the documents pursuant to certain conditions as outlined in the government's December 6, 2019 correspondence to SpineFrontier's then-counsel, Ms. Peirce, and SpineFrontier's December 31, 2019 production cover letter from Mr. Tanz.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure. Although the government believes that the materials made available in this production represent the bulk of the materials to be produced, the government anticipates making additional productions on a rolling basis.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorneys if you have any questions.

                    Very truly yours,

                    NATHANIEL R. MENDELL
                    Acting United States Attorney

By:    */s/ David J. Derusha*
                    ABRAHAM R. GEORGE
                    PATRICK M. CALLAHAN
                    DAVID J. DERUSHA
                    DAVID G. LAZARUS
                    CHRIS LOONEY
                    Assistant U.S. Attorneys

[enclosures]