# EXHIBIT C



**U.S. Department of Justice**

*Rachael S. Rollins*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 14, 2023

Barry S. Pollack, Esq.
Pollack Solomon Duffy LLP
31 St. James Ave., Suite 940
Boston, MA 02116

Re: *United States v. Chin, et al.*, No. 21-cr-10256-RWZ

Dear Counsel:

Thank you for your letter dated February 28, 2023. Pursuant to L.R. 116.3, responses to your discovery requests are set forth below.

**Response to Request No. 1.** The government understands its obligations to produce exculpatory information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Osorio*, 929 F.2d 753, 762 (1st Cir. 1991), and Local Rules 116.1 and 116.2. The government has and will continue to abide by these obligations.

**Response to Request No. 2.** This request seeks disclosures beyond any legal obligation imposed upon the government under the Federal Rules of Criminal Procedure or local rules. The government, accordingly, will not make any disclosures in response to this request.

**Response to Request No. 3.** With respect to the laptop, the Government reviewed the entirety of the contents of the laptop to identify files within the scope of the search warrant. The government has produced those files to the defendants.

With respect to the two cell phones belonging to John Balzer discussed in our June 15, 2022 discovery letter, the Government has produced to you copies of the full Cellebrite extractions of those phones.

**Response to Request No. 4.** With respect to the third of the phones belonging to John Balzer, to avoid any needless litigation or disagreement, the government will search the phone and produce material that falls within the scope of the search warrant.

**Response to Request No. 5.** Dr. Montone limited the scope of his consent to search his cell phone to exclude from that consent materials subject to the attorney-client privilege—which they identified by providing to the government the phone numbers used by Dr. Montone's attorneys. Given this, the government does not believe that Dr. Montone waived privilege over

such communications.  Accordingly, the government's investigation team has not reviewed communications between Dr. Montone and his attorneys and has not provided them in discovery.

  **Response to Request No. 6.**  The government has already produced all statements of defendants that are in its possession.  The government is under no obligation to create "*Bruton*-ized" versions of these statements.  Moreover, at this time, a date for trial has not been set and so this request, which addresses evidentiary and trial-management issues—not discovery issues—is premature.

  **Response to Request No. 7.**  This request seeks disclosures beyond any legal obligation imposed upon the government under the Federal Rules of Criminal Procedure or local rules.  The government, accordingly, will not make any disclosures in response to this request.

  **Response to Request No. 8.**  This request is premature and goes beyond any discovery obligation imposed upon the government. The government will make any disclosures required by *Giglio v. United States*, 405 U.S. 150 (1972) at the time it is ordered to do so by the Court.

       Very truly yours,

       RACHAEL S. ROLLINS
       United States Attorney

    By:  */s/ Christopher Looney*
       Patrick M. Callahan
       Abraham R. George
       Christopher R. Looney
       David J. Derusha
       Assistant U.S. Attorneys