# EXHIBIT D



**U.S. Department of Justice**

***Rachael S. Rollins***
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 18, 2023

Joshua L. Solomon
Pollack Solomon Duffy LLP
31 St. James Ave., Suite 940
Boston, MA 02116

      Re: *United States v. Chin, et al.*, No. 21-cr-10256-RWZ

Dear Counsel:

      Thank you for your letter dated April 3, 2023 following up on our earlier exchange of letters.  Pursuant to L.R. 116.3, responses to your discovery requests are set forth below.

1. The government confirms that, in the course of fulfilling its *Brady* obligations, it has searched all files of all pertinent agencies regardless of whether the investigators worked on this case, the related civil case, or both.

2. Thank you for providing additional information concerning the reason for your request.  Your assertion, however, that the "government first pursued civil claims against the criminal defendants and others, before bringing any criminal charges," is at best misleading.  The U.S. Attorney's Office, consistent with its practice and in accordance with the Justice Manual, opened civil and criminal investigations into the defendants upon receiving allegations of their misconduct.  At all times, the AUSAs handling this case informed counsel for the defendants that the government's investigation was *both* civil and criminal in nature.  The Supreme Court has long "held that the government may conduct parallel civil and criminal investigations without violating the due process clause, so long as it does not act in bad faith." *United States v. Stringer*, 535 F.3d 929, 936-37 (9th Cir. 2008) (citing *United States v. Kordel*, 397 U.S. 1, 11 (1970)).  Your correspondence contains no such allegations of bad faith, nor was there any bad faith.  It remains the government's view that this request seeks disclosures beyond any legal obligation imposed upon the government and the government will not make any disclosures in response to this request.

3. The government has not taken possession of any devices (or seized data from devices) in the course of this investigation other than those previously disclosed in the government's October 5, 2021 discovery letter.

4.  As we stated in our June 15, 2022 letter, the government produced to you a zip file
    with data from one laptop belonging to John Balzer (USAO-MA-BALZER-0000053).
    That zip file includes all files from the laptop identified by the government as within
    the scope of search warrant 19-MJ-8091 (D. Kansas). The government believes that
    any records outside the scope of the search warrant are not "discoverable."

5.  With respect to the forensic reports of two cell phones belonging to John Balzer
    (USAO-MA-BALZER-0000054 to -0000198, and USAO-MA-BALZER-0000199 to
    -0011650), the extraction was not limited in any way; the entire contents of the
    phones were subjected to the extraction process and included in what was produced.

6.  With respect to the third cell phone belonging to Mr. Balzer, this device was seized
    pursuant to search warrant 19-MJ-8091 (D. Kansas). The government does not have
    the right to seize records outside the scope of the search warrant nor to produce them
    to the defendants. The government will search the phone and produce to the
    defendants those records that it identifies as within the scope of the search warrant.

7.  With respect to Dr. Montone's phone, as we stated in our March 14, 2023 letter, Dr.
    Montone excluded from the scope of his consent to search his cell phone materials
    subject to the attorney-client privilege—which he and his counsel identified by
    providing to the government the phone numbers Dr. Montone's attorneys used.
    Given this, the government's investigation team has not reviewed communications
    between Dr. Montone and his attorneys and has not provided them in discovery. The
    government disagrees with your view that Dr. Montone's assertion of privilege was
    ineffective and, specifically, disagrees with your view that *United States v. Gibson*,
    2016 WL 3248206, at *2 (D. Mass. June 10, 2016), *as amended by* 2016 WL
    3566198 (D. Mass. June 24, 2016) supports any such contention.

Very truly yours,

RACHAEL S. ROLLINS
United States Attorney

By:    */s/ Christopher Looney*
       Abraham R. George
       Patrick M. Callahan
       Christopher R. Looney
       David J. Derusha
       Assistant U.S. Attorneys

Cc:    Barry S. Pollack, Esq. (bpollack@psdfirm.com)
       William Fick, Esq. (wfick@fickmarx.com)
       Daniel Marx, Esq. (dmarx@fickmarx.com)

2