# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 1:21-cr-10256-IT |
| KINGSLEY R. CHIN,<br>ADITYA HUMAD, and<br>SPINEFRONTIER, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE TO FILING BY INTERVENOR JASON MONTONE CONCERNING DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM GOVERNMENT**

Barry S. Pollack
Joshua L. Solomon
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com
*Counsel for defendants SpineFrontier, Inc. and Kingsley Chin*

William W. Fick
Daniel N. Marx
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
dmarx@fickmarx.com
wfick@fickmarx.com
*Counsel for defendant Aditya Humad*

Defendants Kingsley R. Chin, Aditya Humad, and SpineFrontier, Inc. respectfully submit this response to "Jason's Montone's Motion to Intervene and Notice of Intention to Assert Privilege."

Just two days before the hearing on defendant's motion to compel discovery from the government, the government's cooperating witness, Jason Montone, filed his motion to intervene and notice of "intention" to assert privilege over certain of the materials at issue in defendants' motion. Despite having notice of the motion far earlier, Montone waited to make his filing until after the briefing on defendants' motion to compel was completed and, even then, did so without providing a privilege log. Defendants respectfully submit this preliminary response to make clear that Montone's filing provides no basis for depriving defendants of the relief they seek in their motion to compel.

### *Montone's Submission Provides an Inadequate Basis for Depriving Defendants of the Requested Discovery of Materials in the Government's Possession*

As set forth in defendants' motion and reply, the government physically possesses the materials at issue, and is thus obligated to review them for *Brady* and other information that is subject to discovery in this action. Montone's submission makes no effort to counter defendants' arguments regarding the implications of the government actually possessing the materials. Nor does Montone's filing address issues of his waiver and defendants' Confrontation Clause rights, which are discussed in the defendants' motion papers. Neither the government nor Montone's submission supports their blanket description of the materials as privileged. That is, despite obviously knowing the contents of the communications at issue – and despite the fact that one invoking a privilege bears the burden of demonstrating such entitlement – Montone's filing never explains why the materials he voluntarily disclosed to the government as its cooperating witness are entitled to protection as privileged.

Content to provide notice of an "intention" to invoke privilege, Montone has failed to include a privilege log with his submission, and thus has not properly supported any claim of privilege. The very case on which Montone relies for his request to intervene makes clear the effect of this failure. While the parties claiming privilege in that case were permitted to intervene, the First Circuit summarily rejected the claim of privilege. Among the First Circuit's "independently sufficient ground[s]" for doing so was that "the intervenors failed to generate a descriptive list of the documents alleged to be privileged." *In re Grand Jury Subpoena*, 274 F.3d 563, 568 (1st Cir. 2001). Applying what it referred to as "the 'specify or waive' rule," the Court found that the failure to provide a log or other clear description of the documents amounted to a waiver "fatal" to any claim of privilege. *Id.* at 576. That failure is particularly meaningful, the Court held, where the intervenor has knowledge of the specific documents:

> After all, the intervenors were not without knowledge of the communications to which the subpoena pertained; Lawyer originally had possession of them and turned them over to Smith & Jones only when Newparent decided to change counsel. Despite this knowledge, the intervenors made no effort to prepare a privilege log. That omission is fatal.

*Id.*; [1] *see also, e.g.*, *United States v. Fluitt*, No. 22-30316, 2022 WL 3098734, at *1 (5th Cir. Aug. 4, 2022) (affirming holding "that even if Appellants had standing to challenge the protocol, their failure to provide sufficient privilege logs meant that they had waived any right to assert privilege in that case"); *In re Grand Jury Proc. (Gregory P. Violette)*, 183 F.3d 71, 73 (1st Cir.

---

[1] The First Circuit cited, among other authority, to the requirement of a privilege log in the Federal Rules of *Civil* Procedure. That case, however, involved a grand jury subpoena, not civil litigation. Thus, the First Circuit was clearly not limiting its holding to discovery in civil cases, but rather was invoking the applicable federal rules by way of illustration of the important function that privilege logs play in properly invoking and preserving privilege. The Court also cited for support to caselaw imposing logging requirements beyond those found in the rules of civil procedure. *See, e.g.*, *In re Grand Jury Subpoena*, 274 F.3d at 576 (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), as "articulating the justifications for requiring privilege logs in the context of the FOIA").

1999) ("As a general matter, a party asserting a privilege has the burden of showing that the privilege applies. To do so, the proponent of the privilege must set forth facts sufficient to establish all the elements of the claimed privilege." (citation omitted)). In fact, the government itself often takes the position – successfully – that failure to assert privilege on a document-by-document basis with sufficient particularity constitutes a waiver. *See, e.g.*, *United States v. SDI Future Health, Inc.*, 464 F. Supp. 2d 1027, 1041 (D. Nev. 2006) ("[T]he Government argues that Defendants waived their attorney-client privilege as to other seized documents because they made no *specific* claim of privilege and also failed to pursue timely judicial action to enforce the privilege." (emphasis added)); *see also id.* at 1046 ("[T]he Court does not agree that a mere generalized assertion that seized records may contain attorney-client privileged materials is, in and of itself, sufficient to preserve the defendant's privilege indefinitely.").

