UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES,

    Plaintiff,

v.

KINGSLEY R. CHIN,
ADITYA HUMAD, and
SPINEFRONTIER, INC.,

    Defendants.

NO. 21-cr-10256-IT

ORDER ON GOVERNMENT'S MOTION TO COMPEL SPINEFRONTIER, INC.'S PRODUCTION OF DOCUMENTS (#108).

KELLEY, U.S.M.J.

I.    Introduction.

Defendants are charged by indictment with Conspiracy to Violate the Anti-Kickback Statute, 18 U.S.C. § 371; Violations of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b; and Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(h). (#1.) The government alleges that defendants made unlawful payments to surgeons in exchange for their using spinal medical products sold by SpineFrontier, Inc. ("SpineFrontier"), in surgeries paid for by federal health care programs. Dr. Chin, the principal owner of SpineFrontier, and Mr. Humad, SpineFrontier's Chief Financial Officer, are alleged to have carried out the scheme.

Here, the government moves to compel SpineFrontier to comply with an administrative subpoena requesting corporate records. (#108 at 1.) The subpoena was issued in 2019, when the government was investigating this matter, and before the indictment was returned in this case. (#108-

1 [subpoena].) The government asserts that over time, counsel for SpineFrontier "indicated repeatedly that responsive electronic documents are readily available," but never fully complied with the subpoena despite repeated requests from the government.[1] (#108 at 1.) SpineFrontier filed an opposition to the motion and the government filed a reply. (##111, 112.) The court heard argument on the motion on September 14, 2023, and took it under advisement. (#121.) For the reasons set out below, the motion is denied.

II.    Facts.

In December 2019, one year and eight months before the indictment was returned in this case, the government issued an administrative subpoena to SpineFrontier pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), asking for records concerning annual gross and net sales on certain SpineFrontier products and net sales on SpineFrontier products used by certain physicians. (#108 at 1; #108-1 at 8-9 [subpoena].) In the Motion to Compel, the government asserts that SpineFrontier produced materials including "two spreadsheets showing net sales by physician, including costs." (#108 at 1.)[2] SpineFrontier's in-house counsel told the government that the documents were "unaudited and not kept in the normal course of SpineFrontier's business." (#112 at 2.) Therefore, "[t]o avoid potential litigation regarding privilege and admissibility," in early August 2021 (before the indictment was returned in this matter on August 30, 2021) the government "requested the underlying documents upon which SpineFrontier relied to create the summary

---

[1] All three defendants have changed counsel several times since the case started; present counsel for SpineFrontier entered appearances in September 2022. (##84-87.)

[2] In its Reply, the government states that SpineFrontier produced "two summary spreadsheets" showing "net sales on specified SpineFrontier products." (#112 at 2.) To the extent this representation concerning what the government received from SpineFrontier at the outset differs from the representation in the government's motion, it is does not affect the court's decision here.

2

spreadsheets." *Id*. "SpineFrontier's then-counsel later reported that he was in possession of the materials in QuickBooks (or a similar electronic format) and would produce them." (#108 at 2.) This never happened. On January 14, 2022, after SpineFrontier was indicted, yet another attorney for SpineFrontier, responding to another government request for the underlying documents, produced 31,000 documents to the government, which were "'usage forms' for particular doctors that did not include information showing gross or net sales, and therefore failed to comply with the subpoena."[3] *Id*.

According to SpineFrontier, after receipt of this production the government did nothing for nearly eighteen months, and then sent a letter in July 2023 to SpineFrontier, which in the meantime had switched counsel again, asking for the underlying documents. (#111 at 1, 6, 8.)[4] SpineFrontier, through present counsel, refused to provide the government with further documents, and argues that it is improper for the government to attempt to enforce a HIPAA subpoena issued before a defendant

---

[3] At oral argument the government seemed to say something different: that the "usage forms" provided did show "gross sales data," but they did not show "net sales data." (#124 at 54:22-55:4.) As the court stated above in note 2, the government's apparently contradictory statements about what it received and what it was missing do not affect the court's decision here.

[4] By July 2023 present counsel had been on the case for approximately eight months; they state that they had no idea that the government wanted discovery from SpineFrontier until they received the government's letter. (#111 at 7 & n.1.) Present counsel state that they are unaware of any communications between predecessor defense counsel and the government after the January 14, 2022 production. *Id*. at 7-8. The government has provided no information concerning whether it ever contacted predecessor counsel about the alleged deficiency in the production, therefore, the court accepts as true SpineFrontier's assertion that from the time the government received the 31,000 documents in January 2022, until it sent defense counsel a letter in July 2023 requesting additional documents, the government did not complain about the sufficiency of the production. Further, defendant correctly notes that between SpineFrontier's January 2022 production and the June 28, 2023 final status conference, the parties submitted numerous written status conference reports to the court (##72, 74, 76, 81, 97, 101), none of which mentioned any outstanding discovery due to the government from defendant. (#111 at 11.)

was indicted after indictment (#111 at 2, 3-5); that the government waited too long to try to enforce the subpoena, having remained silent for eighteen months after receipt of the documents in January 2022, *id*. at 7-12; that it is not clear what the government is seeking to compel, *id.* at 12; and that since SpineFrontier does not know what the government is looking for, it cannot be said to have refused to comply with the subpoena, *id.*.

