**EXHIBIT I**



U.S. Department of Justice

**Joshua S. Levy**
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*  *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 24, 2024

By Email (leonardo_vieira@mad.uscourts.gov)

The Honorable M. Page Kelley
c/o Leonardo Vieira, Courtroom Clerk
United States Magistrate Judge
John Joseph Moakley Courthouse
One Courthouse Way
Boston, MA 02210

Re:   *United States v. Chin, et al.*, No. 21-cr-10256-IT

Dear Magistrate Judge Kelley

I write to advise the Court of the Government's late production of a document relevant to the September 13, 2023 hearing on the Defendants' motion to compel attorney-client communications between Dr. Jason Montone and his criminal defense attorneys that existed on Dr. Montone's phone.  See Dkt. 107.

Before the Defendants filed their motion to compel, the Government had turned over all text messages on Dr. Montone's phone with the exception of 55 attorney-client communications. The Government's position, which the Court rejected in its October 13, 2023 Order, was that it was not in possession of those 55 attorney-client text messages because Dr. Montone and his attorneys had carved out those messages when they provided a limited consent through a February 1, 2019 email.  See Dkt. 110-1 (Montone Attorneys: "For purposes of protecting any attorney-client privileged text messages or emails on his cell phone, please note the following phone numbers and email addresses [Montone's attorneys' phone / email addresses].")

After the Court's October 13, 2023 ruling on Defendant's motion to compel (Dkt. No. 126), the undersigned learned that the Government had not produced a February 8, 2019 consent form that Dr. Montone signed when he turned over his phone to a North Kansas City, Missouri HHS-OIG office. Dr. Montone signed this form after his attorneys had written to the Government on February 1, 2019 to explicitly carve out his consent to the one-on-one attorney-client communications between him and his attorneys. *See* Dkt. 110-1.  The Government produced this February 8, 2019 consent form to defense counsel on December 4, 2023 and

specifically called out that production in its cover letter. See Exhibit A (12/4/23 Cover letter and 2/8/19 Consent Form). Defense counsel believed that the Government's late production of the 2/8/19 Consent Form prevented the Court from having a complete picture of the issue during the September 13, 2023 hearing on the Defendants' motion to compel. Defense counsel asked the Government to apprise the Court of this late production. The undersigned agreed to do so.

To be clear, the Government should have ensured that the February 8, 2019 form was produced before the September 13, 2023 hearing. The Government regrets the oversight. The Government maintains, however, that the Court's orders dated October 13, 2023 (Dkt. No. 126) and October 18, 2023 (Dkt. No. 128) resolve all issues regarding the attorney-client communications on Dr. Montone's phone.

After the Government obtained Dr. Montone's phone in 2019, the government used a filter-team to segregate out the one-on-one attorney-client communications between Dr. Montone and his lawyers—a total of 55 text messages—and produced the remaining messages. Following the September 13, 2023 hearing on Defendant's motion to compel, Dr. Montone narrowed his assertion of the privilege and released 41 of the 55 text messages to the Defendants. He promptly submitted the remaining 14 text messages to this Court for *in camera* review and, on October 18, 2023, this Court determined that the messages were protected by the attorney-client privilege and were not material to the defense. Dkt. 128 ("[T]he court has reviewed the 14 very brief text message chains between Mr. Montone and his attorney, Brian Bewley, as listed on the privilege log provided by Mr. Montone to the court ex parte. The text messages are protected by the attorney-client privilege, and the court has considered whether they could be material to the defense at all and finds that they are not."). Accordingly, all discoverable messages from Dr. Montone's phone have been provided to Defendants. Nevertheless, the Government should have ensured that the Defendants and the Court had the February 8, 2019 consent form prior to the September 13, 2023 hearing.

To the extent the Court has additional questions for the Government, the undersigned is available to address them.

