**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN,<br>ADITYA HUMAD, and<br>SPINEFRONTIER, INC.,<br><br>            Defendants. | Criminal No. 1:21-10256-IT |

**EXHIBIT B**

**to**

**GOVERNMENT'S MOTION FOR A FINDING OF WAIVER OF THE ATTORNEY –
CLIENT PRIVILEGE OR, IN THE ALTERNATIVE, TO SET A DEADLINE
FOR DEFENDANTS TO ADVISE THE COURT WHETHER THEY WILL
<u>RELY ON ADVICE-OF-COUNSEL OR INVOLVEMENT-OF-COUNSEL</u>**

| | |
|---|---|
| **From:** | Aditya Humad |
| **To:** | 'Vanessa J. Dudley' |
| **CC:** | 'Kingsley R. Chin'; 'Paul Speidel'; 'Michael Amaru'; 'Aditya Humad' |
| **Sent:** | 10/8/2013 4:42:01 PM |
| **Subject:** | IME Documents/Tracker/Process for Vanessa |
| **Importance:** | High |
| **Attachments:** | Final IME Agreement with Opinion and Forms (v12).pdf; IME Consultant Tracker for SF.xlsx; IME Invitation Letter_ver7.docx; IME SF Product Evaluation Form A_V11a01.pdf; SF_IME Authorization Letter v7.docx; SF_IME Authorization Letter v7.pdf |

Vanessa

I have all documents setup to transition this to you for IME now to reach out to or follow-up with surgeons to get them signed up.

Attached is a tracker in excel that shows surgeons that we have sent a package to (you can include their email addresses from all the emails that you have been copied on). You should track how many of the surgeons that received packages have actually signed up and sent their contracts back to you so they are officially on as IME consultants. Eventually should have a listserv to email them as a group for any important communications such as Consultants@call-ime.com

Should follow-up with them if they have not sent a signed contract yet, so they get an email directly from IME as follow-up.

Package typically includes the following in PDF format:

1. SF Authorization Letter to IME (Word/PDF attached)
2. IME invitation Letter (Word attached to change surgeon name and convert to PDF as needed)
3. IME legal opinion letter, IME agreement, Blank Exhibit A/B, along with sample Exhibit A completed for SF as client (I have combined all these as one PDF for convenience, that can be merged into one PDF including #2 above for each surgeon)
4. Exhibit A specific to SpineFrontier required by consultants to submit each month, for reference if you need it or get questions

Once consultants are signed up, they should submit completed Exhibit A for SF to you each month. Jay is developing an online hours tracker for the surgeons which makes it easier for them to complete this form at month-end. Once live, this should be sent to all IME consultants as reminder to sign contracts and as an update to go online, create a profile and track their hours. IME can send these to Client (SF/Myself) for review/approval which triggers SF to pay IME for approved services. IME can then pay its Consultants net of the admin fee.

I am available for questions and will be involved initially but wanted to start getting you involved now so you can take over the administration at IME.

Thanks,
Aditya


**Aditya Humad**
Chief Financial Officer
VP of Business Development



**SpineFrontier, Inc.**

SIK-00000766

500 Cummings Center, Suite 3500
Beverly, MA 01915, U.S.A.
www.spinefrontier.com



This e-mail message and any attachments are confidential and may be privileged and proprietary. If you are not the intended recipient please notify SpineFrontier, Inc., immediately -- by replying to this message or by destroying all copies of this message and any attachments.  The sender of this e-mail does not accept liability for any loss or damage arising in any way from the receipt or the use of this e-mail.  Thank you.

