# EXHIBIT D

**From:** Callahan, Patrick (USAMA) <Patrick.Callahan@usdoj.gov>
**Sent:** Thursday, January 25, 2024 3:50 PM
**To:** Barry Pollack; Joshua Solomon; Daniel Marx; William Fick
**Cc:** George, Abraham (USAMA); Looney, Christopher (USAMA); Husted, Susanne (USAMA)
**Subject:** Re: U.S. v. SpineFrontier, Chin, Humad - Advice of counsel and waiver / CMS-Open Payments Program

Counsel:

1.  We think the waiver issue is certainly related to the election issue we have been raising for some time, but we understand your point.   A response to the Government's motion is not due until February 16, so we do not believe defendants have been prejudiced. In our email below, we offered to make ourselves available today and tomorrow, so we were open to selecting a convenient time of your choosing.  If you want to put the ball back in our court we'll start the bidding with anytime this afternoon (from now until whenever you're done for the day).  We can also do tomorrow morning between 9-12.  If other times are better for your team, please let us know.  I'm sure we can figure something out.

2.  We are aware of the Justice Manual Guidelines.  Respectfully, we don't believe we need to provide a narrative of the internal steps we may take or not take.  If you're aware of authority requiring us to provide such a narrative,  we will look at it.

3.  We are referring to letters addressed to "To Whom it May Concern" and materials referring to those letters.

4.  Authority supporting our position includes, but is not limited to, the law on which the Defendants relied in their July 2023 motion to compel.  *See* Dkt. 107, Defs' Motion to Compel at 9 ("It is axiomatic that, '[g]enerally, disclosing attorney-client communications to a third party undermines the privilege.'" (quoting *United States v. Cavallaro*, 284 F.3d 236, 246-47 (1st Cir. 2002)).  We're happy to review any authority you are aware of that suggests there was no waiver through the disclosure of the Strong & Hanni materials.

5.  Attorneys from Barrett & Singal and Jared Tanz produced documents on behalf of SpineFrontier, IME, Kingsley Chin and Aditya Humad, including the letters from Strong & Hanni sent to third party surgeons.

6.  On the CMS issue, it sounds like we may be at an impasse.  If you have authority you'd like to provide us, we will consider it.

Thanks.

**Patrick Callahan (he/him/his) | Deputy Chief, Health Care Fraud | District of Massachusetts**
Phone: 617.748.3268 | Mobile: 857.201.1156 | Email: Patrick.Callahan@usdoj.gov
U.S. Attorney's Office, District of Massachusetts, 1 Courthouse Way, Boston, MA 02110

**From:** Barry Pollack <bpollack@psdfirm.com>
**Sent:** Thursday, January 25, 2024 2:19 PM
**To:** Callahan, Patrick (USAMA) <PCallahan@usa.doj.gov>; Joshua Solomon <jsolomon@psdfirm.com>; Daniel Marx <dmarx@fickmarx.com>; William Fick <wfick@fickmarx.com>
**Cc:** George, Abraham (USAMA) <AGeorge2@usa.doj.gov>; Looney, Christopher (USAMA) <CLooney@usa.doj.gov>; Husted, Susanne (USAMA) <SHusted@usa.doj.gov>
**Subject:** [EXTERNAL] RE: U.S. v. SpineFrontier, Chin, Humad - Advice of counsel and waiver / CMS-Open Payments Program

Counsel,

Thanks for the email.

There is not much time left before tomorrow's deadline, so please let us know specific times you would make yourself available to speak.

Your suggestion about an implied waiver is different from what you raised during our call at the end of last week. I recall you suggesting that your office planned to seek authorization to serve a subpoena on the Strong & Hanni firm. Section 9-13.410 of the Justice Manual (Guidelines for Issuing Subpoenas to Attorneys for Information Relating to the Representation of Clients) requires approval by at least a Deputy AG of subpoenas targeting a law office. I am not aware of any applicable exception to your office's need for that approval. With respect to waivers, the only exception is an "explicit and unchallenged waiver, or other express form of consent" by the client. Even an implied waiver (which we do not believe occurred) does not qualify for an exception.

Has your office obtained approval of a subpoena for the Strong & Hanni firm from a Deputy AG (or above)?

To help make a meet and confer call efficient, since so little time is left before filing deadlines, please answer a few questions before the call:

Are you referring to a letter addressed "To Whom it May Concern"?

Do you have any authority for treating the disclosure of a "To Whom it May Concern" letter as a waiver of privilege? If so, please share it.

Given the limited time that you have provided on this issue, can you help refer us to the attorney(s) or individual(s) with whom your office interacted concerning any prior production of that letter or otherwise by IME?

This really does seem like the sort of a change in position for a motion that could have benefitted from a meaningful meet and confer effort more than the day before a filing. Please answer our questions promptly so that we can adequately address your email below during a call.

With respect to CMS, we reserve all rights about the positions your office has taken, which we believe continue to be flawed.

Barry

---

**From:** Callahan, Patrick (USAMA) <Patrick.Callahan@usdoj.gov>
**Sent:** Thursday, January 25, 2024 11:41 AM
**To:** Barry Pollack <bpollack@psdfirm.com>; Joshua Solomon <jsolomon@psdfirm.com>; Daniel Marx <dmarx@fickmarx.com>; William Fick <wfick@fickmarx.com>
**Cc:** George, Abraham (USAMA) <Abraham.George@usdoj.gov>; Looney, Christopher (USAMA) <Christopher.Looney@usdoj.gov>; Husted, Susanne (USAMA) <Susanne.Husted@usdoj.gov>
**Subject:** U.S. v. SpineFrontier, Chin, Humad - Advice of counsel and waiver / CMS-Open Payments Program

Counsel:

Related to the government's motion to set a deadline by which defendants must elect whether they will rely on an advice of counsel / presence of counsel defense at trial, the government also intends to seek a ruling on whether the defendants waived the attorney client privilege by disclosing to third-party surgeons/potential consultants opinion letters that Strong & Hanni wrote for the defendants. If you would like to meet and confer on this topic, let us know a time that works for you and we will make ourselves available.

Also, following up on our meet and confer from last Friday, the Government maintains its position that the CMS-Open Payments Program is not part of the prosecution team. See Ruiz v. United States, 221 F. Supp. 2d 66 (D. Mass. 2002); United States v. Avellino, 136 F.3d 249 (2d Cir. 1998). Moreover, we understand that SpineFrontier itself is in possession of the information it submitted to the CMS-Open Payments Program. That said, we have considered your request and our follow-up discussion last week, and we will agree to reach out to the CMS-Open Payments Program and request the information you identified in your December 22, 2023 letter. Also, we expect in the coming days to make a production of information from the CMS-Open Payments Program that is already in the government's possession.

Thanks.

**Patrick Callahan (he/him/his) | Deputy Chief, Health Care Fraud | District of Massachusetts**
Phone: 617.748.3268 | Mobile: 857.201.1156 | Email: Patrick.Callahan@usdoj.gov
U.S. Attorney's Office, District of Massachusetts, 1 Courthouse Way, Boston, MA 02110