UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN,<br>ADITYA HUMAD, and<br>SPINEFRONTIER, INC.,<br><br>Defendants. | Criminal No. 1:21-10256-IT |

EXHIBIT 16

GOVERNMENT'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS COUNTS 1-7



**U.S. Department of Justice**
*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 9, 2023

**VIA EMAIL**

Joshua L. Solomon, Esq.
Pollack Solomon Duffy LLP
31 St. James Ave., Suite 940
Boston, MA 02116

      Re:    <u>United States v. Chin et al.</u>, No. 21-cr-10256-RWZ

Dear Counsel:

      Pursuant to L.R. 116.3, we write in response to your October 25, 2023 discovery request letter.

      The government previously stated in its April 18, 2023 discovery response letter that "in the course of fulfilling its Brady obligations, [the government] has searched all files of pertinent agencies regardless of whether the investigators worked on this case, the related civil case, or both." *See also* ECF No. 110 at 13 (same). The government has acknowledged that its discovery obligations extend to e-mails. The government also is aware of its continuing duty to disclose evidence or material that is subject to discovery or inspection under the Local Rules and Rule 16 of the Federal Rules of Criminal Procedure, including any promise, reward, or inducement given to any witness whom the government anticipates calling in its case-in-chief. L.R. 116.2(b)(1)(C); *see also* ECF No. 126 at 11–12. If the government identifies additional discoverable materials as it continues to review its files and prepare for trial, including materials falling into categories 2-4 outlined in your letter, the government will produce those materials promptly.

      While the government acknowledges that discoverable materials may be found in communications with co-conspirators or their counsel, we disagree that Rule 16 and the Local Rules require the production of materials falling into categories 1 and 5 of your letter. If you are aware of authority supporting your view that Rule 16 and the Local Rules require the government to produce any "contact that the government had with alleged co-conspirators or their counsel during the charged conspiracy period," or "interactions with any alleged co-conspirators or their counsel about actual or potential resolution of claims," please identify it.

      Separately, the government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(d). Please confirm (i) whether defense has any such discovery, and (ii) if so, when the defense will produce it.

Very truly yours,

*/s/ Abraham R. George*
ABRAHAM R. GEORGE
PATRICK M. CALLAHAN
DAVID J. DERUSHA
CHRIS LOONEY
Assistant U.S. Attorneys

cc:   Barry S. Pollack, Esq.
      William S. Fick, Esq.
      Daniel Marx, Esq.

2