UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 1:21-cr-10256-IT |
| KINGSLEY R. CHIN, ADITYA HUMAD, and SPINEFRONTIER, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OPPOSITION TO MOTION TO SEAL**

The government asks this Court to seal materials without any ongoing justifiable basis for shielding the particular materials at issue from public view, especially in light of pending dispositive motions based in part on issues concerning government misconduct.

The government's sole basis for sealing is that the materials constitute grand jury materials that are subject to Fed. R. Civ. P. 6, which prohibits the government (but not defendants) from disclosing them publicly, in the absence of a court order.[1] Because there is a clear and simple alternative to sealing that Rule 6 itself provides, the Court should reject the government's effort to deprive the public of full access to the materials at issue, particularly where they are being filed in the context of dispositive motion practice that involves, in part, claims of government misconduct. Defendants respectfully request that the Court deny the motion to seal and instead issue an order

---

[1] In a footnote, the government's motion asserts that defendants "notably disregarded Rule 6(e) when they publicly filed grand jury materials on the public docket without the Court's permission." That accusation makes no sense. Rule 6(e)'s prohibition on disclosure does not apply to defendants. Rule 6(e)(2)(B) lists those to whom grand jury secrecy applies, and does not include defendants in an ensuing prosecution. The rule goes even further to provide that "[n]o obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)." Fed. R. Civ. P. 6(e)(2)(A).

pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i), allowing the government to publicly file the materials at issue.

"Courts have long recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.'" *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013) (*quoting In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002)). "This recognition is embodied in two related but distinct presumptions of public access to judicial proceedings and records: a common-law right of access to 'judicial documents,' and a First Amendment right of access to certain criminal proceedings and materials submitted therein." *Id*. While Fed. R. Crim. P. 6 places certain restrictions on *government* disclosure of grand jury materials, it also provides that courts "may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter … preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). Here, the Court should authorize disclosure by the government in connection with the parties' pending motions.

When the government solicited defendants' position on its planned request to seal various items, the government would not respond substantively to defendants' request to explain why an order allowing the materials to be filed in the public record under Rule 6(e)(3)(E)(i) would not be a better way to handle the issue. At a prior hearing, this Court directed counsel, multiple times, to take meet-and-confer obligations seriously, consistent with Rule 7.1. As the emails in Exhibit A show, defense counsel sought to determine the government's grounds for sealing. At most, the government revealed a position that it viewed sealing as "ministerial." Defendants offered a simple alternative: a joint request for a Court order allowing the government to file publicly, as Rule 6 expressly provides. *See* Rule 6(e)(3)(E)(i). Rather than provide an explanation why an order under Rule 6(e)(3)(E)(i) would not suffice, the government wrote only, "[w]e'll file our motion to seal,

note the defendants' opposition, and the defendants can provide their position in any opposition they file." Ex. A. In its motion to seal, the government knew defendants' position but did not meaningfully address it, and should not be entitled to do so for the first time in a reply.

There do not appear to be any good reasons for shielding from public access the specific materials the government seeks to seal. Nothing in the few pages of testimony or documents at issue contain private, personal information of any person, confidential business information of any non-party, or any other sensitive information that could justify sealing. In fact, all of the documents that the government seeks to have sealed appear to have come from defendant SpineFrontier itself, with the exception of two documents that the government apparently printed off the internet. Furthermore, several of the documents that the government seeks to have sealed came into the government's possession outside of the grand jury process, calling into question whether Rule 6 even applies to them in the first place. At the very least, the government could file those materials without the grand jury exhibit stickers on them to avoid running afoul of Rule 6 requirements.

In its motion, the government now merely recites principles underlying grand jury secrecy generally. It makes no effort at all to explain why the specific materials it seeks to seal implicate – *at this stage, mid-prosecution* – any of the concerns that those principles seek to address. A ministerial use of sealing should not thwart public scrutiny of the issues raised in pending motions, particularly given that defendants have raised issues about the lack of grand jury independence because of prosecutorial misconduct.

Not only is sealing unnecessary and contrary to the presumption of public access to judicial documents, but it also has significant downsides. Sealing would complicate future proceedings and filings in this action. References to the sealed materials in future filings, or even at an evidentiary hearing or in oral argument in what would otherwise be open proceedings, might

arguably themselves have to be sealed, unnecessarily increasing the amount of sealed material, including potentially the defendants' responses to whatever the government argues about those materials. At the very least, sealing would lead to confusion as to what the parties could state publicly in writing, at an evidentiary hearing, or in an oral argument. The defendants already had access to all the materials at issue prior to the government's filing them with its brief, and Rule 6's requirements do not apply to the defendants. Indeed, most of the information the government seeks to seal originated with the corporate defendant itself. Sealing thus would serve no legitimate purpose, given the defendants' right to make public the very same materials, but would threaten to cause confusion as to that right. Would the government take the position that a sealing order retroactively strips the defendants of the right to disclose what was already in their possession? Would their right to disclose depend on whether the disclosure expressly mentions that the government included them in its submission? Will the government seek to close the courtroom for argument on defendants' motion to dismiss and on government misconduct issues if materials submitted for purposes of that motion are sealed?

Furthermore, the government is making its filing in the context of a dispositive motion that involves claims of government misconduct. Other than perhaps at trial itself, it is difficult to imagine a scenario in which shielding information from public view would be more inappropriate. *See Kravetz,* 706 F.3d at 52; *United States v. Donato*, 714 F. App'x 75, 76 (2d Cir. 2018) (reaffirming that the "presumption of access is based on the need for the public monitoring of federal courts" (quotation marks omitted)). The defendants have a right to have these proceedings in which they are accused of serious crimes conducted in the open, including those aspects in which they seek to demonstrate prosecutorial misconduct. To the extent the government might

4

wish to avoid adjudication of its misconduct being made public, that is not a sufficient basis for sealing.

These problems with sealing are avoidable. The government's sole basis for requesting sealing is Rule 6's prohibition on the government disclosing grand jury material *in the absence of a court order*. Even assuming *arguendo* that all of the materials at issue are subject to Rule 6 (even though at least some appear not to be), Rule 6(e)(3)(E)(i) expressly allows for this Court to grant the government permission to file such materials publicly. *See also United States v. Khoury*, No. 4:17-MC-2553, 2018 WL 2864413, at *4 (S.D. Tex. June 11, 2018) ("[C]ourts have both continuing oversight of sealed grand jury materials and broad authority over the sealing and unsealing of judicial records." (citations omitted)). The defendants offered to assent to a request by the government for such an order. As noted above, the government did not just refuse to take the defendants up on that offer, but it simply ignored it. With that alternative to sealing available, however, the downsides to sealing could easily be avoided by such an order.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny the government's motion to seal and instead issue an order pursuant to Rule 6(e)(3)(E)(i) allowing for public filing of the materials at issue.

Respectfully submitted,

/s/ Joshua L. Solomon
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com

                                        <u>/s/ William W. Fick</u>
Daniel N. Marx (BBO #674523)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

**Certificate of Service**

The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on February 17, 2024.

/s/ Joshua L. Solomon