# EXHIBIT A

| | |
|---|---|
| **From:** | George, Abraham (USAMA) <Abraham.George@usdoj.gov> |
| **Sent:** | Thursday, February 15, 2024 5:53 PM |
| **To:** | Joshua Solomon; Barry Pollack; William Fick; Daniel Marx |
| **Cc:** | Callahan, Patrick (USAMA); Looney, Christopher (USAMA); Husted, Susanne (USAMA); Apfel, Alexandra (USAMA) |
| **Subject:** | RE: Mot. to Seal |

Josh, et al.,

We'll file our motion to seal, note the defendants' opposition, and the defendants can provide their position in any opposition they file.

Thanks,
Abe

**Abraham R. George | Chief, Civil Division | District of Massachusetts**
Phone: 617.748.3152 | Cell: 617-821-6040 | Email: abraham.george@usdoj.gov
U.S. Attorney's Office, District of Massachusetts, 1 Courthouse Way, Boston, MA 02210
(he/him/his)

---

**From:** Joshua Solomon <jsolomon@psdfirm.com>
**Sent:** Wednesday, February 14, 2024 10:22 AM
**To:** George, Abraham (USAMA) <AGeorge2@usa.doj.gov>; Barry Pollack <bpollack@psdfirm.com>; William Fick <wfick@fickmarx.com>; Daniel Marx <dmarx@fickmarx.com>
**Cc:** Callahan, Patrick (USAMA) <PCallahan@usa.doj.gov>; Looney, Christopher (USAMA) <CLooney@usa.doj.gov>; Husted, Susanne (USAMA) <SHusted@usa.doj.gov>; Apfel, Alexandra (USAMA) <AApfel@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Mot. to Seal

Abe,

This response is from all defendants, as we have conferred with Bill and Dan, and they join in this position.

After reviewing the materials you propose to file under seal, we offer the following thoughts as to why Rule 6(e)(3)(E)(i) relief is preferred to sealing. If the Court seals them, at least arguably, references to them in a reply or at oral argument could cause unnecessary challenges about what can go into the public record. It's not clear to us whether you intend to ask the Court to close part of the hearing on these motions. On dispositive motions and issues of government misconduct, policy concerns generally disfavor an incomplete public record. With respect to the grand jury exhibits you have proposed to seal, from what we see, they have been exchanged or available outside of the grand jury process. Not all of the exhibits are even referenced in the grand jury testimony that you are planning to use in your opposition. To the extent you plan to cite to these exhibits for the purpose of showing they were put before a grand jury and thus believe they are subject to Rule 6 (even though you are not citing for all of them to grand jury transcripts in which they are referred to), we would not object to limited relief needed from grand jury secrecy pursuant to Rule 6(e)(3)(E)(i), making sealing unnecessary.

With respect to the remaining materials – transcript pages and exhibits that you plan to claim were referenced before the grand jury – our review of them does not reveal anything that would need to be kept out of the public record, apart from any applicable requirements of Rule 6. In fact, it appears that some of the documents came from SpineFrontier

itself, not third-parties, and some (according to your representation to the grand jury) came from a publicly available website. Thus, to the extent the only reason you are proposing sealing is because of Rule 6 secrecy requirements, that concern can be addressed through Court permission to file them publicly rather than through sealing. If you believe there is anything in the transcript pages or documents that should not be public for specific reasons other than Rule 6's requirements, please identify those reasons so that we can consider your position. In that case, redaction rather than wholesale sealing may be more appropriate.

Otherwise, all these issues can be avoided by permission to place materials in the public record, rather than filing them under seal. We don't see any reason for preferring sealing to public filing, at least for the particular materials you have identified.

You may represent that defendants do not oppose the government seeking relief to file the items at issue in the public record. If you still plan to seek sealing instead, please let us know the specific reasons for sealing apart from Rule 6's general secrecy requirements, given the availability of relief to file publicly.

