```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff,                   )
                                     )
   v.                                )   Criminal Action No.
                                     )   1:21-cr-10256-IT
KINGSLEY R. CHIN, ADITYA HUMAD, and  )
SPINEFRONTIER, INC.,                 )
                                     )
        Defendants.                  )
                                     )
_____


      BEFORE THE HONORABLE INDIRA TALWANI, DISTRICT JUDGE


                    PRETRIAL VIDEOCONFERENCE


                    Monday, January 29, 2024
                           2:45 p.m.




John J. Moakley United States Courthouse
Courtroom No. 9
One Courthouse Way
Boston, Massachusetts


Robert W. Paschal, RMR, CRR
Official Court Reporter
rwp.reporter@gmail.com
```

```
 1                    A P P E A R A N C E S

 2
       On behalf of the Plaintiff:
 3
           UNITED STATES ATTORNEY'S OFFICE
 4         BY:  PATRICK M. CALLAHAN
                CHRISTOPHER R. LOONEY
 5              ABRAHAM R. GEORGE
           One Courthouse Way
 6         Suite 9200
           Boston, MA  02210
 7         (617) 748-3100
           patrick.callahan@usdoj.gov
 8         christopher.looney@usdoj.gov
           abraham.george@usdoj.gov
 9


10
       On behalf of the Defendant Kingsley R. Chin and
11     SpineFrontier, Inc:

12         POLLACK SOLOMON DUFFY LLP
           BY:  BARRY S. POLLACK
13              JOSHUA L. SOLOMON
           31 St. James Avenue
14         Suite 940
           Boston, MA  02116
15         (617) 439-9800
           bpollack@psdfirm.com
16

17
       On behalf of the Defendant Aditya Humad:
18
           FICK & MARX LLP
19         BY:  WILLIAM W. FICK
                DANIEL N. MARX
20         24 Federal Street
           4th Floor
21         Boston, MA  02110
           (857) 321-8360
22         wfick@fickmarx.com
           dmarx@fickmarx.com
23

24

25
```

```
 1                    P R O C E E D I N G S
 2              (In open court at 2:45 p.m.)
 3              THE DEPUTY CLERK:  United States District Court is
 4   now in session, the Honorable Judge Indira Talwani presiding.
 5              This is Case Number 21-cr-10256, United States v.
 6   Kingsley R. Chin, Aditya Humad, and SpineFrontier, Inc.  Will
 7   counsel please identify themselves for the record.
 8              MR. CALLAHAN:  Good afternoon, Your Honor.  Patrick
 9   Callahan for the United States.
10              THE COURT:  Good afternoon.
11              MR. LOONEY:  Good afternoon.  Chris Looney for the
12   United States.
13              THE COURT:  Good afternoon.
14              MR. GEORGE:  Good afternoon, Your Honor.  Abraham
15   George for the United States.
16              THE COURT:  Good afternoon.
17              MR. POLLACK:  Good afternoon, Your Honor --
18              MR. FICK:  William Fick and Daniel Marx for Aditya
19   Humad.
20              THE COURT:  I'm not sure you got that down,
21   Mr. Paschal.
22              Let's try that again.
23              MR. FICK:  Good afternoon, Your Honor.  William
24   Fick and Daniel Marx for Aditya Humad.
25              THE COURT:  Good afternoon.
```

1               MR. POLLACK:  Good afternoon, Your Honor.  Barry
2    Pollack on behalf of Dr. Kingsley Chin and SpineFrontier,
3    Inc.
4               THE COURT:  Good afternoon.
5               MR. SOLOMON:  And good afternoon, Your Honor.
6    Joshua Solomon also on behalf of SpineFrontier and Dr. Chin.
7               THE COURT:  Good afternoon.
8               So I see the motions that we had set deadlines for
9    have been filed.  I have not had a chance to review those
10   filings yet.  I was trying to remember what we were trying to
11   get done today.  I think the hope was maybe after you had --
12   were working through preparing for those motions and talking
13   with each other, maybe some things would be resolved.
14              But that's where we are, and I will let any of you
15   speak up and tell me what we can get moving on this today
16   still.
17              MR. CALLAHAN:  Your Honor, I guess I'll go first
18   for the government.  I think, yeah, we had the same question.
19   I think the parties have talked over the last few weeks.
20   Some motions were filed on Friday.
21              I guess, just from the government's perspective, if
22   the Court was going to have an argument or hearing, we had
23   floated some dates to defense counsel earlier today.  I'm not
24   sure that -- whether they had time to talk about them to see
25   what worked, but that's sort of where we were at this point.

