# EXHIBIT 1

| | |
|---|---|
| **From:** | Barry Pollack |
| **Sent:** | Thursday, February 29, 2024 10:59 AM |
| **To:** | Looney, Christopher (USAMA); Joshua Solomon; William Fick; Daniel Marx |
| **Cc:** | Callahan, Patrick (USAMA); George, Abraham (USAMA); Husted, Susanne (USAMA); Apfel, Alexandra (USAMA) |
| **Subject:** | RE: US v SpineFrontier |

Chris,

Based on your email, we will refer to our motion for leave to file a reply as "unopposed."

I'm not sure whether you are making some sort of accusation about why we will not provide you with the name of counsel referred to in the Orkand Affidavit, but your office earlier asked us to do so if we wanted your office to investigate the assertion. For obvious reasons, we do not see a benefit in having your office investigate internal witnesses concerning this matter. To the extent your office is aware of internal witnesses to pressure or threats by the investigative or prosecution team (including what your office perceives as suggestions of leniency followed by a witness changing a story), as a constitutional matter, that information should be provided to us. We have requested similar information repeatedly, including records of when and how your office spoke with counsel for the alleged unindicted co-conspirators and cooperating witnesses. Your office has not been clear about what exactly it has searched in that regard and what it is withholding, other than to suggest your office believes it knows what constitutes *Brady* and is still performing searches. Please let us know when those searches have been fully conducted and all *Brady* material has been collected and produced.

Thank you.

Barry

---

**From:** Looney, Christopher (USAMA) <Christopher.Looney@usdoj.gov>
**Sent:** Thursday, February 29, 2024 10:05 AM
**To:** Barry Pollack <bpollack@psdfirm.com>; Joshua Solomon <jsolomon@psdfirm.com>; William Fick <wfick@fickmarx.com>; Daniel Marx <dmarx@fickmarx.com>
**Cc:** Callahan, Patrick (USAMA) <Patrick.Callahan@usdoj.gov>; George, Abraham (USAMA) <Abraham.George@usdoj.gov>; Husted, Susanne (USAMA) <Susanne.Husted@usdoj.gov>; Apfel, Alexandra (USAMA) <Alexandra.Apfel@usdoj.gov>
**Subject:** RE: US v SpineFrontier

Barry,

Thanks for your email. As to your first question, our office takes no position on your motion for leave to file a reply in support of your motion to dismiss counts 1 – 7. As to the second, we will not provide additional information regarding matters occurring before a grand jury.

In addition, please let us know the unnamed doctor and unnamed counsel referred to in the Orkand Affidavit. We have asked for this information and haven't received it or an explanation for why you have not provided it.

Chris

**Chris Looney (he/him/his) | Assistant United States Attorney | District of Massachusetts**
Phone: 617.748.3287 | Email: Christopher.looney@usdoj.gov

---

**From:** Barry Pollack <bpollack@psdfirm.com>
**Sent:** Tuesday, February 27, 2024 11:09 AM
**To:** Looney, Christopher (USAMA) <CLooney@usa.doj.gov>; George, Abraham (USAMA) <AGeorge2@usa.doj.gov>; Joshua Solomon <jsolomon@psdfirm.com>; William Fick <wfick@fickmarx.com>; Daniel Marx <dmarx@fickmarx.com>

1

**Cc:** Callahan, Patrick (USAMA) <PCallahan@usa.doj.gov>; Husted, Susanne (USAMA) <SHusted@usa.doj.gov>; Apfel, Alexandra (USAMA) <AApfel@usa.doj.gov>
**Subject:** [EXTERNAL] US v SpineFrontier

Chris,

We write in response to your last email and to seek the government's assent to defendants filing a reply in support of their motion to dismiss counts 1 to 7.

When counsel spoke previously about the use of replies in support of motions, your office indicated that it would likely not oppose a motion for leave to file a reply, so long as that approach applied mutually. We are fine with that, so long as any reply (or, if applicable, surreply) stays within the rules limiting them to direct responses to matters raised in the opposition (or reply).

