UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  Criminal Action No. 1:21-cr-10256-IT |
| | * |
| KINGSLEY R. CHIN, ADITYA HUMAD, | * |
| and SPINEFRONTIER, INC., | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

June 7, 2024

TALWANI, D.J.

Pending before the court is the government's Motion for a Finding of Waiver of the Attorney-Client Privilege [Doc. No. 152]. The government asserts that Defendant SpineFrontier, Inc. ("SpineFrontier") and its affiliated entity, Impartial Medical Experts ("IME"), sent letters they obtained from outside counsel Strong & Hanni PC to surgeon-consultants that Defendants enrolled or sought to enroll in the alleged unlawful kickback scheme charged here. The government contends that by representing to these doctors and others that their conduct was legal based on advice of counsel, SpineFrontier and IME have waived the attorney-client privilege regarding the subject matter of these letters. The government seeks an immediate finding of waiver; in the alternative, the government requests that Defendants provide 60 days' notice of their intent to raise an advice of counsel or involvement-of-counsel defense so that the government can begin discovery at that point. Defendants oppose. For the reasons set forth herein, the government's Motion is DENIED, but the court is adopting procedures set forth below to avoid unnecessary delay or prejudice.

I.  Background

In 2021, Defendants SpineFrontier, Kingsley Chin (SpineFrontier's founder, President, and CEO), and Aditya Humad (SpineFrontier's Vice President and CFO) were each indicted on one count of conspiracy to violate the Anti-Kickback Statute, 18 U.S.C. § 371, six counts of violations of the Anti-Kickback Statute, 42 U.S.C. §§ 1320a-7b(b)(1)(B) and (b)(2)(B), and one count of conspiracy to commit concealment money laundering, 18 U.S.C. § 1956(h). Indictment [Doc. No. 1].

The Indictment alleges that Defendants paid bribes disguised as sham consulting fees to surgeons in exchange for their use of SpineFrontier's products. Id. ¶¶ 29–30. Further, Defendants allegedly held out IME, which was owned by Chin and operated by Humad, as an independent company through which surgeons would be hired and paid as consultants. Id. ¶¶ 4, 37.

Defendants obtained opinion letters from the Strong & Hanni law firm representing that SpineFrontier and IME's consulting arrangements complied with relevant federal laws. Gov't Mem. ISO Mot. for Waiver, Ex. A [Doc. No. 153-1] (February 26, 2014 Strong & Hanni Letter written on behalf of IME); Id., Ex. B [Doc. No. 153-2] (September 26, 2013 Strong & Hanni Letter written on behalf of IME); Id., Ex. C [Doc. No. 153-3] (February 4, 2013 Strong & Hanni Letter written on behalf of SpineFrontier); Id., Ex. E [Doc. No. 153-5] (recruitment letter from IME). The letters represented that counsel had reviewed the suggested arrangement between IME and the potential surgeon-consultants, and concluded: "We are of the view that the [Consulting] Agreement, as drafted . . . complies with 42 U.S.C. 1395nn(a)(1) (i.e. the Stark Law), [and] 42 U.S.C. 1320a-7b(b) (i.e. the Anti-Kickback Statute) . . . ." The government states that these opinion letters were distributed to potential surgeon-consultants as part of the information package IME provided. See Gov't Mem. ISO Mot. for Waiver 1 [Doc. No. 153].

**II.    Standard of Review**

"By safeguarding communications between client and lawyer, the [attorney-client] privilege encourages full and free discussion, better enabling the client to conform his conduct to the dictates of the law and to present legitimate claims and defenses if litigation ensues." In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003) (hereinafter "In re XYZ Corp."). This privilege is "narrowly construed" and "protects only those communications that are confidential and are made for the purpose of seeking legal advice." Id.

But "the attorney-client privilege cannot at once be used as a shield and a sword." United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991). The privilege may be expressly or implicitly waived where "a party asserting the privilege place[s] protected information in issue for personal benefit through some affirmative act," because "allow[ing] the privilege to protect against disclosure of that information would [be] unfair to the opposing party." In re XYZ Corp., 348 F.3d at 24; see United States v. Gorski, 36 F. Supp. 3d 256, 268 (D. Mass. 2014) ("[A] defendant cannot put his attorney's advice or involvement at issue in a case and then claim a privilege as to the details of that advice or involvement.").

**III.    Discussion**

    A.    *The Attorney-Client Privilege as to All Communications Relating to the Subject Matter of the Letters Has Not Yet Been Waived*

The government contends that by sending the Strong & Hanni Opinion Letters to surgeons as part of the attempt to recruit them as consultants, Defendant SpineFrontier and IME waived the Letters' confidentiality and "made representations to these doctors and to the world at large that—relying on the advice of counsel—the course of conduct was legal." Gov't Mem. ISO Mot. for Waiver 1 [Doc. No. 153]. As a result, says the government, the companies have

3

implicitly waived not only any privilege attached to the letter itself, but "over all communications between SpineFrontier/IME and Strong & Hanni relating to the subject matter of those letters, including communications concerning whether the consulting program complied with the AKS[.]" Id. at 5.

