UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 1:21-cr-10256-IT |
| | ) | |
| KINGSLEY R. CHIN, | ) | |
| ADITYA HUMAD, and | ) | |
| SPINEFRONTIER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY CONCERNING THEIR MOTION TO DISMISS COUNTS ONE THROUGH SEVEN AND/OR REQUEST FOR AN EVIDENTIARY HEARING AND *IN CAMERA* INSPECTION OF GRAND JURY TRANSCRIPTS

In their pending motion to dismiss the AKS charges in counts one through seven, Defendants requested, among the alternative relief it sought, that the government be required to provide for *in camera* inspection transcripts of any instructions of law given to the Grand Jury. (*See* Dkt. No. 150, at 16-19.). Defendants respectfully submit this notice of supplemental authority in further support of that requested relief.

In this case, the government has taken the erroneous position that the "knowing and willful" requirement in the statute at issue in this case does not belong to the class of statutes requiring a heightened proof of *mens rea*. The government has also taken the inconsistent position that it can produce transcripts of a government case agent's grand jury testimony about probable cause for offenses at issue, but withhold transcripts of its instructions of law that place the case agent's testimony in context.

In discussing the proper standard of willfulness for an alleged violation of the AKS, Defendants relied in part on a district court opinion, *United States ex rel. Hart v. McKesson Corp.*,

No. 15-CV-0903 (RA), 2023 WL 2663528 (S.D.N.Y. Mar. 28, 2023). Since the completion of briefing on Defendants' motion, the Second Circuit has affirmed the *McKesson* opinion on which Defendants relied, holding that willfulness requires an intent to violate a known legal duty. *See United States ex rel. Hart v. McKesson Corp.*, 96 F.4th 145 (2d Cir. 2024). Defendants thus call this Court's attention to the Second Circuit's recent *McKesson* decision as further appellate authority supporting a review of how the government instructed the Grand Jury.[1]

Defendants will refrain from making arguments concerning the Second Circuit's *McKesson* decision, unless the Court directs otherwise.

Respectfully submitted,

/s/ Joshua L. Solomon
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com


/s/ Daniel N. Marx
Daniel N. Marx (BBO #674523)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

---

[1] The plaintiff-relator in *McKesson* has filed a petition for a writ of *certiorari* with the Supreme Court, ultimately seeking a ruling that "knowledge of illegality is not required to show willfulness for an AKS violation." That petition is available at https://www.supremecourt.gov/DocketPDF/23/23-1293/314413/20240607160152458_cert-petition%20-%20US%20ex%20rel%20Hart%20v%20McKesson.pdf. Defendants' understanding is that the government here, like the relator in *McKesson*, disagrees with the Second Circuit on that issue.

2

## Certificate of Service

  The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on June 21, 2024.

                   /s/ Joshua L. Solomon