UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 1:21-cr-10256-IT |
| KINGSLEY R. CHIN, | ) |
| ADITYA HUMAD, and | ) |
| SPINEFRONTIER, INC., | ) |
| | ) |
| Defendants | ) |

**PARTIAL OBJECTION TO UNSEALING OF MEMORANDUM AND ORDER**

The United States of America, through undersigned counsel, respectfully objects to the unsealing of the Court's July 3, 2024 Memorandum and Order and requests that a redacted version be docketed. *See* Dkt. No. 181. The proposed redactions to the Court's order are attached hereto as Exhibit A.

"The proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218 (1979). Federal Rule of Criminal Procedure 6(e) codifies this expectation of secrecy. The rule of secrecy exists, among other reasons, to protect unindicted individuals from anxiety and embarrassment that could result from disclosure of their identities or their testimony. These considerations hold true even after the conclusion of a particular grand jury's investigation. *See Illinois v. Abbott & Assocs., Inc.*, 460 U.S. 557, 567 n.11 (1983) ("Even after the conclusion of a particular grand jury's investigation, continued secrecy protects the reputations of the innocent and safeguards witnesses from possible retaliation. In addition, stringent protection of the secrecy of completed grand jury investigations may be necessary to encourage persons to testify fully and freely before future grand juries." (citing *Douglas Oil Co.*, 441 U.S. at 222)).

The government moved to seal references to grand jury witnesses in its brief filed in opposition to the defendants' motions to dismiss. Dkt. No. 156. The Court granted the motion

*nunc pro tunc*, finding that the sealing was appropriate pursuant to Local Rule 106.1 which provides that filings "concerning or contesting grand jury proceedings shall be sealed and impounded unless otherwise ordered by the court based upon a showing of particularized need." Dkt. No. 162.  The government now moves to seal portions of the Court's order that reference grand jury material based upon the same reasoning.  There is no particularized need to unseal this material, which would reveal the substance of matters witnesses testified to before the grand jury.

| | |
|---|---|
| Dated: July 16, 2024 | Respectfully submitted, |
| | UNITED STATES OF AMERICA, |
| | By its attorney, |
| | JOSHUA S. LEVY<br>Acting United States Attorney |
| | */s/ Mackenzie A. Queenin*<br>MACKENZIE A. QUEENIN<br>ABRAHAM R. GEORGE<br>PATRICK CALLAHAN<br>CHRISTOPHER LOONEY<br>Assistant U.S. Attorneys<br>1 Courthouse Way<br>John Joseph Moakley U.S. Courthouse<br>Boston, MA 02210<br>(617) 748-3100 |

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Mackenzie A. Queenin, hereby certify that the parties have conferred and in good faith have attempted to narrow the issue before the Court. The Defendants object to the government's objection to the unsealing of the memorandum and order.

/s/ Mackenzie A. Queenin
Mackenzie A. Queenin

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Mackenzie A. Queenin
Mackenzie A. Queenin
Assistant United States Attorney

Dated: July 16, 2024