# Exhibit 2

| | |
|---|---|
| **From:** | Daniel Marx |
| **To:** | George, Abraham (USAMA) |
| **Cc:** | Callahan, Patrick (USAMA); Queenin, Mackenzie (USAMA); Looney, Christopher (USAMA); Husted, Susanne (USAMA); Barry Pollack; Apfel, Alexandra (USAMA); Joshua Solomon; Mary Nguyen |
| **Subject:** | [EXTERNAL] RE: Chantal GoldsonWilliam Fick <wfick@fickmarx.com> |
| **Date:** | Tuesday, July 16, 2024 10:31:21 AM |

Abe,

Having had a chance to discuss this situation and review the law regarding Fed. R. Crim. P. 15, we would oppose a motion by the government to take pretrial deposition of Chantal Goldson and to use her videotaped testimony in lieu of live testimony in court before the jury.

The party seeking to take a pretrial deposition in a criminal case bears the burden to establish that "exceptional circumstances" warrant using recorded video from a deposition instead of live testimony in court. *See United States v. Bunnell*, 201 F. Supp. 2d 169, 170 (D. Me. 2002) (denying motion for deposition); *see also United States v. Drogoul*, 1 F.3d 1546, 1551-52 (11th Cir. 1993) (noting that "[d]epositions generally are disfavored in criminal cases"); *United States v. Wilson*, 601 F.2d 95, 97-98 (3d Cir. 1979) (noting that, notwithstanding "the advent of modern audio-visual technology," the strong preference for "having the witness personally present persists").

That is because, inevitably, depositions in criminal cases raise serious constitutional concerns about confrontation rights, compulsory process, and due process. For example, in *Mattox v. United States*, 156 U.S. 237 (1985), one of the first Confrontation Clause cases, the Supreme Court recognized the Constitution guarantees a defendant's right to compel a witness "to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *Id.* at 242-43. More recently, Judge Gertner refused to permit the government to use videotaped depositions in a criminal trial, ruling "[w]hatever the need, we do not have the option to substitute videotaped depositions for live testimony on a regular basis," because "[t]he Sixth Amendment stands firmly in the way." *United States v. Nippon Paper Indus. Co.*, 17 F. Supp. 2d 35, 41-42 (D. Mass. 1998) ("While some may argue that videotaping is just like the real thing, 'just like' is not, in most situations, good enough.").

Here, with a pretrial deposition, the defendants would be denied their constitutional rights to confront Ms. Goldson, live, in court, and before the jury. And should the defendants decide, after hearing the prosecution's case, that they need additional testimony from Ms. Goldson in their own case, they would be unable to exercise their constitutional rights to compel her testimony. Moreover, forcing the defendants to make critical strategic decisions about whether and how to cross-examine Ms. Goldson well before the trial has started and the government has presented any evidence would violate their due process rights.

Because Ms. Goldson's unavailability should only be temporary, a continuance would seem to be the better solution to the government's problem. *See United States v. Carter*, 907 F.3d 1199, 1208 (9th Cir. 2018) (in similar case where prosecution witness was unable to travel to court due to pregnancy, "a temporary disability," stating continuance of the trial is the "most obvious" course).

If you want to discuss that possibility, we would consider it and try to find another window when all

parties, counsel, and witnesses would be available to try the case.

Regards,
Dan

Daniel N. Marx
**FICK & MARX LLP**
24 Federal Street, 4th Floor
Boston, MA 02110
Tel: 857-321-8360
Fax: 857-321-8361
*www.fickmarx.com*

---

**From:** George, Abraham (USAMA) <Abraham.George@usdoj.gov>
**Sent:** Tuesday, July 16, 2024 10:25 AM
**To:** Barry Pollack <bpollack@psdfirm.com>; Daniel Marx <dmarx@fickmarx.com>; Joshua Solomon <jsolomon@psdfirm.com>; William Fick <wfick@fickmarx.com>; Mary Nguyen <mnguyen@psdfirm.com>
**Cc:** Callahan, Patrick (USAMA) <Patrick.Callahan@usdoj.gov>; Queenin, Mackenzie (USAMA) <Mackenzie.Queenin@usdoj.gov>; Looney, Christopher (USAMA) <Christopher.Looney@usdoj.gov>; Husted, Susanne (USAMA) <Susanne.Husted@usdoj.gov>; Apfel, Alexandra (USAMA) <Alexandra.Apfel@usdoj.gov>
**Subject:** Chantal Goldson

Counsel –

We intend to move for a Rule 15 deposition to take the testimony of Chantal Goldson. Ms. Goldson has informed us that she is pregnant and due October 16. She lives in ▓▓▓▓▓▓▓▓ and will not be able to travel during the period of the trial. Ms. Goldson is available August 20 or 21 in ▓▓▓▓. If the dates do not work for you, we can discuss other available dates with her. We will plan to be there live, but can make a video connection available to you, if you prefer.

To our current knowledge, Ms. Goldson is our only potential witness who will be unable to be present for live testimony at trial. Please let us know by COB on Thursday whether you will object to our motion.

Thanks,
Abe

**Abraham R. George | Chief, Civil Division | District of Massachusetts**
Phone: 617.748.3152 | Cell: 617-821-6040 | Email: abraham.george@usdoj.gov
U.S. Attorney's Office, District of Massachusetts, 1 Courthouse Way, Boston, MA 02210
(he/him/his)