UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.    )<br>)<br>KINGSLEY R. CHIN,    )<br>ADITYA HUMAD, and    )<br>SPINEFRONTIER, INC.,    )<br>)<br>       Defendants    ) | No. 1:21-cr-10256-RWZ |

### GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO UNSEAL THE COURT'S JULY 3, 2024 MEMORANDUM AND UNDERLYING MOTION PAPERS AND EXHIBITS

The United States respectfully opposes the defendants' Motion to Unseal the Court's July 3, 2024 Memorandum and Underlying Motion Papers and Exhibits, Dkt. No. 183.

Defendants' request to unseal stands on two shaky pillars: First, a misreading of out-of-circuit precedent regarding the grand jury secrecy requirement and, second, an appeal to the supposed long-standing precedent of this United States Attorney's Office. Neither pillar bears the weight defendants place on it and the Court should deny their motion.

***Grand Jury Secrecy Interests Do Not Dissipate Upon the Return of An Indictment.***

First, Defendants rely heavily upon *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny for the principle that, while "grand jury materials are 'traditionally kept secret,' courts have equated grand jury materials to warrant materials and limited that tradition to 'the pre-indictment phase of an investigation.'" Dkt. No. 183 at 2 (citing *Kamakana*, 447 F.3d at 1185). Defendants' suggestion that grand jury secrecy interests dissipate upon the return of an indictment is a misreading of this line of cases. *Kamakana* explains that:

> [A]ccess to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Our case law has identified two categories of

> documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation.

447 F.3d at 1185. Defendants read the modifier "in the midst of a pre-indictment investigation" to apply *both* to warrant materials and grand jury transcripts—with the implication that the secrecy interest in *both* search warrant materials and grand jury materials dissipates upon the return of an indictment. But that's an incorrect reading of *Kamakana*.

Subsequent cases make clear that *Kamakana* identifies two separate categories of documents that have been "traditionally kept secret" and which are exempt from the presumption of public access to judicial records: (1) grand jury transcripts; and (2) warrant materials in the pre-indictment phase of an investigation. For example, one court applying *Kamakana* wrote that: "[i]nformation 'traditionally kept secret' is an exclusive club … [T]he Ninth Circuit Court of Appeals has recognized only three members: grand jury transcripts, warrant materials during the pre-indictment phase of an investigation, and attorney-client privileged materials. *Dousa v. U.S. Dep't of Homeland Security*, No. 19-cv-1255, 2020 WL 4784763, at *2 (S.D. Cal. Aug. 18, 2020). *See also Forbes Media LLC v. United States*, 548 F. Supp. 3d 872, 879 (N.D. Cal. 2021) (same).[1]

This reading of *Kamakana* is also consistent with decisions that squarely reject the proposition that grand jury secrecy ends with the conclusion of a grand jury investigation. As the First Circuit has explained: "The Supreme Court has repeatedly recognized the importance of secrecy in grand jury proceedings even after ... the grand jury has concluded its function." *United States v. McMahon*, 938 F.2d 1501, 1504 (1st Cir.1991) (citing *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979)). *See also, e.g., United States v.*

---

[1] Defendants cite one contrary unpublished district court opinion, which stated that "[w]hile grand jury transcripts are 'traditionally kept secret,' that tradition is limited to 'the pre-indictment phase of an investigation.'" *United States v. Emter*, No. CR 14-89-BLG-SPW, 2015 WL 13877057, at *4 (D. Mont. Nov. 19, 2015).

*George*, 839 F. Supp. 2d 430, 437 (D. Mass. 2012) (applying grand jury secrecy rules post-indictment and rejecting defendant's request for grand jury instructions); *In the Matter of the Application of WP Company LLC*, 201 F. Supp. 3d 109 (D.D.C. 2016) ("[E]ven where an investigation has concluded, grand jury proceedings generally remain secret … Although public access plays an important role in other aspects of the judicial process, there is no First Amendment right of access to grand jury proceedings.").

***The Government Takes Seriously Its Grand Jury Secrecy Obligations—For Multiple Reasons***

Second, defendants rely on a filing made by two now-former Assistant United States Attorneys discussing grand jury proceedings to establish the government's "own traditional post-indictment practices." *See* Dkt. No. 183 (citing *United States v. Fields*, Crim. No. 1:10-cr-10388-DPW (D. Mass. 10/22/2012), Dkt. No. 284).[2]

Regardless of the specific instance of that case (though the government notes that the filing identified witnesses only by their initials), the government views grand jury secrecy as of paramount importance. As the Supreme Court has explained:

> Even after the conclusion of a particular grand jury's investigation, continued secrecy protects the reputations of the innocent and safeguards witnesses from possible retaliation. In addition, stringent protection of the secrecy of completed grand jury investigations may be necessary to encourage persons to testify fully and freely before future grand juries. More generally, grand jury secrecy has traditionally been invoked to justify the limited procedural safeguards available to witnesses and persons under investigation.

---

[2] Ironically, at the time of that litigation, far from holding those AUSAs up as exemplars of appropriate government practices, Mr. Pollack filed multiple motions alleging prosecutorial misconduct—including alleging Fifth Amendment violations, violations of grand jury secrecy rules, *Brady* violations, and other miscellaneous Due Process violations. *See United States v. Fields*, Crim. No. 1:10-cr-10388-DPW (Dkt. Nos. 122, 313). To be clear, those AUSAs' filings were permissible as disclosures made by "an attorney for the government … in performing their duties." Fed. R. Crim. P. 6(e)(3)(i).

*Illinois v. Abbott & Assocs., Inc.*, 460 U.S. 557, 567 n.11 (1983) (citing *Douglas Oil Co.*, 441 U.S. at 222). These principles are codified both in Federal Rule of Criminal 6(e) and in Local Rule 106.1 which provides that "[a]ll subpoenas, motions, pleadings, and other documents filed with the clerk concerning or contesting grand jury proceedings shall be sealed and impounded unless otherwise ordered by the court based upon a showing of particularized need."

Contrary to defendants' suggestions regarding the practices of this Office, the government, including the undersigned counsel, takes seriously the grand jury secrecy obligations described by the Supreme Court and embodied in Rule 6(e).

The government respectfully requests that the Court deny Defendants' motion to unseal those portions of its July 3, 2024 memorandum and order discussing proceedings before a grand jury.

Dated: July 31, 2024

Respectfully submitted,

UNITED STATES OF AMERICA,

By its attorney,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Christopher Looney*
ABRAHAM R. GEORGE
MACKENZIE QUEENIN
CHRISTOPHER LOONEY
Assistant U.S. Attorneys
1 Courthouse Way
John Joseph Moakley U.S. Courthouse
Boston, MA 02210
(617) 748-3100

## CERTIFICATE OF SERVICE

      Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*Christopher Looney*
Christopher R. Looney
Assistant United States Attorney

Dated: July 31, 2024