UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:21-cr-10256-IT |
| ) | |
| KINGSLEY R. CHIN, ) | |
| ADITYA HUMAD ) | |
| ) | |
| Defendants ) | |

## GOVERNMENT OPPOSITION TO MOTION TO CONTINUE TRIAL

On February 10, 2025, the government disclosed its Exhibit List and Witness List.[1] Two days later, the defendants raised for the first time that they would seek a continuance of the March 17, 2025 trial date. The government opposes the motion—the defendants' second motion to continue this 2021 case. Dkt. No. 238.

The government acknowledges it has recently produced discoverable material in accordance with its ongoing obligations. Aside from the voluminous production of automatic discovery in 2021, including early production of *Jencks* materials, much of the information that the defendants assert they have insufficient time to review and incorporate into their defense, is information that the government produced many weeks or months ago—and the trial is still more than a month from the date of this filing.

The defendants' motion largely rests upon two categories of documents. *First*, whitepapers and presentations made to the government by **counsel** for third-party physicians (including doctors

---

[1] The defendants' motion notes the government designated thousands of pages of exhibits. The defendants are aware that most of that volume stems from bank records and time sheets, for which the government intends to utilize summary charts pursuant to Federal Rule of Evidence 1006.

identified as unindicted co-conspirators).[2]  These materials almost entirely reflect attorney advocacy, not witness statements, and contain unindicted co-conspirators' attorneys' gloss on the evidence.  Moreover, the whitepapers cite and rely upon documents virtually all of which the government produced years ago.

Further, the whitepaper produced most recently, in January of 2025, pertained to Dr. Sung. As defendants note, the government dismissed the count of the Indictment that pertained to him.[3] Dkt 225.  The government does not intend to prove the conspiracy charged in Count One so far as it pertains to Dr. Sung—a narrowing of the case and a non-prejudicial variance.  *See United States v. Cruz-Arroyo*, 461 F.3d 69, 77 (1st Cir. 2006).

*Second*, in response to a specific request made by the defendants and to alleviate any concerns about the adequacy of the government's review and production of *Jencks* material, the government produced raw agent notes of interviews and communications with witnesses and co-conspirators in early February 2025.  These disclosures were made in advance of the Court's *Jencks* deadline.  Corresponding reports for those notes were previously produced.[4]

Beyond these two categories of material, as is typical in the run-up to trial, the government has identified and produced a handful of reports and other records.  The items cited in the defendants' appendix should be placed in context.  Most of the reports cited in the appendix pertain

---

[2] On October 9, 2024, the government produced a whitepaper from lawyers for Dr. Carlson, a presentation and a letter from counsel for Dr. Sung, and a letter from counsel for Dr. Atwater.  Of those doctors, only Dr. Atwater is a government witness.  An additional presentation and letter with an appendix pertaining to Dr. Sung was produced on January 13, 2025.  Even if Drs Sung and Carlson were witnesses—a witness cannot be impeached by statements made by that witness's attorney. *United States v. Cuevas Pimentel*, 815 F. Supp. 81 (D. Conn. 1993).  More importantly, defendants received these materials months before trial and have had adequate time to incorporate the information into their defense strategy

[3] The government did not settle civilly with Dr. Sung and he was not charged criminally.  It is against that backdrop that the government decided to dismiss the kickback count that pertained to him.  Dkt 225.

[4] As the defendants note, there are a handful of notes for which a formal report was not prepared.

to individuals who are not witnesses, or are correspondence with counsel for those individuals. And again, the defendants have these materials well in advance of trial with ample time to review and assimilate the information. *See U.S. v. Devin*, 918 F.2d 280, 290 (1st Cir. 1990) ("the critical inquiry is not why disclosure was delayed but whether the tardiness prevented defense counsel from employing the material to good effect.").

At the same time that it has made these disclosures, the government has significantly narrowed its case in chief. The government disclosed a witness list consisting of only 15 witnesses (three of whom are government agents). And, as discussed above, the government's witness list does not include the two unindicted co-conspirators that are the subject of the dismissed counts. Although a lesser consideration than the reasons set forth above, the government also notes that its case in chief will consist of mostly out of state witnesses who have had the March 17, 2025 trial date blocked on their calendar since the last continuance granted in July.

If the Court requires further information to assess the motion, the government is available for a hearing at the Court's earliest convenience. Should the Court nevertheless decide to continue the trial, the government suggests beginning the trial the week of May 12 or thereafter. Based upon the meet and confer the parties have had thus far, it appears that the defendants are unavailable before July 21, 2025. The government has an immovable conflict with that date due to pre-planned international travel. If the Court pushes the trial past July 21, the government can begin trial in September.

                                                UNITED STATES OF AMERICA,

                                                By its attorney,

                                                LEAH B. FOLEY
                                                United States Attorney

                                                */s/ Abraham George*

ABRAHAM R. GEORGE
CHRISTOPHER LOONEY
MACKENZIE A. QUEENIN
Assistant U.S. Attorneys
1 Courthouse Way
John Joseph Moakley U.S. Courthouse
Boston, MA 02210
(617) 748-3100