

U.S. Department of Justice

**Leah B. Foley**
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

February 10, 2025

<u>Via Email</u>

Barry Pollack, Esq.
Joshua L. Solomon, Esq.
Daniel Marx, Esq.
William Fick, Esq.

    Re:    *United States v. Kingsley R. Chin, Aditya Humad*
            <u>No. 21-cr-10256-IT</u>

Dear Counsel:

    Enclosed please find a preliminary list of the government's exhibits and copies of the same. Pursuant to the *Jencks Act* and the Court's pre-trial order, we have previously produced witness statements in our possession that relate to subject matter encompassed in their anticipated testimony in the government's case-in-chief. We will continue to supplement as necessary as trial approaches.

    Please note the government may seek to introduce evidence as intrinsic to the charges set forth in the Indictment. Specifically, the government intends to introduce evidence that the defendants utilized Definitive NeuroDiagnostics, Dr. John Atwater's neuromonitoring business, in exchange or reward for Dr. Atwater's use of SpineFrontier products. The government also intends to introduce evidence that the defendants utilized another company owned by Dr. Atwater, Your Extra Hands Surgical Services ("YEHSS") in exchange or reward for Dr. Atwater's use of SpineFrontier products.

    In addition, the government intends to offer evidence concerning the defendants' failure to accurately report physicians' financial arrangements with SpineFrontier in response to inquiries from various hospitals.

    It is well-settled that evidence of other acts that are "intrinsic to the crime for which the defendant is on trial" is admissible without regard for the requirements of Federal Rule of Evidence 404(b). *United States v. Epstein*, 426 F.3d 431, 439 (1st Cir. 2005) (citation and internal quotation marks omitted) (affirming admission of defendant's tax return because the return was "intertwined with the crime" insofar as it reported some of the income he received from the wire fraud scheme, but not all of it, suggesting knowledge of the fraud); *United States v. Taylor*, 284 F.3d 95, 101 (1st

Cir. 2002) (affirming admission of reference to defendant's prior drug transaction on consensual recording with cooperating witness "as part and parcel of an on-going conversation taking place during the crime itself," and citing *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994), for the proposition that "Rule 404(b) is not applicable to evidence of crimes that are necessary to complete the story of the charged crime"). In the alternative, or in the event the Court deems the evidence not intrinsic, the government intends to offer the evidence pursuant to 404(b).

Finally, the government intends to introduce evidence pursuant to the foreign certification produced at USAO_0004258 – USAO_0004259 pursuant to 18 U.S.C. § 3505. And the government intends to utilize summary charts summarizing the evidence pursuant to Federal Rule of Evidence 1006.

    Very truly yours,

    LEAH B. FOLEY
    United States Attorney

    */s/ Mackenzie A. Queenin*
    ABRAHAM R. GEORGE
    CHRISTOPHER R. LOONEY
    MACKENZIE A. QUEENIN
    Assistant U.S. Attorneys