UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN,<br>ADITYA HUMAD<br><br>Defendants. | No. 1:21-cr-10256-IT |

**MOTION IN LIMINE CONCERNING VARIOUS NULLIFICATION ARGUMENTS**

The government moves *in limine* to preclude the defendants from pursuing a defense that is bolstered by nullification—whether that is through argument, questioning of witnesses, or otherwise. Specifically, the government seeks a ruling in advance of trial to prevent argument or testimony concerning: (1) available civil remedies for a violation of the Anti-Kickback Statute[1]; (2) potential punishment and/or the implication of a conviction on the defendants' "freedom"; (3) the merits of the prosecution; (4) selective prosecution; and (5) lack of patient harm (as set forth in in Dkt No. 245).[2] Allowing the defendants to raise these issues would invite nullification and would serve only to confuse the jury and distract from their duty to apply the law as the Court instructs.

---

[1] The government does not seek to preclude the defense from cross-examining witnesses as to their civil settlements with the government but does seek a ruling to prevent implicit or explicit reference to the notion that the government could have similarly chosen to forgo criminal charges with the defendants on trial.

[2] *See United States v. Haoyang Yu,* 19-cr-10195-WGY-1, Closing Argument, Dkt No. 278 Tr. 42:23-25 ("Your role here is tremendously important. A man's freedom and citizenship hang in the balance.")

A defendant's right to a defense "does not include the right to present irrelevant evidence." *United States v. Gottesfeld*, 319 F. Supp. 3d 548, 553 (D. Mass. 2018) (Gorton, J.) (quoting *United States v. Maxwell*, 254 F.3d 21, 26 (1st Cir. 2001)). Evidence is relevant only "if it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Any relevant evidence at trial must, therefore, relate to the elements of the crime charged or applicable defenses. *See United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1998).

The First Circuit has made clear that this Court should take affirmative steps to "block defense attorneys' attempts to serenade a jury with the siren song of nullification," *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993), and that "[a]n attorney's attempt to achieve [that] end indirectly" through irrelevant evidence and argument is improper, *United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996); *see also United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010) ("Neither the court nor counsel should encourage jurors to exercise their power to nullify."). In short, "[n]ullification has no basis in law, [and . . .] it would undermine not only the rule of law, but also the values at the core of our democracy." *United States v. Luisi*, 568 F. Supp. 2d 106, 120 (D. Mass. 2008).

Arguments raising the alternative of civil remedies, potential sentences, collateral consequences stemming from conviction, or meritless and/or selective prosecution are also irrelevant and improper. *See, e.g., United States v. Valerio*, 676 F.3d 237, 242 (1st Cir. 2012) (affirming district court's denial of motion to dismiss based on "selective prosecution" where counsel "was reprimanded for it by the judge on many occasions"); *Manning*, 79 F.3d at 219 (holding it "impermissible" to "argu[e] the severity of the punishment to the jury"); *United States*

*v. Gorski*, No. 12-10338-FDS, 2016 WL 2993612, at *1 (D. Mass. May 23, 2016) (granting government's motion in limine to exclude jury nullification evidence and argument, including "evidence of defendant's potential sentence"); *United States v. O'Brien*, 18 F. Supp. 3d 25, 36 (D. Mass. 2014) (Saylor, J.) (claims of "selective prosecution" are "improper").

Likewise, courts have long held that evidence that a practice is customary or widespread does not excuse criminal conduct. *See United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (holding that "only [the defendant's] actions and state of mind were material to her guilt" and the mere fact "that others may have been the beneficiaries of improper conduct does nothing to excuse [the defendant]," and also concluding that such evidence was properly excludable under Rule 403 because it was likely to create a "sideshow from which the jury could have gleaned little valuable information"); *United States v. Pitt-Des Moines, Inc.*, 168 F.3d 976, 991 (7th Cir. 1999) (concluding district court correctly excluded evidence of industry custom and practice "based on a fear that the jury might find [the defendant] not guilty because 'everyone does it'"); *Newton v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 135 F.3d 266, 274 (3d Cir. 1998) (en banc) ("Even a universal industry practice may still be fraudulent.").

None of these nullification-based arguments are relevant to whether the defendants committed the offenses charged, and each of them encourages the jury to decide the case based on emotion or other impermissible grounds. *See Smith*, 940 F.2d at 713 (explaining that relevant evidence must relate to the elements of the crime charged or applicable defenses). While the government recognizes that the Court's preference may be for the government to simply object in the moment, the jury cannot "unhear" defense counsel's questions or statements and simply hearing them is prejudicial in many cases. Even if the Court were to sustain the government's objection, the risk of improper nullification would have already been presented. The government

respectfully requests that the Court instruct the defendants not to elicit nullification as set forth above.

                Respectfully submitted,

                LEAH B. FOLEY
                United States Attorney

                */s/ Mackenzie A. Queenin*
                ABRAHAM GEORGE
                CHRISTOPHER R. LOONEY
                MACKENZIE A. QUEENIN
                Assistant United States Attorneys

Date: February 18, 2025

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Mackenzie Queenin, hereby certify that the parties have conferred and in good faith have attempted to narrow the issue before the Court. However, the parties were unable to arrive at a resolution.

Date: February 18, 2025          */s/ Mackenzie A. Queenin*
                                 MACKENZIE A. QUEENIN

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on February 18, 2025, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) (with paper copies to be sent to those indicated as non-registered participants).

*/s/ Mackenzie A. Queenin*
MACKENZIE A. QUEENIN
Assistant United States Attorney