UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN,<br>ADITYA HUMAD<br><br>Defendants. | No. 1:21-cr-10256-IT |

**MOTION *IN LIMINE* CONCERNING SELF-SERVING HEARSAY**

The government moves *in limine* to prevent Defendant Kingsley Chin from introducing self-serving hearsay in the form of a July 2019 recording between Chin and Dr. John Atwater.[1] The government will not seek to introduce the recording under Federal Rule of Evidence 801(d)(2). At the time of the recording, the government's investigation as to both Chin and Atwater was overt.[2]

The recording is replete with references to the amount of money Chin spent on legal fees, the length and scope of the government's investigation, Chin's view of the FBI and DOJ, the presumption that he is guilty, that Chin is "as clean as it gets" and other comments insinuating there is a racial undertone to the investigation. Those statements are not only irrelevant but also inadmissible hearsay when offered by the defendant. *See United States v. Rivera-Hernandez*, 497 F.3d 71, 80 (1st Cir. 2007) (citing Fed. R. Evid. 801, 802); *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985) (holding that Rule 801(d)(2)(A) was "designed to exclude the introduction of self-serving statements by the party making them"). The defendant is not permitted to circumvent this

---

[1] Atwater recorded the call consensually.

[2] The government first subpoenaed SpineFrontier, Inc. in June 2017.

rule by eliciting the defendant's statements through the cross-examination of other witnesses, like Dr. Atwater. *United States v. Bauzo-Santiago*, 49 F. Supp. 3d 155, 157 (D.P.R. 2014) (prohibiting defendant from eliciting defendant's "out-of-court statement during cross-examination of government witnesses to impeach the witnesses") (citing *Bemis v. Edwards,* 45 F.3d 1369, 1372 (9th Cir. 1995) and *United States v. Hudson,* 970 F.2d 948, 956 (1st Cir. 1992)).

The Court should reject any argument by the defense that the recording is admissible under Fed. R. Evid. Rule 803(3). Rule 803(3) authorizes the introduction into evidence of statements that concern "the declarant's then existing state of mind . . . such as intent, plan, motive, design, mental feeling . . . but not including a statement of memory or belief to prove the fact remembered or believed." Fed. R. Evid. 803(3). Indeed, Rule 803(3) is narrowly circumscribed. *See United States v. Sabean,* 885 F.3d 27, 41 (1st Cir. 2018) ("the exception is not 'a sweeping endorsement of all state-of-mind evidence'") (further citation omitted); *United States v. Cianci,* 378 F.3d 71, 105-106 (1st Cir. 2004) (upholding district court's exclusion of defendant's out-of-court statements that were being offered under Rule 803(3) because the defendant sought to admit the statement "to show that he did not and does not take bribes or engage in corrupt activity" and such self-serving observations are well-established grounds for non-admission). The Court should preclude introduction of the recording and cross-examination concerning the same.

        Respectfully submitted,

        LEAH B. FOLEY
        United States Attorney

        */s/ Mackenzie A. Queenin*
        ABRAHAM R. GEORGE
        CHRISTOPHER R. LOONEY
        MACKENZIE A. QUEENIN
        Assistant United States Attorneys

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I, Mackenzie Queenin, hereby certify that the parties have conferred and in good faith have attempted to narrow the issue before the Court. The government first raised the motion on 2/17/25 and the parties were unable to arrive at a resolution.

Date: February 18, 2025         */s/ Mackenzie A. Queenin*
                                Mackenzie A. Queenin


**CERTIFICATE OF SERVICE**

     I hereby certify that this document was filed through the ECF system on February 18, 2025, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) (with paper copies to be sent to those indicated as non-registered participants).

                                */s/ Mackenzie A. Queenin*
                                MACKENZIE A. QUEENIN
                                Assistant United States Attorney

3