UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN,<br>ADITYA HUMAD<br><br>Defendants. | Criminal No. 1:21-10256-IT |

**MOTION *IN LIMINE* TO PRECLUDE CROSS-EXAMINATION OF GOVERNMENT WITNESSES REGARDING CRIMINAL OFFENSES**

The government moves *in limine* to preclude the defendants from introducing evidence or cross-examining witnesses about their criminal histories. These criminal charges—involving only misdemeanor convictions or dismissed charges and which are not probative of the witnesses' truthfulness—are not proper impeachment and should be excluded from the upcoming trial.

**BACKGROUND**

On February 10, 2024, the government disclosed its witness list to defendants. Four of the witnesses identified on that list have criminal histories. The relevant offenses are as follows:

- A 2011 misdemeanor conviction for Driving on a Suspended or Revoked License (Exhibit A);[1]

- A 2020 misdemeanor conviction for Driving Under the Influence of Alcohol or Drugs (Exhibit B);

- A 2018 misdemeanor conviction for Driving Under the Influence of Alcohol or Drugs (Exhibit C);

---

[1] Exhibits A – D consist of the criminal records of four individuals that the government anticipates calling at trial. The government's motion to seal these Exhibits A – D (Dkt. No. 252) is currently pending. The Government will submit these exhibits to the Court pending the outcome of the motion to seal.

1

- A 1992 offense of Operating After a Suspension of a License that was dismissed (Exhibit D).

## ARGUMENT

Evidence relating to these offenses is irrelevant, not appropriate material for impeachment, and should be excluded from trial. Federal Rule of Evidence 609 sets forth the framework for impeachment by evidence of a criminal conviction. Rule 609 provides for admission of a witness's conviction—"subject to Rule 403"—"if the crime was punishable by death or imprisonment for more than one year" Fed. R. Evid. 609(a)(1)(A), or "for any crime regardless of the punishment … if the court can readily determine that establishing the elements of the crime required proving … a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

The convictions set forth above fall into neither category of appropriate impeachment evidence.  To the contrary, all the offenses are misdemeanors—so not punishable by death or imprisonment in excess of one year—and none require proving an element of falsity or dishonesty. Cross examination on this material would not be probative of these witnesses' credibility, because the offenses are wholly irrelevant to the instant case and do not relate to the witnesses' propensity for truthfulness or untruthfulness.  Any cross-examination would serve one purpose—to embarrass and humiliate these witnesses.  Accordingly, none of these offenses are appropriate subjects for impeachment of a witness and should be excluded.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court grant the Motion *in Limine* and exclude cross-examination of government witnesses concerning the criminal offenses set forth above.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

*/s/ Christopher Looney*
ABRAHAM GEORGE
CHRISTOPHER R. LOONEY
MACKENZIE A. QUEENIN
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Chris Looney*
CHRISTOPHER LOONEY

Dated: February 18, 2025