# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES

v.

KINGSLEY R. CHIN and
ADITYA HUMAD,
*Defendants*.

No. 1:21-cr-10256-IT

## DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE USE OF EVIDENCE OF CALL BETWEEN DEFENDANT CHIN AND GOVERNMENT WITNESS JOHN ATWATER

Defendants Kingsley Chin and Aditya Humad respectfully oppose the government's motion titled "Motion *In Limine* Concerning Self-Serving Hearsay." The government's motion concerns a recording that a government cooperating witness, Dr. John Atwater, made of a phone call between himself and Dr. Chin, without Dr. Chin's knowledge or consent, presumably at the request of the government.[1]

As an initial matter, the government's motion is unclear as to whether it seeks to preclude the recording as a whole, or only particular portions of the recording that the government views as "self-serving hearsay." The recording is approximately an hour and 15 minutes long, and thus contains many statements by both Dr. Chin and Dr. Atwater. The government's motion is a mere two pages, and does not attempt to address every potentially relevant statement in the recording. By labeling its motion as one "concerning self-serving hearsay," the government appears to suggest initially that it is seeking to preclude use of only portions of the recording that contain what the government deems "self-serving hearsay" by Dr. Chin. At other points, however, the motion seems

---

[1] At the time of the recording, Dr. Atwater and his counsel had been communicating with the government for months. Five days before the recording, Dr. Atwater called a member of the prosecution team to inform him that Dr. Chin had tried to contact Dr. Atwater.

to go further, but without substantive argument for the breadth of its request, by asking that the Court "preclude[e] introduction of *the recording* and cross-examination concerning the same." (Motion at 2 (emphasis added).) To the extent the government seeks to preclude defendants from introducing *any* portion of the recording, its motion provides far too little information about all statements made during the call to permit the Court to preclude the call in its entirety. To the extent the government seeks preclusion of only particular statements in the recording (such as those that it deems "self-serving hearsay"), the motion fails to detail those statements sufficiently to permit assessment of the government's request at this stage. Either way, defendants have no intention to reference the recording in their opening statements, and it would be premature for the Court to rule on preclusion now, before Dr. Atwater testifies or the government has introduced other evidence that might make particular portions of the recording both relevant and admissible.[2]

The government dislikes the recording that its own cooperating witness made for obvious reasons. Despite Dr. Atwater's deceit on the call in pretending to be supportive of and friendly with Dr. Chin, while surreptitiously recording him for the government, Dr. Chin made no incriminating statements in the course of the hour and 15 minute call. To the contrary, in its full context, including Dr. Chin engaging in conversation with a purported co-conspirator whom he trusted, but who was in reality attempting to elicit incriminating evidence for the government, the call undermines, by what it does not contain, the government's allegation that Dr. Chin was knowingly and willfully

---

[2] The motion is ambiguous in another respect as well, in that it fails to make clear whether it seeks an order as to only Dr. Chin or both defendants. The motion opens by asserting that it seeks "to prevent Defendant Kingsley Chin from introducing self-serving hearsay…." (Motion at 1.) By the end, however, when the motion has potentially expanded the scope of preclusion it seeks, it does not seem to limit the relief it seeks to Dr. Chin introducing the recording, but rather asserts generally that "[t]he Court should preclude introduction of the recording and cross-examination concerning the same," without limiting its request to what Dr. Chin should be permitted to do in his defense. (*Id.* at 2.) In light of that ambiguity, both defendants join in this opposition. Mr. Humad's desire to obtain the testimony from Dr. Chin that appears in his recorded statements pits Mr. Humad's Compulsory Process Clause rights against Dr. Chin's Fifth Amendment right not to testify.

violating the Anti-Kickback Statute and conspired to do so. As an example, examination of Dr. Atwater about the call, including eliciting from him testimony about what Dr. Chin did *not* say during it, despite its length and despite Dr. Atwater's purpose in making the call, would by definition not constitute hearsay. *See, e.g.*, *Valencia v. SBM Mgmt. Servs., LP*, No. 3:24-CV-00427-IM, 2024 WL 5074535, at *4 (D. Or. Dec. 11, 2024) ("[T]he absence of a statement [is] not hearsay."); *Hoffman v. Neves*, No. 17-13263, 2018 WL 4610866, at *2 (E.D. Mich. Sept. 26, 2018) ("Testimony regarding the absence of a statement is not hearsay."); *Llamas v. Seibel*, No. 16-CV-05812-WHO, 2017 WL 3782175, at *8 (N.D. Cal. Aug. 31, 2017) (same).

