IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>KINGSLEY R. CHIN and<br>ADITYA HUMAD,<br>    *Defendants*. | No. 1:21-cr-10256-IT |

**DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE CROSS-EXAMINATION OF GOVERNMENT WITNESSES REGARDING CRIMINAL OFFENSES [D.E. 260]**

Defendants, Kingsley Chin and Aditya Humad, respectfully submit this Opposition to the government's Motion *in Limine* to Preclude Cross-Examination of Government Witnesses Regarding Criminal Offenses. D.E. 260. Defendants will not seek to question witnesses about their criminal histories without first addressing the issue with the Court outside the presence of the jury, but the Court should refrain from making a categorical ruling now and reserve decision for trial based on the evidence and testimony as it comes in, potentially supplemented by ongoing defense investigation.

Defendants are very unlikely to request to elicit testimony about the 2011 conviction for driving without a license (government's Exhibit A) or the 1992 dismissed charge for operating after a suspended license (government's Exhibit D). But the more recent convictions for driving under the influence (government's Exhibits B & C) may yet prove relevant and admissible.

*First*, Fed. R. Evid. 609(a)(2) provides: "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." With regard to the drunk driving conviction described in the government's Exhibit B, defense counsel

have reason to believe that this government witness made materially false statements to law enforcement. The police report describes the incident as follows:

> DUE TO THE TIRE TRACKS AND THE DEBRIS TRAIL IT APPEARED THAT [DRIVER] … STRUCK THE RAISED CENTER MEDIAN. HE STRUCK A SIGN AND CONTINUED OVER THE MEDIAN. THE VEHICLE CONTINUED OVER 2 LANES OF ONCOMING TRAFFIC AND IT APPEARED TO HAVE WENT OVER THE SOUTH CURB AND EITHER STRUCK A UTILITY POLE OR THE POLE GUIDE WIRE AND SNAPPED THE TOP HALF OF THE POLE OFF…. [DRIVER] SMELLED OF ALCOHOL AND APPEARED INTOXICATED.

Ex. 1 (redacted police report). But when questioned, "[DRIVER] STATED HE WAS DRIVING AND A TIRE BLEW AND HE LOST CONTROL OF THE VEHICLE." *Id*. While dishonesty is not an element of the offense, to the extent the plea colloquy confirmed the witness's dishonesty, it is admissible or at least the proper subject of questioning.

*Second*, even if the Court is not required to admit convictions in government's Exhibits B and C as impeachment under Fed. R. Evid. 609, the charges and lenient diversionary dispositions both witnesses apparently received may be admissible for another purpose, such as proof of bias. In *Delaware v. Van Arsdall*, 475 U.S. 673 (1986), the Supreme Court reviewed a case where "the trial court prohibited *all* inquiry into the possibility that [the witness] would be biased as result of the State's dismissal of his pending public drunkenness charge." *Id*. at 679 (emphasis in original). "By thus cutting off all questioning about an event that the State conceded had taken place and that a jury might reasonably have found furnished the witness with a motive for favoring the prosecution in his testimony, the court's ruling violated respondent's rights secured by the Confrontation Clause." *Id*.

Here, the prior criminal cases at issue in government's Exhibits B and C took place close in time to the federal investigations of the witnesses and their cooperation with the government.

The witnesses have received lenient treatment both here and in the state court criminal cases. Defendants must be permitted to cross-examine the witnesses about the exposure they faced in the state cases, and the lenient treatment that they received, in order to inquire into federal authorities' assistance in obtaining more lenient dispositions for the witnesses, the contribution of state charges to the witnesses' desperation or other bias, and the extent to which the witnesses touted their own cooperation in seeking more lenient dispositions from state officials. All of these questions bear on the credibility of their testimony at trial.

Respectfully submitted,

**KINGSLEY CHIN**

By his attorneys,

/s/ *Joshua L. Solomon*
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com

**ADITYA HUMAD**

By his attorneys,

/s/ *William W. Fick*
Daniel N. Marx (BBO #674523)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA   02110
(857) 321-8360
dmarx@fickmarx.com
 wfick@fickmarx.com

3

## Certificate of Service

  I, William W. Fick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 3, 2025.

                 /s/ William W. Fick