UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN,<br>ADITYA HUMAD<br><br>            Defendants. | No. 1:21-cr-10256-IT |

**RESPONSE TO DEFENDANTS' SEPARATE, BUT SIMULTANEOUS
NOTICES CONCERNING RELIANCE ON ATTORNEY-CLIENT PRIVILEGE**

On June 7, 2024, the Court entered an order requiring the Defendants to provide "notice of their intent to raise an advice/involvement-of-counsel defense at the time of their other disclosures under the court's Amended Pretrial Order."[1] Dkt. No. 179. Subsequently, upon the Defendants' motion for reconsideration, the Court observed that "Chin and Humad have not suggested that their defenses or claims of attorney-client privilege would differ, such that severance of the trial would be appropriate." Dkt. No. 247. The Defendants never rejected or rebutted that suggestion. Indeed, throughout this matter, the Defendants have filed jointly each substantive motion in this case and have presented their defense in lockstep. Last night, however, the Defendants filed separate, but obviously coordinated filings (employing identical phrases and essentially at the same time), in response to the Court's Order on privilege waiver. Humad's notice states that he intends to invoke the presence of counsel to demonstrate good faith, stating that SpineFrontier objects to

---

[1] The government requested the Court enter a deadline sixty days out from trial on the issue of the Defendants' election on presence/advice of counsel precisely to avoid this precise trial by ambush scenario.

the waiver of privilege. Dkt 277. Chin's notice takes the opposite position, stating that he does not intend to rely on advice of counsel and that SpineFrontier objects to any waiver. Dkt 278.

Now, on the eve of trial, dissatisfied with the Court's rulings on the waiver of attorney-client privilege and the Court's initial reaction to their motion to continue the trial, the Defendants have concocted a thinly-veiled strategic attempt to disrupt the trial by taking irreconcilable positions—essentially forcing this Court to abandon its rulings on the issue of presence or advice of counsel or, alternatively, sever their trials without the Defendants' formally moving for a severance at this late stage.

In so doing, the Defendants propose to have their cake and eat it too. Each Defendant is reliant on the other to achieve their improper ends of evading the Court's ruling on waiver surrounding the presence of counsel. Moreover, their choices are no coincidence; each is dependent on the other agreeing to this *exact* strategy to succeed. That is, if Chin and Humad reversed positions, or if Humad claimed advice-of-counsel, rather than presence of counsel, then they could not collectively make out a presence of counsel defense without producing the purportedly privileged documents. Chin asserts that he is not waiving privilege and neither is SpineFrontier—this, in the Defendants' view, leaves the SpineFrontier documents entombed. And Humad proposes that he's waiving, but only as to presence of counsel—this allows Humad to avoid the government seeing the documents and allows Chin a free ride before the jury, as he knows full well the jury will hear Humad's presence of counsel arguments and potentially apply them to Chin also. The Defendants take these positions in attempt to circumvent the Court's ruling—hoping the Court permits their last-minute gamesmanship.

Given the circumstances and the Defendants' position, the government proposes that the cases be severed and that the Defendants be tried in immediate sequence. To facilitate this, the government requests the following:

- That the Court enter an order severing the trial of the two defendants;
- That the Court conduct a joint jury selection as scheduled on March 17, 2024, empaneling two separate juries—one for *United States v. Kingsley Chin* and a separate jury for *United States v. Aditya Humad*;
- That the trial of *United States v. Chin* commence immediately on the day following jury selection;
- That the trial of *United States v. Humad* commence the day immediately following completion of closing arguments in *United States v. Chin*.

As noted in various filings, the government has streamlined this case significantly and expects to put its case in chief in within a week, if the Court is willing to accommodate sitting past 1 pm. Because the parties were told to reserve over three weeks for trial, the government and the Defendants are available to try both cases sequentially.

Further, because Humad has now unmistakably indicated that he will waive (as the Court has repeated that invoking presence of counsel is a waiver), and because his Sixth Amendment rights trump the rights of the privilege holder, the Court should produce the Strong & Hanni documents to the government and order the Defendants to produce the hundreds of documents on their privilege logs for the government's *immediate* review.[2] *See United States v. W.R. Grace, et al.*, 439 F. Supp. 2d 1125, 1147 (D. Mont. 2006) ("If the Individual Defendants in this case succeed in showing that their Sixth Amendment rights require disclosure of Grace's privileged communications, Grace's attorney-client privilege will yield."). In the event the government finds either crime/fraud applies or that the privilege claims were overbroad, the government will

---

[2] In the event the Court orders Chin's trial to proceed first, the government will use a filter attorney to review the documents in the first instance and will provide contact information to the Court.

immediately file any such motion with the Court and if the Court agrees those documents also should be available in the Chin trial.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

/s/ Mackenzie A Queenin
ABRAHAM R. GEORGE
CHRISTOPHER R. LOONEY
MACKENZIE A. QUEENIN
Assistant United States Attorneys

Date: March 4, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on March 4, 2025, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) (with paper copies to be sent to those indicated as non-registered participants).

/s/ Mackenzie A. Queenin
Assistant United States Attorney