UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN,<br>ADITYA HUMAD<br><br>              Defendants. | Criminal No. 1:21-10256-IT |

**SURREPLY TO DEFENDANTS' MOTION TO CONTINUE TRIAL AND FOR HEARING REGARDING BRADY VIOLATIONS**

The government has not violated *Brady*. The Defendants are free to zealously argue to the jury and the Court that the government has not proven its case beyond a reasonable doubt. But what they should not be permitted to do is make wild accusations against a federal agent and a member of the former prosecution team. The contention that a prosecutor or a federal agent has engaged in a sustained, orchestrated effort to "bury" and "withhold" evidence is simply untrue and unsupported by the record in this case.

In service of their baseless accusations, the Defendants incessantly engage in rank speculation alleging that the government's dismissal of certain counts in the Indictment are somehow connected to the Defendants' discovery claims. They are not. For two of the three dismissed counts, the government received no white papers or presentations and has produced no new interview reports or notes. The Defendants' reply omits this information. Rather, they insist, based on nothing more than their say-so that there is a connection—because their prejudice claims hinge on it. More troubling is that the government has repeatedly informed the Defendants that it is not treating its disclosure obligations under *Brady* and *Giglio* any differently with respect to the surgeons that are the subjects of the dismissed Anti-Kickback Statute counts. In the leadup to trial,

1

it is the government's prerogative to assess its case in chief and to make strategic decisions in the best interests of its case. That it has done so here is hardly an "odd development." Any suggestion that the government has dismissed counts to circumvent its discovery obligations is specious—full stop.

The Defendants' Reply rehashes their arguments concerning white papers. In particular, it focuses on a white paper drafted by Dr. Atwater's attorney that the government produced nearly six months ago, which is an advocacy piece and otherwise references material that was previously produced. Under the Defendants' theory, any evidence generated by any cooperating witness' attorney is *Brady* material. But that is not the law. *See United States v. Prochilo*, 629 F.3d 264, 269 (1st Cir. 2011) (overruling district court's order that government disclose "all cooperator-related material in its possession"). The Defendants have known of the identities of the surgeons referenced in the white papers for *years*. And they have had those surgeons' interview reports for *years*. They have also had the documents referenced in those white papers for *years*. The only piece of information they lacked, was those surgeons' attorney's gloss on the facts. This is not the stuff of a *Brady* violation.

The Defendants' claim concerning notes underlying interview reports that were produced three and a half years ago fares no better. The government has conceded that there are some inconsistencies between the notes and some of the finalized interview reports. But nearly all the Defendants' bulleted reply points pertaining to the agent notes are taken out of context. For the sake of argument only, even assuming all the Defendants' contentions about the inconsistencies with the Dr. Atwater report are true—if the Defendants choose to highlight this as a defense strategy, they may elect to call the agent in their case-in-chief, and they have time to prepare to do so. Similarly, the reference to a "mountain" of late-breaking evidence lacks credulity. The

Case 1:21-cr-10256-IT   Document 287-1   Filed 03/05/25   Page 3 of 4

government produced the missing notes underlying a handful of interview reports as soon as the Defendants raised that they were missing for the first time. Their non-production in February with the rest of the notes —again well in advance of the *Jencks* deadline—was an honest mistake.[1]

Likewise, the Defendants' claim that the narrowing of the case has only *now* highlighted the need to engage an expert is without merit. The issue in this case is whether the Defendants intentionally induced surgeons to use spinal implants by paying them pursuant to a sham consulting program. The notion that the lower dollar amount at issue somehow highlights the need for expert testimony concerning patents is a ploy to continue the trial date in the event the Court is not persuaded by the Defendants' other arguments. The Defendants do not allege that the surgeons that are the subjects of the charged counts contributed to the patents at issue. Even if they could prove as much—their argument misses the point. If the consulting hours were not completed as submitted by the surgeons, and the Defendants agreed (as was the case with Dr. Montone, for example) to pay the surgeons a percentage of SpineFrontier's revenue, or a set amount per case, the value of the patents is utterly irrelevant.

The Defendants do not, because they cannot, explain why a well-staffed, resourced, and sophisticated defense team cannot adapt to a non-prejudicial narrowing of the case and review the material at issue in the period they had—and still have—before trial. Other than engaging an expert on an issue that has not changed since the Indictment, and in any event is irrelevant, they have not identified a single action item they could not have undertaken before. For all the reasons set forth above, in its Opposition, and to be discussed further at the hearing, the government

---

[1] As noted previously, the 302s and their corresponding notes are not "*Jencks*" material for the witnesses they pertain to.

3

respectfully submits that the Defendants' motion and their request for an evidentiary hearing should be denied.[2]

                                                Respectfully submitted,

                                                LEAH B. FOLEY
                                                United States Attorney

                                                */s/ Mackenzie A. Queenin*
                                                ABRAHAM GEORGE
                                                CHRISTOPHER R. LOONEY
                                                MACKENZIE A. QUEENIN
                                                Assistant United States Attorneys

## CERTIFICATE OF SERVICE

      I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: March 5, 2025                                                                */s/ Mackenzie A. Queenin*
                                                                                   Mackenzie A. Queenin

---

[2] The Defendants have failed to meet their burden of establishing a disputed issue of material fact that would warrant a hearing. *See United States v. Staula*, 80 F.3d 596, 603 (1st Cir. 1996). The case the defendants cites to notes a "pattern of false testimony" and "lack of candor" exhibited by government representatives. To the contrary, the Defendants' own *Brady* motion notes the diligence of the current prosecution team in responding to the issues raised by the Defendants.