UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>KINGSLEY R. CHIN and<br>ADITYA HUMAD,<br>    *Defendants*. | No. 1:21-cr-10256-IT |

**FORMER DEFENDANT SPINEFRONTIER, INC.'s
RESPONSE TO COURT'S ORDER DATED MARCH 5, 2025**

SpineFrontier, Inc. respectfully submits this response to the Court's Order of March 5, 2025, which directed as follows:

> To the extent that SpineFrontier claims that Humad is barred from raising this defense (with the resultant waiver), it shall, no later than 12 p.m. on March 6, 2025, provide any authority for that position.

SpineFrontier objects to the Court finding any implicit waiver by Humad where he has stated that he does not intend to disclose any confidential advice from counsel for SpineFrontier or make arguments about such advice.

On February 17, 2025, SpineFrontier submitted to the Court a notice stating that it maintains its objection to any finding of waiver of SpineFrontier's privilege because of actions by the remaining individual defendants in the absence of any defense that reveals the contents or substance of its privileged attorney-client communications.

On March 3, 2025, Humad filed a notice (D.E. 277) stating that he intended to elicit evidence concerning the presence or involvement of counsel but also confirmed: "Mr. Humad does not intend to disclose any specific advice from counsel for SpineFrontier or to make arguments about such legal advice." To the extent that Humad were to reference only a general statement

about a role of counsel showing an effort "to do things legally" without having "referenced a particular conversation with the counsel," this Court has suggested a waiver of the company's privilege can be avoided. *See* Memorandum & Order dated February 18, 2025, at 7 n. 2 (quoting *United States v. Gasparik*, 141 F. Supp. 2d 361 (S.D.N.Y. 2001) (finding no waiver based on general reference to counsel's role tending to show effort to do things legally).

Caselaw is, admittedly, not fully developed on this subject. As such, SpineFrontier preserves its objections to allow an immediate interlocutory appeal should the Court order a production of privileged materials.[1] To be clear, SpineFrontier's position is that it has no right to limit Humad's efforts to defend himself with non-privileged facts, but Humad lacks the power/authority to reveal SpineFrontier's privileged information or to waive SpineFrontier's privilege. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348-49 (1985) (with respect to a corporation's attorney-client privilege, "managers, of course, must exercise the privilege in a manner consistent with their fiduciary duty to act in the best interests of the corporation and not of themselves as individuals"); *In re Grand Jury Proc.*, 219 F.3d 175, 188 (2d Cir. 2000) ("More importantly, the issue is not whether the reference to the attorney's advice was a deliberate attempt at exculpation, but rather whether it was a deliberate attempt ***on the part of the corporation*** to exculpate itself, as opposed to Witness's effort to exculpate himself personally.") (emphasis in original); *see Dexia Credit Loc. v. Rogan*, 231 F.R.D. 268, 277 (N.D. Ill. 2004), *citing to Weintraub* ("the privilege does not belong to the individual agents of the corporation seeking the advice; the privilege belongs to the corporation, because the corporation

---

[1] *In re Grand Jury Subpoenas*, 123 F.3d 695, 698 (1st Cir. 1997) (holding that client may seek an immediate appeal of an order compelling production of client's records from his attorney, "when an attorney is ordered by a court to produce client records in the face of a claim of privilege"). Here Strong & Hanni, as counsel for SpineFrontier has opted not to risk contempt, thereby providing SpineFrontier with an immediate right of appeal should the Court require disclosure of SpineFrontier's privileged materials.

is the client"); *see also United States v. White*, 887 F.2d 267, 270 (D.C. Cir. 1989) (where defenses or claims of attorney-client privilege would differ, "the court should have severed the trials").

To avoid any doubt, SpineFrontier understands that in accordance with the procedure the Court set in its June 7, 2024 Order, its former outside counsel at Strong & Hanni made a production directly to the Court, along with a privilege log for those portions of the production over which a privilege has been asserted. To the extent that items in that package contain communications over which no privilege has been asserted on the log (including redacted versions of documents), such items can be released.

                                                    Respectfully submitted
                                                    SpineFrontier, Inc.,
                                                    By its counsel

                                                    HUSCH BLACKWELL LLP

*/s/ Robert L. Peabody*

Dated:  March 6, 2025                              _____
                                                    Robert L. Peabody
                                                    MA #551936, NY #1990654
                                                    HUSCH BLACKWELL LLP
                                                    One Congress Street, Suite 3102
                                                    Boston, Massachusetts 02114
                                                    617.733.1376

## CERTIFICATE OF SERVICE

    The undersigned certifies that this document, filed on March 6, 2025, through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

_____
Robert L. Peabody