**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN,<br><br>Defendant. | No. 1:21-cr-10256-IT |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

**INDEX**

*PROPOSED PRELIMINARY JURY INSTRUCTIONS*

| Instruction Number | Description | Page Number |
|---|---|---|
| 1 | Duty of the Jury | 1 |
| 2 | Nature of Indictment; Presumption of Innocence | 2 |
| 3 | Preliminary Statement of Elements of Crime | 3 |
| 4 | Evidence; Objections; Rulings; Bench Conferences | 5 |
| 5 | Credibility of Witnesses | 7 |
| 6 | Conduct of the Jury | 8 |
| 7 | Notetaking | 10 |
| 8 | Outline of the Trial | 11 |

*PROPOSED FINAL JURY INSTRUCTIONS*

| Instruction Number | Description | Page Number |
|---|---|---|
| 9 | Duty of The Jury to Find Facts and Follow Law | 13 |
| 10 | Presumption of Innocence; Proof Beyond A Reasonable Doubt | 14 |
| 11 | Defendant's Constitutional Right Not to Testify | 15 |
| 12 | What is Evidence; Stipulations; Inferences | 16 |
| 13 | Kinds of Evidence: Direct and Circumstantial | 17 |
| 14 | Charts and Summaries | 18 |
| 15 | Credibility of Witnesses | 19 |
| 16 | Caution as to Cooperating Witness/Immunized Witness | 20 |
| 17 | Cautionary and Limiting Instructions as to Certain Kinds of Evidence | 21 |
| 18 | What Is Not Evidence | 22 |
| 19 | Count 1: Conspiracy (18 U.S.C. § 371) | 23 |
| 20 | Counts 2-4 Violations of the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(B)(2)) | 26 |
| 21 | Element 1: Knowingly and Willfully Offered or Paid, or Caused to Be Offered or Paid, Remuneration | 27 |
| 22 | Element 2: That One Purpose of The Remuneration was to Obtain or was in Return for the Orders or for Arrangements for the Ordering of Any Good or Item | 28 |
| 23 | Element 3: The Goods or Items were Paid for in Whole or in Part By a Federal Health Care Program | 30 |
| 24 | Element 4: The Defendant Acted Knowingly and Willingly | 31 |
| 25 | Loss Not Required | 32 |
| 26 | Aiding and Abetting / Causing a Violation to be Committed by Another | 33 |
| 27 | Foreperson's Role; Unanimity | 36 |
| 28 | Consideration of Evidence | 37 |
| 29 | Punishment Irrelevant to Consideration of Guilt | 38 |
| 30 | Reaching Agreement | 39 |
| 31 | Return of the Verdict Form | 40 |
| 32 | Communication with the Court | 41 |

## PROPOSED PRELIMINARY INSTRUCTIONS

### PROPOSED JURY INSTRUCTION NO. 1
### DUTY OF THE JURY

You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents, and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

**Authority:** Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Updated February 6, 2024 (hereinafter, "Pattern Crim. Jury Instr. 1st Cir.") § 1.01.

1

## PROPOSED JURY INSTRUCTION NO. 2
## NATURE OF INDICTMENT; PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by three assistant United States attorneys, Abraham George, Mackenzie Queenin, and Christopher Looney. The defendant, Kingsley Chin, is represented by his lawyers, Barry Pollack and Josh Solomon.

Dr. Chin has been charged by the government with several violations of federal law. He is charged:

- In Count One, with conspiracy to violate the Anti-Kickback Statute, in violation of 18 U.S.C. § 371, and

- In Counts Two through Five, with substantive violations of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2).

The charges against Dr. Chin are contained in the Indictment. The Indictment is simply the description of the charge against Dr. Chin; it is not evidence of anything. Dr. Chin has pleaded not guilty to the charges and denies committing the crimes. His is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.


**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 1.02.

**PROPOSED JURY INSTRUCTION NO. 3**
**PRELIMINARY STATEMENT OF ELEMENTS OF CRIME**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case.  I will instruct you regarding the elements of a substantive violation of the Anti-Kickback Statute first and then instruct you regarding the elements of the conspiracy charge.