Nor does Montone's submission otherwise address in any way such issues as whether Montone and his counsel are the only participants in the communications at issue, whether the communications were intended to be kept confidential (despite having been voluntarily disclosed to the government), whether they were in fact kept confidential, or whether the communications were in furtherance of legitimate legal advice. With respect to the latter issue, for example, the specific situation here raises at least two probable circumstances that would prevent the communications from being privileged, notwithstanding Montone's counsel's participation in them. Where a lawyer was "acting as a 'conduit'" for information – such as by passing along to Montone communications his lawyers had with prosecutors – the client cannot claim privilege over such information. *In re Grand Jury Proc.*, 616 F.3d 1172, 1183 (10th Cir. 2010); *see also, e.g.*, *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984) ("Communications from attorney to client are shielded if they rest on confidential information obtained from the

3

client. Correlatively, when an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged." (internal citations and quotation marks omitted)).

In addition, Montone has pleaded guilty to obstruction of justice, including in the form of creating false documents that he then produced to the government in response to a subpoena during its investigation, and by lying to the government during proffer sessions. *See United States v. Montone*, 20-cr-10159-WGY (D. Mass.) (Dkt. No. 1 [Information], Count Two). According to the charges in the Information to which Montone has pleaded guilty, that obstruction continued into at least December 2018. *Id.* As revealed in discovery that the government has produced, Montone was represented *during the investigation* by the very counsel whose communications he claims are privileged. That representation included the period during which Montone has admitted to obstructing justice. Indeed, his attorneys appeared with him during at least one proffer session during the time when he has admitted to lying, and presumably they were used by Montone as a conduit for his productions of falsified records to the government. Thus, Montone's burden in justifying any privilege claim included demonstrating how any such privilege could attach notwithstanding the crime-fraud exception to the attorney-client privilege, given his admitted obstruction of justice.[2] He has come nowhere close to satisfying that burden. In the event that materials are not reviewed or produced in total because of waiver and Confrontation Clause rights, at a minimum, an *in camera* inspection is required following production of a privilege log.

---

[2] The defendants do not intend to suggest any knowing involvement by Montone's counsel in his crimes, which is not necessary to the crime-fraud exception, as it is the client's intentions, not the lawyer's knowledge, that matters. *See, e.g.*, *In re Grand Jury Proc.*, 183 F.3d at 79 ("The case law dealing with the crime-fraud exception in the attorney-client context makes it transparently clear that the client's intentions control.").

4

### *The Court Should Not Accept Any further Late Submissions from Montone Related to the Motion to Compel*

Montone's combined motion to intervene and notice of "intention" to assert privilege does not make clear how or when Montone intends to make that privilege assertion. To the extent Montone contemplates any additional filing on this issue, defendants respectfully request that the Court reject any further belated filings, which threaten to delay the proceedings and the discovery of information to which defendants are entitled as they prepare a defense for trial. At the June 28, 2023 status conference, the Court set a briefing schedule on defendants' anticipated motion to compel, which was to conclude with a reply brief from the defendants to be filed by September 7, 2023. The Court set a hearing on the motion for September 13, 2023. The day *after* defendants' filed their reply brief, Montone's counsel contacted defense counsel to inform defendants of Montone's "plan to file a motion to intervene and an opposition to [defendants'] motion to compel [on] Monday [September 11, 2023]." (Exhibit A hereto.) In light of the late effort to intervene in this matter, defense counsel inquired as to when Montone's counsel learned of the request for the material at issue and of the briefing schedule that the Court had established. On September 11, 2023, Montone's counsel wrote again (without responding to the question as to when Montone's counsel learned of the dispute) to say that "[t]o avoid delay, Dr. Montone will simply provide notice to the Court of his intent to assert privilege, without briefing or argument on the underlying issues." (*Id.*)

The government, however, subsequently informed defense counsel that prosecutors had provided notice of defendants' motion "between August 13 and August 17." (Exhibit B hereto.) Thus, before the August 21 deadline for oppositions to the defendants' motion, Montone had notice of the pending motion practice with respect to the materials that he had voluntarily turned over to the government years earlier. It is unclear whether Montone had input into the August 21

5

opposition that the government filed, but the timing of the government's contact with Montone's counsel suggests that he may have, and makes clear that there was at least the opportunity for the government and its cooperating witness to work together in opposition to defendants' motion to compel. Furthermore, based on the government's representation as to when it informed Montone of the motion, Montone waited approximately one month, and until after the defendants' reply brief was due and filed, before taking action to intervene. In fact, because the defense had been seeking the discovery at issue from the government since February 2023, including through a publicly available filing, (*see* ECF No. 96), and given Montone's refusal to respond to questions about when Montone learned about the *request* for the material at issue, (*see* Ex. A), it appears fair to assume that Montone knew of the request and this dispute even before there was motion practice about it.

In light of Montone's choice not to seek to intervene earlier, and not to make any further substantive submission even at the late date on which he moved to intervene, the Court should accept no further submissions from Montone on this motion.

\* \* \*

While setting forth an "intention" to assert a privilege, with no clarity as to when and in what manner he intends to make that assertion, Montone's filing provides nothing to satisfy his burden of showing that the materials at issue are in fact privileged. As set forth in defendants' motion and reply, the government should be ordered to review the materials it received from Montone for *Brady* and other Rule 16 obligations. In the alternative, if Montone is still permitted to assert a privilege over such material, he should be ordered to make clear on a document-by-document basis the extent of his privilege claim, with prompt production of a privilege log, and with the Court conducting an *in camera* review of any material that he logs.

Respectfully submitted,

/s/ Joshua L. Solomon
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com

/s/ Daniel N. Marx
Daniel N. Marx (BBO #674523)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

7

<u>**Certificate of Service**</u>

The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on September 12, 2023.

/s/ Joshua L. Solomon