   III.   Applicable Law.

The government has subpoena power under HIPAA to gather evidence in the investigation of health care offenses, including violations of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b. *See* 18 U.S.C. § 3486(a)(1)(A) and (B); 18 U.S.C. § 24. The government may issue a HIPAA subpoena after indictment for investigative purposes; however, the law is clear that the government may not direct such a subpoena to a defendant in a criminal case. *See United States v. Kapoor,* No. 1:16-cr-10343-ADB, slip op. at 7-8 (D. Mass. Dec. 19, 2018) (ECF No. 659) (HIPAA subpoena may not be directed to a targeted individual post-indictment); *United States v. Harrington*, 761 F.2d 1482, 1485 (11th Cir. 1985) (government may issue administrative subpoenas to third parties post-indictment but not to "targeted individual[s]"); *United States v. Rakhit*, No. 1:18-cr-33, 2020 WL 5530056, at *22-24 (N.D. Ohio Sept. 15, 2020) (same). In accordance with this case law, the Department of Justice's Manual directs that after an indictment has been issued, administrative subpoenas may not be directed to a defendant. Justice Manual § 9-44.202(5) (2020).

18 U.S.C. § 3486(c) sets out the enforcement mechanism for a HIPAA subpoena: "In the case of contumacy by or refusal to obey a subpoena issued to any person, the Attorney General may invoke the aid of any court of the United States within the jurisdiction of which the investigation is carried on … to compel compliance with the subpoena."

The government correctly argues that in the usual case, the scope of judicial review when the government seeks to enforce an administrative subpoena under 18 U.S.C. § 3486(c) is "quite narrow." (#112 at 3). An administrative subpoena is enforceable if (1) Congress has granted the authority to investigate; (2) the information sought is relevant to the authorized purpose; (3) it is adequately described; and (4) proper procedures have been employed in issuing the subpoena. *U.S. Dep't of Just. v. Jonas*, 24 F.4th 718, 725-26 (1st Cir. 2022), citing *United States v. Sturm, Ruger & Co., Inc.*, 84 F.3d 1, 4 (1st Cir. 1996).

IV.     Discussion.

The government argues that the court should confine its review here to the factors set out above in *Jonas*, 24 F.4th at 725-26, and conclude that SpineFrontier must produce documents in its possession "that are squarely responsive to a validly issued, pre-indictment subpoena." (#112 at 1.) The question remains, however, whether the government may move to compel compliance with a pre-indictment subpoena after indictment. Neither the court nor either party in this matter has been able to find any case in which the government, as here, has attempted to enforce an administrative subpoena issued pre-indictment against an indicted defendant. This suggests that no government attorney has ever made such a motion because it is forbidden.

Under the Federal Rules of Criminal Procedure, criminal defendants' discovery obligations are limited. Under Rule 16(b), if a defendant requests that the government permit the defendant to inspect and copy or photograph certain items (i.e., books, papers, documents, data, photographs, tangible objects, buildings or places) under Rule 16(a)(1)(E), and the government complies, then the defendant must permit the government access to the same items, but only if the item is within the defendant's possession, custody, or control and the defendant intends to use it in the defendant's case-

in-chief at trial. Fed. R. Crim. P. 16(b)(1)(A). The government, conceding that the materials sought here do not fall under Rule 16(b), argues that it is seeking to enforce the subpoena under I8 U.S.C. § 3486(c) (#124 at 52:3-7), which provides for enforcement of an administrative subpoena in "any court of the United States within the jurisdiction of which the investigation is carried on," which, of course, this court is. The problem with the government's argument is that by filing the motion to compel here, in the criminal case against defendant, it is in effect violating the Federal Rules of Criminal Procedure, under which it is not entitled to this discovery, and it has mustered no authority for the proposition that filing an administrative subpoena pre-indictment entitles it to now override those rules. The fact that one defense attorney, post-indictment, provided the government with certain documents in response to the subpoena does not affect the court's analysis: the government certainly may ask defendant for documents, but may not force it to comply with the request.

The court finds that the prohibition against issuing administrative subpoenas to criminal defendants, both in the caselaw and as plainly stated in the Department of Justice's Manual, which is not binding on this court but sets out policies based on the law that prosecutors are expected to follow, leads to the conclusion that the subpoena here is not enforceable against SpineFrontier.[5]

V.    <u>Conclusion</u>.

For the above reasons, the court denies the government's motion to compel discovery (#108).

    /s/ M. Page Kelley
    M. PAGE KELLEY
October 19, 2023    United States Magistrate Judge

---

[5] Because the court finds that the subpoena is not enforceable, it need not address SpineFrontier's other arguments, including that it does not know what the government is looking for and it has not refused to comply with the subpoena.