          JOSHUA S. LEVY
          Acting United States Attorney

By:   /s/ Patrick M. Callahan
       Patrick M. Callahan
       Abraham R. George
       Christopher R. Looney

Cc:   William Fick, Esq. (wfick@fickmarx.com)
      Daniel Marx, Esq. (dmarx@fickmarx.com)
      Joshua Solomon, Esq. (jsolomon@pdsfirm.com)
      Barry Pollack, Esq. (bpollack@pdsfirm.com)



**U.S. Department of Justice**
*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*     *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 4, 2023

William W. Fick
Fick & Marx LLP
24 Federal Street, Fourth Floor
Boston, MA 02110
*Counsel for Aditya Humad*

Barry S. Pollack, Esq.
Joshua L. Solomon, Esq.
Pollack Solomon Duffy LLP
31 St. James Ave., Suite 940
Boston, MA 02116
*Counsel for Defendants Kingsley R. Chin and SpineFrontier, Inc.*

**VIA EMAIL AND USAfx**

Re:   *United States v. Kingsley R. Chin, Aditya Humad, and SpineFrontier, Inc.*
      No. 21-cr-10256-RWZ

Dear Counsel:

In connection with the above-referenced case, we write to provide supplemental discovery. An index of the discovery material is enclosed with this letter. Access to the server has been given to your designees. The files will be available for download for 60 days.

We are providing load-ready copies of the communications from Dr. Montone initially produced as PDF files on October 19th (USAO-MA-MONTONE-0000003 to USAO-MA-MONTONE-0000059). The following files are also included.

| Description | Bates Number |
| --- | --- |
| HHS OIG Consent to Search Electronic Device Form – Jason Montone | USAO_004244 |
| Report of Conversation with Lisa Austin (Dr. Carlson patient) | USAO-Austin-0000001 – USAO-Austin-0000004 |
| Report of Conversation with Kenneth Englander (Dr. Carlson patient) | USAO-Englander-0000001 – USAO-Englander-0000008 |

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under the Local Rules and Rule 16 of the Federal Rules of Criminal Procedure.

Should you have any questions, please do not hesitate to contact us.

                Very truly yours,

                JOSHUA S. LEVY
                Acting United States Attorney

By:   */s/ Patrick M. Callahan*
       ABRAHAM R. GEORGE
       PATRICK M. CALLAHAN
       CHRIS LOONEY
       Assistant U.S. Attorneys

Enclosure:  December 4, 2023 Discovery Index

 

# Department of Health and Human Services
# OFFICE OF INSPECTOR GENERAL
# OFFICE OF INVESTIGATIONS

## CONSENT TO SEARCH ELECTRONIC EVIDENCE

I, Jason Montone, hereby authorize Special Agent Ivan Jato, of the U.S. Department of Health and Human Services, Office of Inspector General, Office of Investigations, and any other person(s), which may include a computer forensic examiner, he/she may designate to assist him/her, to remove, take possession of and/or conduct a complete search of the following: personal cell phone.

The aforementioned equipment will be subject to data duplication/imaging and a forensic analysis for any data pertinent to the incident/criminal investigation.

I give this consent to search freely and voluntarily without fear, threat, coercion, or promises of any kind and with full knowledge of my constitutional right to refuse to give my consent for the removal and/or search of the aforementioned equipment/data, which I hereby waive. I am also aware that if I wish to exercise this right of refusal at any time during the seizure and/or search of the equipment/data, it will be respected.

Location items taken from:

iPhone 7

Signature: _[signed]_

Date: 2/8/19

Witness Signature and Date: _[signed]_ 2/8/19

Witness Signature and Date: _[signed]_ 2/8/19

This document, including any attachments and information contained therein, is the property of HHS OIG and is for OFFICIAL USE ONLY. The original and any copies of the report must be appropriately controlled and maintained. Disclosure to unauthorized persons without prior written approval of the Deputy InspectorGeneral for Investigations or his/her designee is strictly prohibited and may subject the disclosing party to liability. Unauthorized persons may include, but are not limited to, individuals referenced in the report, contractors, and individuals outside the HHS. Public disclosure is determined by the Freedom of Information Act (Title 5, U.S.C., Section 552) and the Privacy Act (Title 5, U.S.C., Section 552a).