SIK-00000767



| | | | |
|---|---|---|---|
| **STRONG & HANNI** | GLENN C. HANNI, P.C. | MICHAEL L. FORD ¹ ⁴ | ANDREW B. McDANIEL |
| LAW FIRM | HENRY E. HEATH | GRADEN P. JACKSON ² | SADÉ A. TURNER ⁴ |
| | PHILIP R. FISHLER | H. SCOTT JACOBSON | CASEY W. JONES |
| | ROGER H. BULLOCK | MICHAEL J. MILLER ⁶ | RYAN C. BULLOCK |
| | R. SCOTT WILLIAMS | ANDREW D. WRIGHT | JESSE A. FREDERICK II |
| A PROFESSIONAL CORPORATION | PAUL M. BELNAP | BYRON C. MARTIN ⁶ | R. ROMAN GROESBECK |
| | STUART H. SCHULTZ | BENJAMIN P. THOMAS | DAVID E. BROWN |
| SALT LAKE CITY OFFICE | BRIAN C. JOHNSON ¹ | SUZETTE H. GOUCHER | S. SPENCER BROWN |
| 3 TRIAD CENTER, SUITE 500 | PAUL W. HESS | LANCE H. LOCKE | KATHRYN T. SMITH |
| SALT LAKE CITY, UT 84180 | STEPHEN J. TRAYNER | A. JOSEPH SANO | K. MARIE KULBETH |
| | STANFORD P. FITTS ⁷ | JAMES C. THOMPSON | BROOKE JOHNSON |
| | BRADLEY W. BOWEN | PETER J. BAXTER | ANDREW D. DAY |
| T  : (801) 532-7080 | PETER H. CHRISTENSEN¹⁷ | LORI A. JACKSON | ANDREW R. WELCH |
| F  : (801) 596-1508 | ROBERT L. JANICKI ⁴ | WILLIAM B. INGRAM | NICHOLAS E. DUDOICH |
| | H. BURT RINGWOOD | RYAN P. ATKINSON ⁷ | GREGORY N. GUNN |
| WWW.STRONGANDHANNI.COM | CATHERINE M. LARSON | JENNIFER R. CARRIZAL | |
| | KRISTIN A. VANORMAN | JEREMY G. KNIGHT ⁴ | |
| | PETER H. BARLOW ⁴ | JEFFERY J. OWENS | |

1 ALSO MEMBER CALIFORNIA BAR
2 ALSO MEMBER COLORADO BAR
3 ALSO MEMBER DISTRICT OF COLUMBIA BAR
4 ALSO MEMBER IDAHO BAR
5 ALSO MEMBER OREGON BAR
6 ALSO MEMBER WASHINGTON BAR
7 ALSO MEMBER WYOMING BAR

ESTABLISHED 1888
------
GORDON R. STRONG
(1909–1969)

*Member*
**USLAW**
NETWORK, INC.

September 26, 2013

To Whom it May Concern:

At the request of Impartial Medical Experts, L.L.C. a Delaware limited liability company ("IME"), we examined its proposed Consulting Agreement attached as Exhibit A (the "Agreement"). Based upon such examination of law as we deemed necessary and subject to the assumptions and qualifications set forth below, we are of the view that the Agreement, as drafted (a) complies with 42 U.S.C. 1395nn(a)(1) (i.e., the Stark Law), 42 U.S.C. 1320a-7b(b) (i.e., the Anti-Kickback Statute), and 42 C.F.R. Parts 402 and 403 (i.e., the Physician Payments Sunshine Act); and (b) meets the requirements set forth under 42 C.F.R. Part 1001.952(d), and 42 U.S.C. 1395nn(e)(3).

In this review, we have acted as counsel only for IME; each consultant is advised to seek independent counsel in evaluating the Agreement and its compliance with applicable laws and regulations. Our views expressed are premised upon the following assumptions:

(i)     All documents examined are complete, authentic, accurate and the provisions/formation of the proposed Agreement are in accordance with applicable state and federal law; and

(ii)    The compensation to be paid pursuant to Sections 2, 2.1, 2.1.1 and 2.1.2 of the Agreement will be for bona fide services by the Consultant consistent with fair market value, in arms'-length transactions; and

(iii)   The parties will perform and implement the Agreement as it is drafted, and the compensation agreed upon and actually paid to the Consultant by IME will not be determined in a manner that takes into account the volume or value of any referrals or business.

We express no opinion with respect to the validity or effect of any revision to the proposed Agreement, or any subsequent Consulting Agreement. This letter is intended only for IME and is limited to the attached Agreement. This letter must not be copied or shared with, and may not be relied upon by, any other person without the prior written consent of the undersigned.