Sincerely,
Josh

---

**From:** Joshua Solomon
**Sent:** Tuesday, February 13, 2024 7:37 PM
**To:** George, Abraham (USAMA) <Abraham.George@usdoj.gov>; Barry Pollack <bpollack@psdfirm.com>; William Fick <wfick@fickmarx.com>; Daniel Marx <dmarx@fickmarx.com>
**Cc:** Callahan, Patrick (USAMA) <Patrick.Callahan@usdoj.gov>; Looney, Christopher (USAMA) <Christopher.Looney@usdoj.gov>; Husted, Susanne (USAMA) <Susanne.Husted@usdoj.gov>; Apfel, Alexandra (USAMA) <Alexandra.Apfel@usdoj.gov>
**Subject:** RE: Mot. to Seal

Abe,

Our point is that Rule 6 also provides for a mechanism for getting permission to put materials in the public record as an alternative to sealing. So while presentation to the grand jury may subject some things to Rule 6, that Rule doesn't necessary require sealing. It doesn't seem like you disagree with that, but please let us know if you do. My experience is that many judges, for constitutional and other reasons, don't like excessive sealing, especially on potentially dispositive matters. I thus disagree that this is merely "ministerial."

Thank you for providing the page cites. We will review them and get back to you.

Josh

---

**From:** George, Abraham (USAMA) <Abraham.George@usdoj.gov>
**Sent:** Tuesday, February 13, 2024 7:28 PM
**To:** Joshua Solomon <jsolomon@psdfirm.com>; Barry Pollack <bpollack@psdfirm.com>; William Fick <wfick@fickmarx.com>; Daniel Marx <dmarx@fickmarx.com>
**Cc:** Callahan, Patrick (USAMA) <Patrick.Callahan@usdoj.gov>; Looney, Christopher (USAMA) <Christopher.Looney@usdoj.gov>; Husted, Susanne (USAMA) <Susanne.Husted@usdoj.gov>; Apfel, Alexandra (USAMA) <Alexandra.Apfel@usdoj.gov>
**Subject:** RE: Mot. to Seal

Josh –

Our point is that the mere presentation of these materials before the Grand Jury subjects them to Rule 6(e), and therefore they ought to be sealed. In addition, for some of these materials, in response to your argument that we misled the Grand Jury, the point is that the Grand Jury saw or heard these materials.

Although you do not need this information to give us your position on our request to seal materials subject to Rule 6(e), in the interests of attempting to avoid burdening the Judge with a contested motion to seal, I'm also going to provide the pages for the testimony we are likely to include in our Opposition. That being said, our Opposition is not due until 2/16, so the exact pages could change. The testimony is the following:

- ███ – Tr. pp. 104-112
- ███ – Tr. pp. 43, 58-60, 79
- ███ – Tr. pp. 42.

Now that you have all available information, please provide your response promptly. This is a ministerial motion. If you plan to oppose, please tell us the basis for your opposition. Thank you.

-Abe

**Abraham R. George | Chief, Civil Division | District of Massachusetts**
Phone: 617.748.3152 | Cell: 617-821-6040 | Email: abraham.george@usdoj.gov
U.S. Attorney's Office, District of Massachusetts, 1 Courthouse Way, Boston, MA 02210
(he/him/his)

---

**From:** Joshua Solomon <jsolomon@psdfirm.com>
**Sent:** Tuesday, February 13, 2024 6:22 PM
**To:** George, Abraham (USAMA) <AGeorge2@usa.doj.gov>; Barry Pollack <bpollack@psdfirm.com>; William Fick <wfick@fickmarx.com>; Daniel Marx <dmarx@fickmarx.com>
**Cc:** Callahan, Patrick (USAMA) <PCallahan@usa.doj.gov>; Looney, Christopher (USAMA) <CLooney@usa.doj.gov>; Husted, Susanne (USAMA) <SHusted@usa.doj.gov>; Apfel, Alexandra (USAMA) <AApfel@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Mot. to Seal

Abe,

Can you please point us to the pages of testimony at issue?

We do think the details are relevant to the question of sealing even if it is all grand jury material. Among other things, you or we could seek permission to file all or part of an exhibit publicly pursuant to Rule 6(e)(3)(E)(i) instead of sealing. Also, aren't there multiple options regarding potential sealing: sealing an exhibit in its entirety, sealing portions, filing entirely unsealed, and filing partially redacted but unsealed? Many exhibits also have an independent existence outside of the grand jury.

If you believe it's not right that there are alternatives to complete sealing of the exhibits you are contemplating, please let us know. In the meantime, we will look at the items you identify and let you know if we object to sealing them.

Thanks.