1        THE COURT:  Is there -- the -- other than the
2   convenience of our all being together, is there any reason
3   the motions need to be addressed together?
4        MR. CALLAHAN:  Other -- I think -- well,
5   Your Honor, I guess, you know, I'd be welcome to hear from
6   defense counsel.  I think the two motions to dismiss that
7   they filed have been signed by Mr. Humad and Dr. Chin and
8   SpineFrontier, so I think they're moving on behalf of all
9   parties.  From the government's perspective, I believe that's
10  the case as well for its motion to, you know, set a deadline
11  for the election of advice of counsel.
12       THE COURT:  I guess my question was the motions to
13  dismiss versus the motions for advice of counsel are separate
14  issues or sufficiently overlying issues that I should be
15  addressing them together?  I haven't opened them.
16       MR. CALLAHAN:  Sure.  I don't -- I think the
17  motions to dismiss, I'm guessing defense counsel would say
18  those have some overlap with one another.  You know, because,
19  obviously, the government isn't seeking to dismiss anything
20  and isn't -- isn't addressing any of the issues raised in the
21  defendants' motions that they're not -- I would, you know,
22  agree that they're not overlapping.
23       THE COURT:  Okay.  And did we set a briefing
24  schedule, or are we just on our ordinary two-week turnaround?
25       MR. CALLAHAN:  I believe, Your Honor, if I'm

```
 1   remembering correctly, the opposition briefs for all three
 2   are due on February 16th; but if I'm wrong, I'm sure someone
 3   will speak up.
 4            THE COURT:  Okay.  Let's do this.  Let's go ahead
 5   and set a date in early March to try and address these.  If
 6   I'm not ready to do it at that time, we might need to move
 7   them, but let me try and see if we can work with that.
 8            THE DEPUTY CLERK:  Your Honor, are you expecting me
 9   to be looking at the calendar and giving you a motion hearing
10   date?
11            THE COURT:  Please.
12            THE DEPUTY CLERK:  All right.  I'm doing that.
13   Thank you.
14            You have a very, very busy calendar, Your Honor.
15            THE COURT:  I know.
16            THE DEPUTY CLERK:  My goodness.  I apologize for
17   the delay.
18            Oh, Your Honor, we can do the morning of the 20th
19   if the two-day trial set on the 18th, in fact, does go two
20   days.  I don't know if you want to risk --
21            THE COURT:  How about the morning of the 22nd?  Is
22   that open?
23            THE DEPUTY CLERK:  Perfect.  Yes, Your Honor.
24   Eleven o'clock?
25            MR. CALLAHAN:  Your Honor, could we have -- I just
```

```
 1   want to check.  There was -- there were -- I think that's a
 2   school vacation week for some -- some counsel's kids.
 3              THE COURT:  Okay.
 4              MR. CALLAHAN:  And I just want to check.  I think
 5   Mr. Looney may have a conflict there.
 6              MR. LOONEY:  I'm sorry.  I have a different spring
 7   break schedule than a lot of people, but I may be trying to
 8   travel with my kids then.
 9              THE COURT:  Okay.
10              MR. CALLAHAN:  And if there is anything earlier
11   on -- the government had floated some days in late February,
12   understanding that was just in terms of its earliest
13   availability after the oppositions.  I don't know what the
14   Court's calendar is, obviously.  So it's not that we're
15   trying to push it out, but even if there was something in the
16   first week, I don't know if there's any availability at
17   that --
18              MR. POLLACK:  That's difficult for at least myself,
19   Your Honor, the late February, early March, because of a
20   trial commitment.  So if we can't do the week of the 20th,
21   22nd, I would ask for the following week.
22              THE DEPUTY CLERK:  Your Honor, I have the morning
23   of March 29th available.
24              THE COURT:  I think we're looking -- they're trying
25   to see if we can do the week of the 4th.
```

1            Is that what you were suggesting?
2            MR. POLLACK:  Your Honor, that's what I said I
3    wouldn't be an able to do, is the last week of February,
4    first week of March.
5            THE COURT:  Oh, for both of those weeks.  Okay.  I
6    see.
7            MR. POLLACK:  I have trial, and trial preparation
8    might even spill into the second week of March.
9            THE COURT:  All right.  Then we're looking at
10   March 29th, right?
11           MR. POLLACK:  Yes.
12           THE DEPUTY CLERK:  Eleven o'clock, Your Honor?
13           THE COURT:  (Nods head.)
14           MR. GEORGE:  Your Honor, I'm sorry; I live in
15   Newton, where there's no school currently for forever; and
16   there's not going to be any school on the 29th because of
17   Good Friday, so that date would be tough.
18           THE COURT:  I'm sorry; is Good Friday the holiday,
19   not a half day?
20           MR. GEORGE:  It's a full day off, unfortunately.
21   Maybe they'll change it now in light of them not being in
22   school for seven days.
23           THE COURT: Okay.  Let's do this.  Let's do the
24   28th, morning.  I know we have something else there as well,
25   but let's squeeze it in.  What time is the -- I have a

```
 1    supervised release.  What time is that?
 2              THE DEPUTY CLERK:  That's at eleven o'clock,
 3    Your Honor.
 4              THE COURT:  Let's do this at 10:00 on the 28th.
 5              MR. CALLAHAN:  That works.  Thank you.
 6              THE COURT:  Okay.
 7              MR. GEORGE:  Thank you.
 8              THE COURT:  I have a question for all of you about
 9    the trial date.  After pressuring you about -- I think you
10    came in here asking for late September, and I pushed you
11    earlier.  I'd now like to push you back.  And have we given
12    up that time?
13              MR. CALLAHAN:  I think from the -- Your Honor, are
14    you asking us?  I apologize.
15              THE COURT:  Both sides, if we could push it two or
16    three weeks.
17              MR. CALLAHAN:  The government would be able to do
18    that, Your Honor.
19              THE COURT:  Defense counsel?
20              MR. SOLOMON:  I'm not seeing any conflict for me,
21    but I can only speak for me.
22              MR. POLLACK:  My calendar is moving slowly, but I
23    take it, Josh, that means the Delaware case is not on for
24    October, right?
25              MR. SOLOMON:  That's correct, yes.
```