With respect to your office's position below about the number of grand juries used in this matter and when, if ever, the government presented prior grand jury testimony and exhibits to the grand jury that returned the Indictment, we do not see how Rule 6(e) forms an obstacle. The length of the grand jury investigation makes clear that multiple grand juries existed. The government has produced actual grand jury testimony in compliance with Rule 6(e), and could do the same with the limited additional information that we seek. Are you refusing to confirm what the suffix "T" means on exhibits? Are you refusing to disclose documents reflecting whether and when testimony and exhibits provided to the earlier grand juries were re-introduced to the grand jury that returned the Indictment? At issue is, among other things, whether the government may have misled the grand jury that returned the Indictment. In its opposition to pending motions, the government [redacted]

Some courts have focused on how the use of multiple grand juries could mislead the one that returns an Indictment.

We are giving your office the opportunity now to provide documentary evidence to show that each of those materials made their way to the grand jury that returned the Indictment.

Please confirm your office's position on these matters by tomorrow (Wednesday) morning. Does your office oppose a motion for leave to file a reply? Will your office supplement its productions with the information that we have requested concerning the use of multiple grand juries and the identification of any re-introduction of prior testimony and exhibits?

Thank you.
Barry

---

**From:** Looney, Christopher (USAMA) <Christopher.Looney@usdoj.gov>
**Sent:** Thursday, February 22, 2024 1:45 PM
**To:** Barry Pollack <bpollack@psdfirm.com>; George, Abraham (USAMA) <Abraham.George@usdoj.gov>; Joshua Solomon <jsolomon@psdfirm.com>; William Fick <wfick@fickmarx.com>; Daniel Marx <dmarx@fickmarx.com>
**Cc:** Callahan, Patrick (USAMA) <Patrick.Callahan@usdoj.gov>; Husted, Susanne (USAMA) <Susanne.Husted@usdoj.gov>; Apfel, Alexandra (USAMA) <Alexandra.Apfel@usdoj.gov>
**Subject:** RE: Mot. to Seal

Barry,

Thanks for your email. All of that information is subject to Rule 6(e). We produced grand jury transcripts and exhibits well in advance of what is required by the Local Rules. None of the other information you requested appears discoverable under the local rules, our *Brady* obligations, or any other authority. If you believe otherwise, please provide that authority and the basis for your requests.

Respectfully,
Chris

2

**Chris Looney (he/him/his) | Assistant United States Attorney | District of Massachusetts**
Phone: 617.748.3287 | Email: Christopher.looney@usdoj.gov

**From:** Barry Pollack <bpollack@psdfirm.com>
**Sent:** Sunday, February 18, 2024 6:19 PM
**To:** George, Abraham (USAMA) <AGeorge2@usa.doj.gov>; Joshua Solomon <jsolomon@psdfirm.com>; William Fick <wfick@fickmarx.com>; Daniel Marx <dmarx@fickmarx.com>
**Cc:** Callahan, Patrick (USAMA) <PCallahan@usa.doj.gov>; Looney, Christopher (USAMA) <CLooney@usa.doj.gov>; Husted, Susanne (USAMA) <SHusted@usa.doj.gov>; Apfel, Alexandra (USAMA) <AApfel@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Mot. to Seal

Abe,
We see at least 8 transcripts from 2020 and prior with exhibit stickers on them using the suffix "T" and dated in June and July 2021. We also see Agent Lambert testified before the grand jury in 2021 when he was questioned about testifying before prior grand juries.
Can you please let us know when in 2020 or 2021 the final grand jury started hearing this matter? Was that the second or third (or fourth?) grand jury to hear this matter? Also, do you have other transcripts that were provided to the final grand jury other than those that you produced with the suffix "T"? And do you have records of what transcripts were read at what time to the final grand jury?
During our meet and confer, you had not suggested that disclosures were made to the grand jury about SpineFrontier's open payment submissions, but you have still not told us which grand jury in the series of them. Please provide that information promptly.
Barry