But Defendants' disclosures of the Letters to third parties did not occur during this prosecution and that matters. See In re XYZ Corp., 348 F.3d at 24–25 ("There is a qualitative difference between offering testimony at trial or asserting an advice of counsel defense in litigation, on the one hand, and engaging in [pre-litigation business communications], on the other hand . . .  Where a party has not thrust a partial disclosure into ongoing litigation, fairness concerns neither require nor permit massive breaching of the attorney-client privilege."); see also United States v. White, 887 F.2d 267, 271 (D.C. Cir. 1989) ("Where a defendant neither reveals substantive information, nor prejudices the government's case, nor misleads a court by relying on an incomplete disclosure, fairness and consistency do not require the inference of waiver."). The First Circuit has thus concluded that "the extrajudicial disclosure of attorney-client communications, not thereafter used by the client to gain adversarial advantage in judicial proceedings, cannot work an implied waiver of all confidential communications on the same subject matter." In re XYZ Corp., 348 F.3d at 24.

Accordingly, the court finds that the pre-indictment, extrajudicial disclosures are not themselves a sufficient basis upon which to infer waiver of the attorney-client privilege as to all communications relating to the subject matter of those Letters.

      B.    *The Attorney-Client Privilege as to All Communications Relating to the Subject Matter of the Letters May Be Waived During this Prosecution*

"[T]he likelihood of prejudice looms," however, "once a litigant puts the legal advice given to him at issue[.]" Id. In that event, "only the revelation of all related exchanges will allow

the truth-seeking process to function unimpeded," id., and for this reason "the opposing party should be entitled to all the information on that same subject regardless of when it was compiled," id. at 25.

Based on the Defendants' opposition papers, it appears that Defendants may seek to argue or introduce evidence of their attorneys' involvement to negate the *mens rea* the government must prove. See Defs.' Opp'n 15–16 [Doc. No. 155]. Defendants argue that using their attorneys' involvement in this manner does not amount to an advice-of-counsel defense and waiver of the privilege. The advice-of-counsel defense "has a specific, relatively narrow meaning and a broader, somewhat more colloquial, meaning." United States v. Gorski, 36 F. Supp. 3d at 267. The court considers here the broader sense, which "arises when a criminal defendant seeks to introduce evidence, or argue to the jury, that the advice or involvement of a lawyer tended to negate his *mens rea*, even if the defendant could not establish all the elements of the formal defense." Id. at 268. Even under this "more basic lack-of-mens-rea defense[,] a defendant's decision to raise the advice or involvement of counsel may serve as a waiver of the attorney-client privilege." Id. If "Defendants propose to use the mere involvement of . . . counsel as a[n] inferential sword with respect to intent[,]" then "[t]o counter such an inference, the Government [will be] entitled to probe the communications between these attorneys and Defendant." United States v. Liberty, 2020 WL 6386388, at *3 (D. Me. Oct. 30, 2020); see also id. (rejecting defendant's attempt to "thread the needle" of invoking the presence of counsel as a *mens rea* defense without implicating waiver).[1]

---

[1] Defendants argue here further that "even absent any advice of counsel, the role and presence of attorneys permit other exculpatory inferences concerning the defendants' *mens rea*." Defs.' Opp'n 16 [Doc. No. 155]. To the extent that Defendants seek to draw an exculpatory inference based only on the presence or involvement of other persons (without regard to their professions), there would not be a waiver of attorney-client privilege. See id. at 17 (and cases cited therein).

To reiterate, however: Defendants have not yet confirmed their intent to introduce any such argument or the above-cited potential evidence at trial. Therefore, the government's request for immediate, broad subject-matter waiver is premature. See id.; see also in re XYZ Corp., 348 F.3d at 25 ("a prospective waiver will very rarely be warranted in extrajudicial disclosure cases").

    C.    *Avoiding Prejudice from Late Disclosure*

The government asks in the alternative that Defendants be ordered to provide 60 days' notice of Defendants' plan to raise an advice/involvement-of-counsel argument. Defendants concede that the court has authority to impose notice and disclosure requirements but asserts that there is no compelling reason for the 60-day pretrial notice, and that they should be afforded the right to determine whether to present a defense only after the government rests. Defs.' Opp'n 14 [Doc. No. 155] (citing Brooks v. Tennessee, 406 U.S. 605, 612 (1972) (due process prohibits forcing defendants' hands regarding "tactical decision[s]" based on "the actual worth of their evidence")).

    In an effort to balance the competing interests on both sides, the court will permit the government to serve subpoenas pursuant to Federal Rule of Criminal Procedure 17 related to SpineFrontier/IME's communications with Strong & Hanni and its attorneys related to the subject matter of the opinion letters. The Defendants or subpoenaed party may assert the attorney-client or work product privilege but shall provide counsel a privilege log identifying each document for which a privilege is asserted. Responsive documents shall be returnable to the

---

But if Defendants point out to the jury not only "the presence of many innocent bystanders, but [the] many lawyers 'in the room,'" id. (emphasis added), either the jury will be instructed that no exculpatory inference may be drawn from the fact that those individuals were lawyers, or the attorney-client privilege will be deemed waived.

deputy clerk for this session, with those as to which a privilege is asserted (submitted under seal) and will be maintained under seal pending further court order.

Defendants shall provide notice of their intent to raise an advice/involvement-of-counsel defense by September 29, 2024, that is, at the time of their other disclosures under the court's Amended Pretrial Order [Doc. No. 167]. The court anticipates that if Defendants invoke an advice/involvement-of-counsel defense at that time (or during the course of trial), the court will refer review of the sealed documents produced in response to any such subpoena to the magistrate judge assigned to this matter for *in camera* review, unseal those documents relating to the subject matter of the Letters, and order them produced to the government.

### IV.   Conclusion

For the foregoing reasons, the government's Motion for a Finding of Waiver of the Attorney-Client Privilege is DENIED. The government and Defendants shall follow the procedures set forth above.

IT IS SO ORDERED

June 7, 2024                                       /s/     Indira Talwani
                                                   United States District Judge