Not only did Dr. Chin make no incriminating statements – a meaningful fact that can be elicited by defendants at trial through use of the recording or cross-examination of Dr. Atwater – but he also revealed an exculpatory mindset through affirmative statements, which is relevant and material in light of the fact that Anti-Kickback Statute violations are specific-intent crimes requiring knowledge that one's conduct violates the law. By way of example, Dr. Chin expressed during the call that to the extent the SpineFrontier consulting program was problematic, he believed its problems involved documentation failures, a mindset inconsistent with the *mens rea* requirement for an Anti-Kickback Statute violation. Dr. Chin also articulated his intentions for the consulting program as being linked to benefits that practicing surgeons can offer to the product-development and patent processes specifically, consistent with defendants' explanation for and understanding of the program. This evidence is inconsistent with the government's theory that defendants intended the program as an inducement for the sale of products. Statements on the call may thus ultimately be admissible for non-hearsay purposes, such as Dr. Chin's state of mind, intentions, and motivations. *See* Fed. R. Evid. 803(3).

Because the government does not acknowledge, much less grapple with, every potentially exculpatory statement during the call, it does not address such mindset evidence. It instead rests on general, otherwise-uncontroversial principles under Rule 803(3), without applying them to particular statements on the call. For example, the first case the motion cites with respect to Rule 803(3) is *United States v. Sabean*, 885 F.3d 27 (1st Cir. 2018), which it invokes for the unremarkable proposition that not all mindset evidence is automatically admissible. That case found Rule 803(3) inapplicable to mindset evidence where the date of the evidence and the conduct at issue were separated by "several years." *Id.* at 41. That holding has no relevance here. Similarly inapposite is the motion's citation to *United States v. Cianci*, 378 F.3d 71 (1st Cir. 2004), which simply holds with respect to Rule 803(3) that assessments of whether proffered evidence actually speaks to a relevant state of mind are fact-sensitive inquiries that are thus well within a District Court's discretion to make. The facts at issue in *Cianci* have no bearing on the inquiry here. Nor does the motion attempt to draw any parallels between the facts in *Cianci* and those here, as the motion merely recites general Rule 803(3) principles without applying them to any particular evidence from the recording.

In short, the call between Dr. Chin and Dr. Atwater, as a whole, and certain particular statements during it that the motion never addresses, are inconsistent with Dr. Chin having knowingly and willfully violated the law or conspired with Mr. Humad to do so. In part, what Dr. Chin did not say in the particular context of that call has evidentiary value. In some instances, what he expressly did say spoke to his state of mind. The motion does not meaningfully address either.

Furthermore, while it is not clear if the government seeks to exclude statements by Dr. Atwater on the call (which could not, by definition, be "self-serving" hearsay by Dr. Chin), the call could also prove relevant to responding to or impeaching testimony from Dr. Atwater, whom

the government has stated an intention to call as a witness. The motion comes nowhere close to justifying a categorical bar on such potential responsive or impeachment evidence with respect to a government witness. The recording includes, for example, statements from Dr. Atwater to the effect that he empathizes with and relates to Dr. Chin in a way that suggests he did not in fact believe Dr. Chin was doing anything wrong, much less illegal, and statements to the effect that Dr. Atwater wanted to continue to do business with Dr. Chin in multiple ways. These statements are inconsistent with anticipated trial testimony by Dr. Atwater. Related statements by Dr. Chin may be necessary to put Dr. Atwater's statements in context. Defendants also must be permitted to cross-examine Dr. Atwater about the fact that he secretly recorded his long-time friend and colleague in an (unsuccessful) effort to incriminate Dr. Chin, so as to benefit and ingratiate himself with the government. At the very least, assessment of the admissibility of particular statements on the call can be made only in light of what Dr. Atwater ultimately testifies to at trial.

## Conclusion

For the reasons set forth herein, defendants respectfully request that the Court deny the government's motion *in limine*.

Respectfully submitted,

**KINGSLEY CHIN**

By his attorneys,

/s/ *Joshua L. Solomon*
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com

**ADITYA HUMAD**

By his attorneys,

/s/ *Daniel N. Marx*
Daniel N. Marx (BBO #674523)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document, filed on March 3, 2025, through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Joshua L. Solomon*