To prove that Dr. Chin violated the Anti-Kickback Statute, the Government must provide, beyond a reasonable doubt:

First, that the defendant offered or paid, or caused to be offered or paid, remuneration including any kickback, bribe or rebate;

Second, that one purpose of the remuneration offered, paid, or caused to be offered or paid, was to induce the recipient to purchase or order, or arrange for purchasing or ordering any good or item—in this case, the allegation is that Dr. Chin paid or offered bribes to induce doctors to use spinal implants manufactured by a company called SpineFrontier;

Third, the goods or items were paid for in whole or in part by a federal health care program.

Fourth, that the defendant acted knowingly and willfully.

To prove the conspiracy charge against Dr. Chin, the Government must provide, beyond a reasonable doubt:

First, that an agreement, as specified in the indictment, existed between at least two people to violate the Anti-Kickback Statute;

Second, that the defendant willfully joined in that agreement; and

3

Third, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

You should understand, however, that what I have just given you is only a preliminary outline.

At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

**Authority:**  Pattern Crim. Jury Instr. 1st Cir., § 1.04; 18 U.S.C. § 371, 42 U.S.C. § 1320a-7b(b)(2).

**PROPOSED JURY INSTRUCTION NO. 4**
**EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES**

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 1.05.

## PROPOSED JURY INSTRUCTION NO. 5
## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

**Authority:**  Pattern Crim. Jury Instr. 1st Cir., § 1.06.

## PROPOSED JURY INSTRUCTION NO. 6
## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

8

Sixth, do not do any research on the internet about anything in the case or consult blogs or any social media or dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, do not discuss the case or anyone involved with it, or your status as a juror on any social media or look up any of the participants there.

Eighth, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Ninth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**Authority:**  Pattern Crim. Jury Instr. 1st Cir., § 1.07.

**PROPOSED JURY INSTRUCTION NO. 7**
**NOTETAKING**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your notetaking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

**Authority:**  Pattern Crim. Jury Instr. 1st Cir., § 1.08.

## PROPOSED JURY INSTRUCTION NO. 8
## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, Dr. Chin's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against Dr. Chin. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.

After the government's evidence, Dr. Chin's lawyers may [make an opening statement and] present evidence on Dr. Chin's behalf, but they are not required to do so. I remind you that Dr. Chin is presumed innocent, and the government must prove the guilt of Dr. Chin beyond a reasonable doubt.

Dr. Chin does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

**Authority:**  Pattern Crim. Jury Instr. 1st Cir., § 1.09.

**PROPOSED FINAL JURY INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION NO. 9**
**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. You, and you alone, are the judges of the facts. My opinion about the evidence in this case, if I have one, is totally irrelevant. You should not interpret anything I have said or done during the trial as indicating what I think about a witness or a piece of evidence or what I believe the verdict should be. It is your job, not mine, to determine what the facts are in this case.

To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions any suggestions by me as to what verdict you should return, that is a matter entirely for you to decide.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 3.01

## PROPOSED JURY INSTRUCTION NO. 10
## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Kingsley Chin, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless and until you are persuaded of their guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Dr. Chin is guilty of the crimes with which he is charged beyond a reasonable doubt. It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Dr. Chin's guilt of a particular crime, it is your duty to find him not guilty of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Dr. Chin's guilt of a particular crime, you should find him guilty of that crime.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 3.02

**PROPOSED JURY INSTRUCTION NO. 11**
**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY**

Dr. Chin has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that Dr. Chin did not testify.

For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 3.03.

**PROPOSED JURY INSTRUCTION NO. 12**
**WHAT IS EVIDENCE; STIPULATIONS; INFERENCES**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and the facts to which the lawyers have agreed or stipulated.

A stipulation means simply that the government and defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., §§ 2.01 and 3.04.

## PROPOSED JURY INSTRUCTION NO. 13
## KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 3.05

17

**PROPOSED JURY INSTRUCTION NO. 14**
**CHARTS AND SUMMARIES**

Charts or summaries prepared by the government have been admitted into evidence and were shown to you during the trial for the purpose of explaining facts that are contained in other documents.