Very truly yours,

STRONG & HANNI

Peter J. Baxter

SIK-00000768

# Exhibit A

SIK-00000769

**IME** IMPARTIAL
Medical
EXPERTS

3296 N. Federal Highway
#11631
Fort Lauderdale, FL 33339

PHONE:  1-855-411-6IME
EMAIL:  info@call-ime.com
www.ImpartialMedicalExperts.com

## CONSULTING AGREEMENT

This Consulting Agreement (the "Agreement"), dated this ___ day of _____, 2013 (the "Effective Date"), is entered into by Impartial Medical Experts, LLC. ("IME") and _____ ("Consultant"). Consultant and IME may be referred to collectively as the "Parties."

In consideration of the mutual promises and covenants to be set forth, the parties agree as follows:

**1.     Nature of Service.** IME manages a referral service providing product consulting and expert witness assignments to certain technology companies, law firms, insurance companies, and other interested parties ("Clients"). IME has undertaken significant effort and incurred significant expense to refer one or more consulting opportunities to the Consultant. The Consultant has been contacted by IME because a Client may be interested in retaining Consultant's services in order to provide services for certain Project(s). The Consultant is willing to provide consulting and/or expert witness services for the Client with respect to a Project on the terms and conditions provided in this Agreement.  Consultant may recommend new Clients for participation in this IME referral service, subject to terms and separate agreement approved by IME.

**2.     Compensation**. If requested by the Client, the Consultant agrees to participate in a brief initial telephone interview with the Client at no charge. If the Client wishes to forego an initial telephone interview, then Project materials will be sent to the Consultant directly without advance discussion. This latter alternative would only occur once the Consultant had agreed to accept the Project by signing this agreement with IME. Neither IME nor client will be responsible for payment of any pre-retention expenses and/or time. Only time and expenses disclosed and approved shall be payable in accordance with sections 2.2 and 2.3, below.

You and IME acknowledge and agree that the compensation set forth in this Agreement is intended to represent fair market value for the Services to be rendered hereunder, and that such compensation has not been determined in a manner which takes into account the volume or value of any referrals or business otherwise generated between IME and you. Further, IME shall not obligate you to purchase, use, recommend or arrange for the use of IME or Client products or those of any organization affiliated with IME or Client.

For those litigation-related Projects with a signed Letter of Protection (LOP), the retainer is waived and payment will be according to the terms outlined in the Letter. There shall be no adjustment to the compensation paid to you pursuant to this Agreement due to the presence or absence of any such recommendation or referral by you.

**2.1.   Hourly Rate**. If the Client agrees to retain the Services of Consultant (which the Client may do only through IME), IME shall pay the Consultant in accordance with the terms of this Agreement, at the billing rates specified below, for the Services requested by the Client or the Client's counsel and performed by Consultant. The hourly rate(s) of Consultant (the "Consultant's Rate") is:

### 2.1.1 Medical Product and System Services ($250-500 per hour)

| |
|---|
| Medical Product/System Evaluation provide real-time evaluations of medical products or systems by electronic correspondence, telephone conversations or in-person meetings as well as in the attached Product/System Services Form (Exhibit A) |
| Cervical Spinal Product/Construct Evaluation |
| Lumbar Spinal Product/Construct Evaluation |
| Discussions with Client Regarding Industry Trends |
| Assist in Training with Respect to Client Products and/or Systems |
| Assist with Research or Papers Related to Client Products and/or Systems |

www.ImpartialMedicalExpert.com

It is expected that a cervical spinal product/construct evaluation is conducted within approximately 30 – 60 minutes, and a lumbar spinal product/construct evaluation is conducted within approximately 1 – 2 hours. This will not include surgical time spent utilizing and/or implanting spinal products.

You agree to document and submit any time related to product/construct evaluation, training, research or discussions on a monthly basis through a Product/System Services Form provided by IME ("Forms"). The attached Exhibit A is the IME recommended format of a Product/System Services Form, however a Client may change this format to match Client requirements.  All Product/System Services Forms provided by IME and completed by the Consultant will be submitted directly to IME.