Josh

**From:** George, Abraham (USAMA) <Abraham.George@usdoj.gov>
**Sent:** Tuesday, February 13, 2024 5:09 PM
**To:** Joshua Solomon <jsolomon@psdfirm.com>; Barry Pollack <bpollack@psdfirm.com>; William Fick

3

<wfick@fickmarx.com>; Daniel Marx <dmarx@fickmarx.com>
**Cc:** Callahan, Patrick (USAMA) <Patrick.Callahan@usdoj.gov>; Looney, Christopher (USAMA) <Christopher.Looney@usdoj.gov>; Husted, Susanne (USAMA) <Susanne.Husted@usdoj.gov>; Apfel, Alexandra (USAMA) <Alexandra.Apfel@usdoj.gov>
**Subject:** RE: Mot. to Seal

Josh –

While we don't believe the identification of the specific Grand Jury testimony and Exhibits is relevant (because we seek to seal "matter[s] occurring before the grand jury," Fed. R. Crim. P. 6(e)), in the interests of comity and moving things along, we will request to seal Grand Jury Exhibits 8, 112, 113, 115, 117, 160, and 161, and portions of testimony from ▇▇▇▇▇▇ concerning SpineFrontier's Sunshine Act disclosures and portions of ▇▇▇▇▇▇▇ testimony concerning IME.   The redactions from our Opposition will correspond to references to those documents and ▇▇ and ▇▇ testimony.

Please let us know your position on our motion to seal.

Bill and Dan, please also let us know your position.

Thanks,
Abe

**Abraham R. George | Chief, Civil Division | District of Massachusetts**
Phone: 617.748.3152 | Cell: 617-821-6040 | Email: abraham.george@usdoj.gov
U.S. Attorney's Office, District of Massachusetts, 1 Courthouse Way, Boston, MA 02210
(he/him/his)

---

**From:** Joshua Solomon <jsolomon@psdfirm.com>
**Sent:** Tuesday, February 13, 2024 1:50 PM
**To:** George, Abraham (USAMA) <AGeorge2@usa.doj.gov>; Barry Pollack <bpollack@psdfirm.com>; William Fick <wfick@fickmarx.com>; Daniel Marx <dmarx@fickmarx.com>
**Cc:** Callahan, Patrick (USAMA) <PCallahan@usa.doj.gov>; Looney, Christopher (USAMA) <CLooney@usa.doj.gov>; Husted, Susanne (USAMA) <SHusted@usa.doj.gov>; Apfel, Alexandra (USAMA) <AApfel@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Mot. to Seal

Abe,

To help us take a position, can you provide more details about what you would be sealing? Specifically, please let us know what portions of GJ testimony and exhibits you would want sealed, and the nature of the redactions from your brief.

Thanks.

Josh

---

**From:** George, Abraham (USAMA) <Abraham.George@usdoj.gov>
**Sent:** Tuesday, February 13, 2024 12:16 PM
**To:** Barry Pollack <bpollack@psdfirm.com>; Joshua Solomon <jsolomon@psdfirm.com>; William Fick <wfick@fickmarx.com>; Daniel Marx <dmarx@fickmarx.com>
**Cc:** Callahan, Patrick (USAMA) <Patrick.Callahan@usdoj.gov>; Looney, Christopher (USAMA) <Christopher.Looney@usdoj.gov>; Husted, Susanne (USAMA) <Susanne.Husted@usdoj.gov>; Apfel, Alexandra (USAMA)

<Alexandra.Apfel@usdoj.gov>
**Subject:** Mot. to Seal

Counsel –

As part of our Opposition to your MTD to Dismiss Counts 1-7, the government intends to cite to certain GJ testimony and exhibits.  Pursuant to Fed. R. Crim. P. 6(e), we are going to move for leave to file those materials under seal, and to redact certain portions of the publicly-filed memo.  We will, of course, email you unredacted copies of the memo and the exhibits.

Can you please let us know whether you will object to our motion for leave to file under seal?

Thanks,
Abe

**Abraham R. George | Chief, Civil Division | District of Massachusetts**
Phone: 617.748.3152 | Cell: 617-821-6040 | Email: abraham.george@usdoj.gov
U.S. Attorney's Office, District of Massachusetts, 1 Courthouse Way, Boston, MA 02210
(he/him/his)