1	          MR. POLLACK:  The font on my calendar -- I'm
2	scrolling through it, and I just didn't get there yet.
3	          MR. SOLOMON:  It's earlier, yes.
4	          MR. POLLACK:  That was the only one I was concerned
5	about.
6	          Oh, we had -- we had time booked into October.
7	That's right.  So I have to look beyond that -- right? -- not
8	just a week or two.
9	          MR. SOLOMON:  I think we had told Your Honor four
10	to five weeks, I believe is what we said, so we have
11	everything blocked off.
12	          THE COURT:  I have you down for four weeks.  And my
13	question is can I push it, the whole trial, by three weeks so
14	we start on the 30th instead of the 9th?
15	          MR. POLLACK:  I do not -- Mr. Solomon and I do not
16	have a conflict.  That would work for us.  But we haven't had
17	a chance to ask our client, but I'm -- I know Mr. Humad's
18	here for -- I don't know if --
19	          MR. FICK:  Rosh Hashanah and Yom Kippur land in the
20	first two weeks of October.
21	          MR. SOLOMON:  And I think we discussed that last
22	time.  I think the anticipated original date would have
23	brought us into that, and we were just going to see how it
24	was going and adjust for that, if I remember --
25	          THE COURT:  I have Rosh Hashanah down on the 2nd.

1  Is that wrong?
2          MR. FICK:  The 2nd and 3rd, and then Yom Kippur
3  would be the following week.
4          THE COURT:  So we have that conflict anyway for the
5  2nd and 3rd.
6          If we started not the 30th but the 7th and didn't
7  sit on -- for Yom Kippur, does that work for everyone?
8          MR. SOLOMON:  Your Honor, just so we're all on the
9  same page in terms of looking at conflicts, we're looking
10 from the 7th, essentially, through the end of October?
11 That's what we're looking to block off?
12         THE COURT:  (Nods head.)
13         MR. SOLOMON:  That would work for me.
14         MR. CALLAHAN:  Your Honor, I'm just reading the
15 faces of my colleagues, and I don't see anyone, looks like,
16 they have a problem with that, so the government would do
17 that.
18         THE COURT:  Mr. Fick, you're on mute.
19         MR. FICK:  (Muted.)
20         MR. POLLACK:  Still on mute.
21         THE COURT:  Unless you're not talking to us, which
22 is possible.
23         MR. FICK:  I'm on Wi-Fi in the courthouse, and
24 there's been some issues with the speaker.  Anyway, can the
25 Court hear now?

```
 1                 THE COURT:  Now I can.
 2                 MR. FICK:  Okay.  So the concern was around Yom
 3     Kippur.  As long as we cannot sit on Yom Kippur, that would
 4     work for Mr. Humad's counsel.
 5                 THE COURT:  Okay.  So moving to the 7th, then.
 6                 THE DEPUTY CLERK:  I apologize, Your Honor --
 7                 THE COURT:  What I would actually like to do, just
 8     to -- so we don't have such a short week the week of the 7th,
 9     I'd like to stick with jury selection on the 30th and then
10     start the trial on the 7th.  And I think for a four-week
11     trial to give people a chance to get their lives in shape is
12     probably a useful thing to do.
13                 Any objection to that?
14                 MR. CALLAHAN:  Nothing from the government,
15     Your Honor.  That works.
16                 MR. SOLOMON:  No, Your Honor.
17                 THE COURT:  Okay.  So, Ms. Marchione, that's what
18     we'll do, start the 30th, and then we will start the trial on
19     the 7th.
20                 THE DEPUTY CLERK:  October 7th?  Thank you,
21     Your Honor.
22                 THE COURT:  Okay.  All right.  Anything else?
23                 See everyone at the end of February.
24                 MR. FICK:  Thank you, Your Honor.
25                 MR. SOLOMON:  End of March, right?
```

```
1            MR. CALLAHAN:  End of March.
2            THE COURT:  Sorry.  End of March.
3            MR. SOLOMON:  Thank you, Your Honor.
4            MR. MARX:  Thank you, Your Honor.
5            THE COURT:  We're in recess.
6         (Court in recess at 2:59 p.m.)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL REPORTER**

I, Robert W. Paschal, Registered Merit Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing pages are a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 27th day of February, 2024.

/s/ Robert W. Paschal
_____
ROBERT W. PASCHAL, RMR, CRR
Official Court Reporter