You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

**Authority:** Adapted from 1A O'Malley, Grenig, & Hon. Lee, Federal Jury Practice and Instructions, § 14.02 (6th ed. 2008)

**PROPOSED JURY INSTRUCTION NO. 15**
**CREDIBILITY OF WITNESSES**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 3.06

19

**JURY INSTRUCTION NO. 16**
**CAUTION AS TO COOPERATING WITNESS/IMMUNIZED WITNESS**

You have heard testimony from witnesses who provided testimony under cooperation agreements and immunity agreements with the government.

The immunity agreements provided that the witness would not be charged criminally for the allegations that form the basis of the Indictment. However, if the witness testified untruthfully, he or she could be prosecuted for such charges, or additionally, for perjury or making a false statement. The witness may be presumed to have acted after an assessment of his own best interests, for reasons that are personal to him, but that fact has no bearing on any other parties to this case.

A witness who admits to committing certain actions and testifies against others pursuant to a cooperation agreement with the government almost always does so in the expectation of more lenient treatment. A witness testifying in such circumstances may, of course, be completely truthful. Still, you should consider the testimony of a witness testifying pursuant to a cooperation agreement with particular caution. You should scrutinize the testimony carefully to be certain that it is not shaded or slanted in such a way to serve the interests of the witness rather than that of the truth.

**Authority:** *See United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997); *United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001); *United States v. Foley*, 783 F.3d 7, 17-18 (1st Cir. 2015); Pattern Crim. Jury Instr. 1st Cir., § 2.08.

**PROPOSED JURY INSTRUCTION NO. 17**
**CAUTIONARY AND LIMITING INSTRUCTIONS AS TO CERTAIN KINDS OF**
**EVIDENCE**

A particular piece of evidence is sometimes received for a limited purpose only. That is, it can be used only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 3.07

## PROPOSED JURY INSTRUCTION NO. 18
## WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.      Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5.      The Indictment is not evidence. This case, like most criminal cases, began with an Indictment. You will have that Indictment before you in the course of your deliberations in the jury room. That Indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that Dr. Chin has had an Indictment filed against him is no evidence whatsoever of his guilt. The Indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The Indictment proves nothing.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 3.08

22

**JURY INSTRUCTION NO. 19**
**COUNT 1: CONSPIRACY (18 U.S.C. § 371)**

Count One of the Indictment charges the defendant, Kingsley Chin, with conspiring to violate the Anti-Kickback Statute.

I will first instruct you on the elements of conspiracy as they apply here and then I will instruct you on the elements of the substantive crime of violating the Anti-Kickback statute so that you may fairly evaluate whether Dr. Chin conspired to commit that crime.

With a conspiracy, the crime is the agreement to commit the substantive offense rather than the commission of the substantive offense. So, here, the crime is the agreement to violate the Anti-Kickback Statute, rather than the actual violation of the Anti-Kickback Statute.

For you to find Dr. Chin guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to violate the Anti-Kickback Statute; and

Second, that the defendant willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and

23

interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.

The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Dr. Chin willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that Dr. Chin agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Dr. Chin was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that the defendant personally committed or knew about the

overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 4.18.371; 18 U.S.C. § 371

**PROPOSED JURY INSTRUCTION NO. 20**
**COUNTS 2-4 VIOLATIONS OF THE ANTI-KICKBACK STATUTE**
**(42 U.S.C. § 1320a-7b(b)(2))**

As I mentioned, the object of the conspiracy alleged in Count One of the Indictment is violating the Anti-Kickback Statute. Counts Two through Four of the Indictment charge Dr. Chin with substantive violations of the Anti-Kickback Statute. I will now explain the elements of a violation of the Anti-Kickback statute.

For you to find Dr. Chin guilty of a violation of the Anti-Kickback Statute, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First, that Dr. Chin offered or paid, or caused to be offered or paid, remuneration including any kickback, bribe or rebate;

Second, that one purpose of the remuneration offered, paid, or caused to be offered or paid, was to induce the recipient to purchase or order, or arrange for purchasing or ordering any good or item;

Third, the goods or items were paid for in whole or in part by a federal health care program.

Fourth, that the Dr. Chin acted knowingly and willfully.