**2.1.2 Law Firm, Insurance Company, and Other Interested Party (Litigation-Related) Services:**

| | |
|---|---|
| Initial Brief Telephone Consultation with Client | Complimentary |
| Preliminary Litigation-Related Project Review and Oral Opinion | $250-$2000 Flat Fee |
| Research, Reports, Pretrial Preparation | $200-$500 per hour |
| Deposition Appearance | $200-$500 per hour |
| Courtroom Appearance | $1000-$5000 Per Day Flat Fee |
| Independent Medical Evaluation | $250-500 Flat Fee |

For court appearance per day, plus additional fees for travel time and direct expenses billed at cost. A range of payment is provided to account for the specific type of Medical Expert used. The flat-fee for initial litigation-related Project review and discussion is intended to provide a minimum four (4) hour payment to Consultant even in the event that Consultant's time devoted to the litigation-related Project is brief. The flat-fee is based upon an initial litigation-related Project review and discussion taking approximately four (4) hours or less. IME is aware that most litigation-related Projects can be reviewed within this window of time and encourages Consultant to perform the initial litigation-related Project review and oral discussion with Client within the allotted four-hour window. In the event that Consultant receives extensive documents or believes that the initial litigation-related Project review and discussion will take longer than four hours, the Consultant must notify IME in advance of the review such that IME will be able to contact Client in order to secure both authorization and payment for such additional service. Such notification must take place via the invoicing process described in 2.2.(b), below. Furthermore, if Consultant finds a Plaintiff Project to be meritorious, many jurisdictions require an Affidavit of Merit (i.e. a notarized document stating that an expert has found a breach of the standard of care that was causative of harm to the plaintiff). If such an affidavit is required, it will be prepared by the Client and signed by the Consultant at no additional charge. If Consultant is required to independently prepare such an affidavit, then standard hourly rates would apply.

A list of Clients that the Consultant has been retained through IME to provide Services under this Agreement will be compiled, periodically updated, and disseminated by IME for acknowledgement by the Consultant, see the sample Consultant's IME Client List attached as Exhibit B.

**2.2.    Invoicing Process**.

(a)    IME shall manage the billing, invoicing, and collection process for Project(s). Therefore, at all other times during the term of this Agreement, Consultant agrees to conduct all discussions concerning billing, rates, and invoicing only with IME and not directly with the Client.

(b)    Consultant shall submit Forms or invoices to IME within five (5) days of the end of each month in which Consultant has provided Services to the Client. The invoice must include the time expended and expenses incurred by Consultant during that month. CONSULTANT SHALL NOT SUBMIT FORMS OR INVOICES DIRECTLY TO CLIENT.



3296 N. Federal Highway    PHONE:  1-855-411-6IME
#11631                      EMAIL:   info@call-ime.com
Fort Lauderdale, FL 33339   www.ImpartialMedicalExperts.com

SIK-00000771

Each invoice shall include an itemization of the activities performed, the amount of time spent (rounded to the nearest 30 minute increment) on each activity, and the date on which such activity was performed. For Medical Product/System Services, each Form should be completed and signed for the month in which Services were provided with the amount of time spent on each activity. Consultant shall submit invoices or Forms directly to IME via electronic mail, or fax. Consultant shall maintain receipts for all expenses incurred in performing the Services and produce such receipts to IME upon request. Upon receipt of each invoice from Consultant, IME shall review the invoice for conformity to the requirements of this Section 2.2. If there are any issues with Consultant's invoice, IME shall provide Consultant with notice describing the issue in reasonable detail and Consultant shall promptly resubmit a corrected invoice. Once IME has received a conforming invoice from Consultant, IME will submit an invoice to the Client, which will include Consultant's fees and expenses. Consultant's fees will be paid by IME, net of a 5% processing fee for IME administrative costs as well as the time expended and expenses incurred in the presentation of consulting opportunities to Consultant.

**2.3.    Responsibility for Payment; Collections**.
The Client, and not IME, is solely responsible for the payment of all invoices issued by IME with respect to a Project. Upon receipt of payment from the Client, IME shall issue payment to Consultant. IME agrees to issue payment to Consultant for invoiced Services not later than fourteen (14) days after receiving payment from the Client. Consultant acknowledges that IME shall not be required to pay Consultant for rendered Services if IME does not receive payment from the Client. IME shall use commercially reasonable efforts to collect payment from Client in a timely manner. However, if IME is unable to collect payment from the Client, Consultant shall have no recourse against IME. If it becomes necessary to engage the services of a collection service or law firm to collect payment from Client, then IME shall make the arrangements. IME and Consultant shall be responsible for any collection fees on a pro rata basis (based on the amount due Consultant and IME respectively), though in no circumstance would either party be responsible for any fee in excess of the amount due and payable by the Client.