**Authority:** 42 U.S.C. § 1320a-7b(b)(2); *United States v. Bay State Ambulance & Hospital Rental*, 874 F.2d 20, 30-34 (1st Cir. 1989); *United States v. Greber*, 760 F.2d 63, 71-72 (3d Cir. 1985); *United States v. Kats*, 871 F.2d 105, 108 (9th Cir. 1989); *United States ex rel. Hart v. McKesson Corp.*, 96 F. 4th 145, 157 (2nd Cir. 2024).

26

**PROPOSED JURY INSTRUCTION NO. 21**
**ELEMENT 1: KNOWINGLY AND WILLFULLY OFFERED OR PAID, OR CAUSED**
**TO BE OFFERED OR PAID, REMUNERATION**

The first element that the government must prove beyond a reasonable doubt is that a particular defendant offered or pay, or caused to be offered or paid, remuneration.

"Remuneration" means something of value in whatever form. Remuneration may be paid in cash or in kind, such as through giving or exchanging property or services.

Remuneration includes the payment of a kickback, bribe, or rebate.

Remuneration may be offered or paid overtly, that is openly, or covertly, that is secretly; it may be offered or paid directly to the recipient, or offered or paid indirectly, through another.

**Authority:** 42 U.S.C. § 1320a-7b(b)(2); O'Malley, et al., Fed. Jury Prac. & Instr. §70:04 (6th ed. 2008);

**PROPOSED JURY INSTRUCTION NO. 22**
**ELEMENT 2: THAT ONE PURPOSE OF THE REMUNERATION WAS TO OBTAIN
OR WAS IN RETURN FOR THE ORDER OR FOR ARRANGEMENT FOR THE
ORDERING OF ANY GOOD OR ITEM**

The second element that the government must prove beyond a reasonable doubt is that
the remuneration was offered or paid, or caused to be offered or paid, the with intent to induce
the recipient to purchase or order, or arrange for purchasing or ordering, any good or item.

The intent to induce the recipient to purchase or order, or arrange for purchasing or
ordering, any good or item must, at least in part, have been the reason the remuneration was
offered or paid.

If the remuneration is only for a purpose other than seeking (whether successful or not) to
affect a transaction of payments of remuneration for the order or purchase of a good or item, it is
not within the scope of the Anti-Kickback Statute.

However, a defendant may act with a mixture of motives and the government's burden is
to prove that part of the remuneration is intended to compensate for past orders or purchases
and/or induce future purchases or orders; the government is not required to prove that such
inducement was the only reason for the remuneration.

Even if a payment or offer of payment had other purposes, if one purpose of the
remuneration was to induce purchases or orders, or arranging for purchases or orders, and that
purpose was not an insignificant or *de minimis* purpose, the payment was unlawful.

**Authority:** *United States ex rel. Camburn, et al. v. Novartis Pharm. Corp.*, No. 22-2708, slip.
op. at 12 (2d Cir. Dec. 27, 2024) ("[A] defendant violates the AKS when at least one (rather than
the primary or sole) purpose of the remuneration she provides is to induce purchase of a federally
reimbursable healthcare product.") (citing *Guilfoile v. Shields*, 913 F.3d 178, 189 (1st Cir.
2019)); *United States v. Greber*, 760 F.2d 68, 71-72 (3d Cir. 1985) ("If the payments were
intended to induce the physician to use Cardio-Med's services, the statute was violated, even if

the payments were also intended to compensate for professional services."); *United States v. Woodward*, 149 F3d 46, 71-72 (1st Cir. 1998) (citing *Greber* with approval in deprivation of honest services case); *United States v. Bay State Ambulance & Hospital Rental*, 874 F.2d 20, 30 (1st Cir. 1989) (declining to decide whether the 'primary purpose' or 'one purpose' test was appropriate in a Medicare Anti-Kickback Act case because the defendants had been convicted under the more stringent 'primary purpose' standard, but citing with approval the reasoning of *Greber*); *United States v. Lahue*, 254 F.3d 900, 911 (10th Cir. 2001); *United States v. McClatchey*, 217 F.3d 823, 835 (10th Cir. 2000); *United States v. Davis*, 132 F.3d 1092, 1094 (5th Cir. 1998); *United States v. Kats*, 871 F.2d 105, 108 (9th Cir. 1989); *United States v. Reichel*, No. 15-cr-10324-DPW (D. Mass. 2015), DN 244 at 5.