**2.4.    Rate Disclosure**.
In the event that Consultant is asked to disclose his/her billing rate or the fees he/she is receiving for Services at deposition, in an expert report, or in any other context, he/she may disclose the Consultant's Rate.

**2.5.    Estimates**.
Since it is extremely difficult to estimate with any degree of accuracy the total cost of any engagement, Consultant agrees not to provide an estimate to the Client for any engagement. In the event the Client requests an estimate, Consultant shall discuss the scope of work and proposed estimate with IME, and IME shall then present an estimate to the Client.

**2.6.    Payment Terms**.
IME's payment terms with Client provides for timely payment within thirty (30) days of receipt of invoice. However, Consultant acknowledges that payment processing by Client for engagements such as this Project can sometimes involve multiple layers of review by various parties and that it is not uncommon for payment to be received by IME from a client within 45-60 days of the invoice date. Regardless of when payment is received by IME, payment to Consultant shall be made in accordance with the terms of Section 2.3.

**3.    Confidentiality.**
The Consultant and IME agree that the matters set forth in this Agreement are strictly confidential.   The Consultant and IME agree to make all reasonable efforts to ensure that information herein and related hereto is not disclosed to any third persons or entities without the prior written consent of by Consultant and IME provided, however, that the information herein and related hereto may be disclosed by Consultant and IME to their  respective accountants, auditors, consultants and/or attorneys, the Client and may also be disclosed in connection with any arbitration or litigation or to governmental agencies as required by law.  This Section shall survive any expiration or termination of this Agreement.



3296 N. Federal Highway    PHONE:  1-855-411-6IME
#11631                      EMAIL:  Info@call-ime.com
Fort Lauderdale, FL 33339   www.ImpartialMedicalExperts.com

SIK-00000772

**4.    Term and Termination.**

This Agreement shall become effective on the Effective Date and shall remain in effect until such time as IME or Client notifies Consultant that Consultant's Services are no longer required by the Client. Consultant acknowledges that there is no minimum number of hours guaranteed to Consultant with respect to a Project, and that the Client's retention of Consultant could terminate at any time. Consultant may not withdraw from the provision of Services hereunder prior to the termination of this Agreement, unless Consultant provides IME and the Client with sixty (60) days' prior written notice of its intent to withdraw and such withdrawal does not adversely affect the Client's Project. Upon termination or expiration of this Agreement, Consultant shall cease any work it is then performing on the Project and, within five (5) days after the effective date of such termination or expiration, submit a final bill to IME, if necessary, in accordance with the terms of Section 2.3.

**5.    Work Products.**

(a) You agree that all inventions, discoveries, designs, developments, prototypes, techniques, processes, improvements, modifications, ideas, trade secrets, know-how, work product, drawings, data, software, source code, object code, marketing plans, financial information, business plans, documentation, confidential information, trademarks, copyrights, materials, and all other proprietary rights and intellectual property rights ("**Intellectual Property**") evaluated by you in connection with your performance of the Services under this Agreement, whether or not protectable under patent, trademark or copyright (collectively, "**Work Products**") are the sole and exclusive property of Client.  You hereby acknowledge Client's rights, title and interest in the Work Products and related intellectual property rights in the United States and elsewhere.

(b) You will promptly evaluate all Work Products and will maintain adequate and current written records with respect thereto. Based on your product/system evaluation of the Client's materials, you agree no Intellectual Property will be generated by you in completing Services under this Agreement.

(c) You agree that any copyrightable works prepared by you in connection with your performance of the Services are "works made for hire" under Federal copyright law and that Client will be considered the author and owner of such copyrightable works.

(d) You will include the following copyright notice on all Work Products as applicable:

© _____ [Client name and year of first publication]

**6.    Communication with Clients.**

**6.1.    Pre-Retention Communications.**

Unless and until Consultant has been formally retained by the Client through IME, Consultant may not contact the Client directly.