**PROPOSED JURY INSTRUCTION NO. 23**
**ELEMENT 3:  THE GOODS OR ITEMS WERE PAID FOR IN WHOLE OR IN**
**PART BY A FEDERAL HEALTH CARE PROGRAM**

The third element that the government must prove beyond a reasonable doubt is that the

drugs for which the remuneration was offered or paid, were paid for in whole or in part by a

Federal Health Care program, such as the Medicaid or Medicare program.

**Authority:**  42 U.S.C. § 1320a-7b(b)(2).

## PROPOSED JURY INSTRUCTION NO. 24
## ELEMENT 4:  THE DEFENDANT ACTED KNOWINGLY AND WILLFULLY

The final element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

The word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

The term "willfully" used in this context means the same as I previously told you—that is a defendant committed an act voluntarily and purposely, with the specific intent to do something the law forbids, that is, with a bad purpose, either to disobey or disregard the law. However, a defendant need not be aware of the specific law or rule that his conduct may be violating.

**Authority:**  42 U.S.C. § 1320a-7b(b)(2); O'Malley, et al., Fed. Jury Prac. & Instr. §70:04 (6th ed. 2008); *United States v. Starks*, 157 F.3d 833, 839 (11th Cir. 1998); *United States v. Bay State Ambulance & Hospital Rental*, 874 F.2d 20, 30 (1st Cir. 1989); *United States v. Greber*, 760 F.2d 68, 71 (3d Cir. 1985); *United States ex rel. Hart v. McKesson Corp.*, 96 F. 4th 145, 157 (2nd Cir. 2024) ("[W]e hold that the term 'willfully' in the AKS means what it typically means in federal criminal law. To act willfully under the AKS, a defendant must act with a 'bad purpose,' … In other words, the defendant must act 'with knowledge that his conduct was unlawful.'").

## JURY INSTRUCTION NO. 25
## LOSS NOT REQUIRED

A violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2), does not require the government to prove that money or funds used to pay the remuneration came from federal funds or that the government lost any money as a result of the misconduct. The government need not show that the illegal payments increased costs to the government. The Anti-Kickback Statute is designed to ensure that health care providers make choices regarding patient care based upon quality, or service, or the patient's best interest, rather than their own financial interest.

Congress has deemed it appropriate to make it a crime to offer, or pay, any remuneration to induce referrals or orders of a service paid for through Medicare, Medicaid, the VA Healthcare system, or any other federal healthcare program, without requiring the government to show that the illegal payment increased costs to the federal healthcare program or hurt individual patients.

**Authority:** *United States v. Ruttenberg*, 625 F.2d 173, 177, FN. 9 (7th Cir. 1980); *United States v. Greber*, 760 F.2d 68, 71-72 (3d Cir. 1985); *United States v. Bay State Ambulance & Hospital Rental*, 874 F.2d 20, 34 (1st Cir. 1989); *United States v. Eggleston*, 823 Fed. App'x 340, 344 (6th Cir. 2020); *Pfizer, Inc. vs. HHS*, 42 F.4th 67 (2d Cir. 2022) and *Pharm. Coal. For Patient Access v. HHS*, No. 24-1230, 2025 WL 271562 (4th Cir. 2025).

## PROPOSED JURY INSTRUCTION NO. 26
## AIDING AND ABETTING / CAUSING A VIOLATION TO BE COMMITTED BY ANOTHER

I have now described to you the elements of a substantive violation of the Anti-Kickback Statute.

Alternative ways the government can prove Dr. Chin guilty of a violation of the Anti-Kickback statute is to show either that he aided and abetted the commission of that offense or that he caused a violation of the Anti-Kickback Statute to be committed by another.

To "aid and abet" means intentionally to help someone else commit the charged crime.

To establish aiding and abetting, the government must prove beyond a reasonable doubt:

First, that the crime of violating the Anti-Kickback statute was actually committed by someone;

Second, that Dr. Chin took an affirmative act to help or cause the violation of the Anti-Kickback statute; and

Third, that Dr. Chin intended to help or cause the commission of the violation of the Anti-Kickback.