**6.2.    Agreements between the Client and Consultant.**

In the event the Client enters into its own agreement directly with Consultant, IME shall have the right to review and approve the terms of such agreement and any such agreement may address any topic that pertains to the Project except those related to billing and payment as set forth in Section 2 hereof.  In the event of a conflict between this Agreement and any agreement between the Client and Consultant, Consultant acknowledges and agrees that the terms of this Agreement shall govern.

**6.3    Restricted Period.**

If, during the term of this Agreement or the 36-month period following the expiration or termination hereof (the "Restricted Period"), the Client wishes to retain Consultant's services for a Project other than the Project (using either the same attorneys as this Project or using attorneys who became aware of Consultant because they were referred by the same attorneys in this Project), such new Project shall be governed by the terms of this Agreement. Thus, if Consultant is approached by the Client to perform services with respect to a new Project, Consultant shall refer the matter to IME, which will make arrangements with the Client. Furthermore, if, during the Restricted Period, Consultant wishes to refer another consultant to the Client, Consultant shall refer the matter to IME, which will make arrangements with the Client.

**7.    Qualification.**

IME has conducted a preliminary review of Consultant's credentials based on materials provided by Consultant. Notwithstanding the foregoing, it is the joint responsibility of Consultant and the Client, not IME, to



4

3296 N. Federal Highway          PHONE:  1-855-411-6IME
#11631                                      EMAIL:  Info@call-ime.com
Fort Lauderdale, FL 33339      www.ImpartialMedicalExperts.com

SIK-00000773

ensure that Consultant is qualified, credible in all respects, available for all of the Client's needs, and execution of this Agreement and performance of Services hereunder will not conflict with, or result in a default under, or in violation of any agreement or obligation to which Consultant is a party or by which Consultant is bound. If any conflict exists, list below as Exclusion to Services to be provided by Consultant:

| Exclusion to Services | Consultant Acknowledgement |
|---|---|
| | Signature & Date: |
| | Signature & Date: |

IME will not control or be responsible for the Consultant's Services, have access to any work-product produced for the Client by Consultant, or exert influence over the exercise of professional judgment by Consultant. Therefore, Consultant agrees to indemnify and hold IME harmless from and against any and all liabilities, losses, costs, damages, penalties, and expenses (including reasonable attorneys' fees and court costs) associated with or arising from Consultant's acts, omissions, or statements in performing the Services, including Consultant's conclusions, representations, opinions, and testimony, withdrawal, and/or the payment or non-payment of Consultant's income taxes.

8.    **Limitation of Liability**.
    EXCEPT WITH RESPECT TO CONSULTANT'S OBLIGATIONS UNDER SECTION 5, IN NO EVENT SHALL EITHER OF THE PARTIES BE LIABLE TO THE OTHER FOR THE PAYMENT OF ANY CONSEQUENTIAL, INCIDENTAL, INDIRECT, SPECIAL, PUNITIVE, OR EXEMPLARY DAMAGES IN RESPECT OF ANY CLAIM ARISING UNDER THIS AGREEMENT, REGARDLESS OF THE FORM OF ACTION, WHETHER IN CONTRACT, TORT, OR OTHERWISE, AND EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. IN ADDITION, EXCEPT WITH RESPECT TO CONSULTANT'S OBLIGATIONS UNDER SECTION 5, EACH PARTY'S AGGREGATE LIABILITY TO THE OTHER FOR ANY DAMAGES ARISING IN CONNECTION WITH ITS PERFORMANCE, NONPERFORMANCE, OR DELAY IN PERFORMING ITS OBLIGATIONS UNDER THIS AGREEMENT, OR IF ANY REMEDY IS FOUND TO FAIL OF ITS ESSENTIAL PURPOSE, SHALL NOT EXCEED THE AMOUNT OF FEES RECEIVED BY CONSULTANT HEREUNDER.