The second element, the "affirmative act" element, can be satisfied without proof that Dr. Chin participated in each and every element of the violation of the Anti-Kickback Statute. It is enough if Dr. Chin assisted in the commission of the violation of the Anti-Kickback Statute or caused the violation of the Anti-Kickback Statute to be committed.

The third element, the "intent" element, is satisfied if Dr. Chin had advance knowledge of the facts that make the principal's conduct criminal. "Advance knowledge" means knowledge at a time the defendant can opt to walk away.

To establish that the defendant caused an act to be done by another, the government must prove beyond a reasonable doubt:

First, that another person committed a violation of the Anti-Kickback statute or committed an indispensable element of a violation of the Anti-Kickback statute; and

Second, that Dr. Chin willfully caused these acts, even though he did not personally commit these acts.

The government need not prove that the person who did commit a violation of the Anti-Kickback Statute committed an indispensable element of a violation of the Anti-Kickback Statute did so with criminal intent. That person may be an innocent intermediary.

Dr. Chin need not perform all the elements of the violation of the Anti-Kickback Statute, be present when it is performed, or be aware of the details of its execution to be guilty of causing an act to be done by another.

To find Dr. Chin guilty based on aiding and abetting or causing another to commit a violation of the Anti-Kickback Statute, a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the crime and knowledge that the violation of the Anti-Kickback Statute is being committed are also not sufficient to constitute aiding and abetting or causing another to commit a violation. But you may consider these things among other factors in determining whether the government has met its burden.


**Authority:**  Adapted from Pattern Crim. Jury Instr. 1st Cir., §§ 4.18.02(a), 4.18.02(b); *United States v. Bravo- Fernandez*, 756 F. Supp. 2d 184, 193 (D.P.R. 2010) (internal quotations omitted) (citing *United States v. Griffin*, 814 F.2d 806, 809 (1st Cir. 1987)). It is "well-settled law of the First Circuit that the government may rely on an aiding and abetting theory, although the indictment neither alleges nor adverts to it." *Bravo-Fernandez*, 756 F. Supp. 2d at 193 (internal quotations and citations omitted)). *See also United States v. Oreto*, 37 F.3d 739, 751

34

(1st Cir. 1994) ("Our court has observed that '[a]iding and abetting is an alternative charge in every count, whether explicit or implicit"); *United States v. Bradstreet*, 135 F.3d 46, 53-4 (1st Cir. 1998) (same); *United States v. Footman*, 215 F.3d 145, 153-4 (1st Cir. 2000) (same); *United States v. Andrade*, 135 F.3d 104, 110 (1st Cir. 1998).

**PROPOSED JURY INSTRUCTION NO. 27**
**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

**Authority:**  Pattern Crim. Jury Instr. 1st Cir., § 6.01.

**PROPOSED JURY INSTRUCTION NO. 28**
**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  Again, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.


**Authority:**  Pattern Crim. Jury Instr. 1st Cir., § 6.02

**PROPOSED JURY INSTRUCTION NO. 29**
**PUNISHMENT IRRELEVANT TO CONSIDERATION OF GUILT**

The punishment provided by law for the offenses charged in the Indictment is a matter solely for the judge to decide. You should make your decision as to whether Dr. Chin is guilty or not guilty on the basis of the evidence presented and must not consider the possible punishment in any way in coming to that determination.

**Authority:** U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions (Criminal Cases) 21 (1979); E. Devitt and C. Blackmar, Federal Jury Practice and Instructions, §18.02 (3d ed. Supp. 1982).

**PROPOSED JURY INSTRUCTION NO. 30**
**REACHING AGREEMENT**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but, of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.


**Authority:**  Pattern Crim. Jury Instr. 1st Cir., § 6.03

## PROPOSED JURY INSTRUCTION NO. 31
## RETURN OF THE VERDICT FORM

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.


**Authority:**  Pattern Crim. Jury Instr. 1st Cir., § 6.04

**PROPOSED JURY INSTRUCTION NO. 32**
**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority:**  Pattern Crim. Jury Instr. 1st Cir., § 6.05