9.    **Representations and Warranties**.
    Consultant represents, warrants, agrees, and certifies that:
(a) the information shown on the Consultant's statement of expertise or CV is true and accurate to the best of Consultant's knowledge and there are no misrepresentations or material inaccuracies in any information contained therein or otherwise provided to IME;
(b) Consultant further represents that s/he has not had a license suspended or revoked, been reprimanded or censured by a licensing authority, or been convicted of a felony that has not been disclosed to IME. Disclosure will not necessarily disqualify Consultant from providing Services to Client;
(c) Consultant does not currently, and during the Term will not, engage, as an owner, director, employee, consultant or otherwise, in any business or other activity that could reasonably be expected to bias, conflict, or otherwise adversely affect or impact your ability to perform Services in an accurate, unbiased, impartial and complete manner and in accordance with generally accepted professional standards;
(d) your execution of this Agreement and performance of Services hereunder will not conflict with, or result in a default under, or violation of any agreement or obligation to which you are a party or by which you are bound including, without limitation any regulation or code of conduct of your employer; and
(e) you shall not include information that violates privacy rules contained within the Health Insurance Portability and Accountability Act (HIPAA).

10.    **Assignment**.



5

3296 N. Federal Highway    PHONE: 1-855-411-6IME
#11631    EMAIL: info@call-ime.com
Fort Lauderdale, FL 33339    www.ImpartialMedicalExperts.com

This Agreement shall inure to the benefit of and be binding upon each of the parties hereto, and their successors and permitted assigns. The Consultant will personally perform all of the Services and will not hire or subcontract any other person or entity to perform any of the Services. Consultant may not assign, delegate, or otherwise transfer all or any part of its rights or obligations under this Agreement. Any attempted assignment, delegation or transfer in violation of this Section will be null and void and of no effect.

**11.    Independent Contractors**.
The parties are and intend to be independent contractors with respect to the Services contemplated hereunder. Consultant shall not act as an agent of IME and shall not be entitled to enter into any agreements or incur any obligations on behalf of IME. No form of joint employer, joint venture, partnership, or similar relationship between the parties is intended or hereby created.

**12.    Governing Law**.
This Agreement shall be interpreted, construed, and governed by Florida law. Consultant agrees to the exclusive jurisdiction and venue of any state or federal court located in the State of Florida.

**13.    Entire Understanding; Amendments**.
This Agreement constitutes the entire understanding of the parties with respect to its subject matter, and supersedes all prior or contemporaneous written and oral agreements with respect to its subject matter. Except as provided expressly herein, this Agreement shall not be modified, amended, or in any way altered unless a written addendum has been signed by both of the parties.

**14.    Enforceability**.
If any part of this Agreement shall be adjudged by a court of competent jurisdiction to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not be affected and shall be enforced to the maximum extent permitted by applicable law.

**IN WITNESS WHEREOF**, on the date signified above:

CONSULTANT:

Sign Name: _____

Print Name: _____

Mobile Phone: _____

Email: _____

IMPARTIAL MEDICAL EXPERTs, LLC:

Sign Name: _____

Print Name: _____

Impartial Medical Experts, LLC.
Email: info@call-IME.com



6

3298 N. Federal Highway    PHONE:  1-855-411-6IME
#11631                      EMAIL:  info@call-ime.com
Fort Lauderdale, FL 33339   www.ImpartialMedicalExperts.com

SIK-00000775



## SPINE TECHNOLOGY SERVICES – FORM A

Phone: 1-855-411-6463
Email: info@call-ime.com

**IME Consultant:**

**Client:**

**CHECK ALL THAT APPLY**

|  | Submitted time (1/2HR. Increments) | CLIENT USE ONLY Approved time |
|---|---|---|
| ☐ Cervical Product/Construct Evaluation ..................................... |  |  |
| ☐ Lumbar Product/Construct Evaluation ..................................... |  |  |
| ☐ Assist in training with respect to Client products ...................... |  |  |
| ☐ Assist with research or papers related to Client products ........... |  |  |
| ☐ Discussions with Client regarding industry trends ..................... |  |  |
| ☐ Completed Monthly Review with CTO/Engineer for comprehensive feedback on Client's technology portfolio. | TOTAL TIME | TOTAL TIME |

**CHECK ALL THAT APPLY**
**CLIENT SYSTEMS EVALUATED:**

Cervical:
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____

Biologics:
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____

Lumbar:
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____

IME Consultant · · · · · · · · · [ To be submitted to IME ]   Month: ☐ Jan ☐ Feb ☐ Mar ☐ Apr ☐ May ☐ Jun
                                                                    ☐ July ☐ Aug ☐ Sep ☐ Oct ☐ Nov ☐ Dec
Signature _____ 20____

CLIENT USE ONLY · · · · · · · · · · · · · [ To be submitted to IME upon approval ] · · · · · · · · · · · · · · · ·

| Print | Signature | Date |
|---|---|---|

 · · · · · · · · · · [ Client approval received by **IME** ] · · · · · · · · · · · · · · · · · · · · · · ·

| Print | Signature | Date |
|---|---|---|

©2013 Impartial Medical Experts. All rights reserved. Proprietary & Confidential, Do Not Distribute.

SIK-00000776



IMPARTIAL
Medical
EXPERTS

3298 N. Federal Highway     PHONE:  1-855-411-6IME
#11631                      EMAIL:   info@call-ime.com
Fort Lauderdale, FL 33339   www.ImpartialMedicalExperts.com

## Consultant's IME Client List – Form B

| Client | Project/Rate | Consultant Acknowledgement |
|---|---|---|
|  |  | Name:_____<br><br>Signature: _____<br>Date: _____ |
|  |  | Name:_____<br><br>Signature: _____<br>Date: _____ |
|  |  | Name:_____<br><br>Signature: _____<br>Date: _____ |
|  |  | Name:_____<br><br>Signature: _____<br>Date: _____ |
|  |  | Name:_____<br><br>Signature: _____<br>Date: _____ |



**SPINE TECHNOLOGY SERVICES – FORM A**

Phone: 1-855-411-6463
Email: info@call-ime.com

**IME Consultant:**

**Client:** SpineFrontier, Inc.

**CHECK ALL THAT APPLY**

| | Submitted time<br>(1/2HR. Increments) | CLIENT USE ONLY<br>Approved time |
|---|---|---|
| ☐ Cervical Product/Construct Evaluation ................................... | | |
| ☐ Lumbar Product/Construct Evaluation ................................... | | |
| ☐ Assist in training with respect to Client products ...................... | | |
| ☐ Assist with research or papers related to Client products ........... | | |
| ☐ Discussions with Client regarding industry trends ...................... | | |
| ☐ Completed Monthly Review with CTO/Engineer<br>for comprehensive feedback on Client's<br>technology portfolio. | TOTAL TIME | TOTAL TIME |

**CHECK ALL THAT APPLY**

**CLIENT SYSTEMS EVALUATED:**

Cervical:
☐ Arena-C
☐ Invue
☐ Invue Max
☐ Inset
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____

Lumbar:
☐ Arena-L
☐ Arena-L Allo
☐ S-LIFT
☐ P-LIFT
☐ T-LIFT
☐ E-LIFT
☐ TILT
☐ FacetFuse
☐ FacetFuse Allo
☐ PedFuse Return
☐ PedFuse Respond
☐ PedFuse Reset
☐ Pedfuse Remind
☐ MISquito
☐ InSpan
☐ InSpan Slim
☐ Allo-Span
☐ _____
☐ _____
☐ _____
☐ _____

Biologics:
☐ DBMPure Micro
☐ DBMPure Macro
☐ Cancellous Chips
☐ DBMForm
☐ Amniotic Tissue
☐ _____
☐ _____
☐ _____
☐ _____

IME Consultant · · · · · · · · · [ To be submitted to IME ]
Signature _____ 20____

Month: ☐ Jan ☐ Feb ☐ Mar ☐ Apr ☐ May ☐ Jun
☐ July ☐ Aug ☐ Sep ☐ Oct ☐ Nov ☐ Dec

CLIENT USE ONLY · · · · · · · · · · · · · [ To be submitted to IME upon approval ] · · · · · · · · · · · · · · · · · · · ·

| Print | Signature | Date |
|---|---|---|

 · · · · · · · · · · · [ Client approval received by **IME** ] · · · · · · · · · · ·

| Print | Signature | Date |
|---|---|---|

©2013 Impartial Medical Experts. All rights reserved. Proprietary & Confidential, Do Not Distribute.

SIK-00000778