UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES

v.

KINGSLEY R. CHIN,
*Defendant*.

No. 1:21-cr-10256-IT

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY
OR OTHER EVIDENCE CONCERNING A CIVIL SETTLEMENT
OR TERMS OF A RESOLUTION AMONG THE GOVERNMENT
AND DR. CHIN AND/OR HIS SPOUSE, VANESSA DUDLEY**

Pursuant to Fed. R. Evid. 403, Defendant Kingsley Chin respectfully moves for an order precluding the government from introducing unduly-prejudicial evidence about a civil settlement, its financial terms, or purported admissions by him or his wife, Vanessa Dudley, who may be called as a witness at trial.

**Preliminary Statement**

The government brought parallel civil and criminal actions related to SpineFrontier's consulting program. Here, the government charges Dr. Chin with conspiracy to violate the Anti-Kickback Statute and three substantive counts of paying remuneration in exchange for the purchase of medical devices. In the civil case, the government also brought claims against Chin's wife, Vanessa Dudley. The government, Chin, Aditya Humad, and Dudley reached a civil settlement agreement (the "Agreement") that imposed certain financial obligations on them. While the Agreement limited positions the parties could take elsewhere, Paragraph G(i) and (iii) of the Agreement, on page 3, contained carveouts for "testimonial obligations" and for each settling party's "right to take legal or factual positions in the criminal matter of *United States v.*

*Kingsley Chin, Aditya Humad, and SpineFrontier, Inc.*, No. 21-cr-10256." In Paragraph 12 of the Agreement, the government refers to the terms as a "compromise" of what it sought. Without a limitation established by this Court in advance, if or when Chin or Dudley testifies at trial in this case, the government may seek to confuse the jury concerning the significance of the Agreement as something more than just a compromise.

## Background

In the Superseding Indictment returned on April 1, 2025, more than 3 years and 7 months after the government filed the original Indictment dated August 30, 2021, the government charges Dr. Chin with conspiracy to violate the Anti-Kickback Statute and three substantive counts of paying remuneration in exchange for the purchase of a medical device. The Superseding Indictment establishes an alleged conspiracy period of late 2012 through March 2017. The substantive counts span from September 4, 2015, through March 13, 2017, all more than 8 years ago.

At relevant times, Dudley served as an employee of Impartial Medical Experts, LLC ("IME"). In the related civil case, the government asserted that Dudley performed services for IME related to SpineFrontier's consulting program. Here, Paragraph 4 of the Superseding Indictment charges: "Beginning in or around approximately October 2013, IME purported to manage the process pursuant to which SpineFrontier's surgeons submitted hours and received payments from or on behalf of SpineFrontier for purported consulting." Paragraph 31.c. charges that defendants used "IME as a vehicle to funnel bribe payments to surgeons." Paragraph 32.g. alleges that, more than 11 years ago, each of the three surgeon-consultants from the substantive counts entered "into sham consulting agreements with SpineFrontier, through IME …." Paragraph 32.k. alleges that, "through IME," Chin caused the payment of bribes to these

surgeons.[1] Contrary to the Superseding Indictment, while working for IME, Dudley scrutinized consulting hours, in writing and otherwise.

On October 26, 2023, the government, Chin, Humad, and Dudley executed the Agreement. Despite limitations on public statements by the individual settling parties, Paragraph G(i) and (iii) of the Agreement, on page 3, contained a carveout for "testimonial obligations" and for each settling party's right to take legal or factual positions in this criminal matter. In Paragraph 12, the government acknowledged that the settling parties' financial obligations constituted a "compromise" of the claims that it brought.

## Discussion

**Under Rule 403 of the Federal Rules of Evidence, this Court Should Preclude the Government from Introducing the Existence or Terms of the Agreement, or any Purported Admissions Related to it, to Avoid Undue Prejudice to Chin.**

The government may seek to introduce a compromise among parties and a witness, or portions of the compromise. This Court should "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In criminal cases, evidence of financial settlements of civil cases has been viewed as posing a substantial risk of undue prejudice or jury confusion. *See United States v. Richardson*, 421 F.3d 17, 41 (1st Cir. 2005) (finding objection not preserved, while emphasizing that "the

---

[1] While still using the word "sham," the government charges raise only three consulting relationships . Indeed, when changing the charges in the Superseding Indictment, the government dropped allegations that had appeared in Paragraphs 37.c. and 37.d of the original Indictment about Chin "holding out IME as a separate and independent entity … in part to evade Sunshine Act reporting obligations," and using IME as a vehicle "to conceal the true nature of the relationship between SPINEFRONTIER and those surgeons."

3

offending reference" to the settlement in an otherwise admissible plea agreement "was redacted before Chase's plea agreement was made available to the jury during its deliberations"); *United States v. Keogh*, No. CR-17-290-D, 2022 WL 36882, at *3 (W.D. Okla. Jan. 4, 2022) (in a "complex and document-intensive" criminal case, finding "the minimal probative value of the settlement agreements" outweighed by waste of resources and potential confusion on issues unnecessary to a fair disposition of charges). Public policy has long favored rules that encourage settlements. *Cities Serv. Oil Co. v. Coleman Oil Co.*, 470 F.2d 925, 929 (1st Cir. 1972) ("There is an obvious public policy favoring the amicable settlement of litigation. . . .").[2]

The need for explanations of why people settled and how settlement terms operated would lead to mini-trials over motives underlying settlements and the merits of the civil claims against Chin and Dudley. As one court recently explained, "against the minimal probative value of the settlement agreements and dispositional document, the Court must balance under Rule 403

---

[2] The committee notes to the 2006 amendment to Rule 408 are consistent with Chin's position:

> The amendment distinguishes statements and conduct (such as a direct admission of fault) made in compromise negotiations of a civil claim by a government agency from an offer or acceptance of a compromise of such a claim. An offer or acceptance of a compromise of any civil claim is excluded under the Rule if offered against the defendant as an admission of fault. In that case, the predicate for the evidence would be that the defendant, by compromising with the government agency, has admitted the validity and amount of the civil claim, and that this admission has sufficient probative value to be considered as evidence of guilt. **But unlike a direct statement of fault, an offer or acceptance of a compromise is not very probative of the defendant's guilt. Moreover, admitting such an offer or acceptance could deter a defendant from settling a civil regulatory action, for fear of evidentiary use in a subsequent criminal action.** *See*, *e.g.*, Fishman, Jones on Evidence, Civil and Criminal, § 22:16 at 199, n.83 (7th ed. 2000) ("A target of a potential criminal investigation may be unwilling to settle civil claims against him if by doing so he increases the risk of prosecution and conviction.").

(Emphasis added).

the considerable amount of trial time and witness testimony that would be required to explain the documents to lay persons, and must also balance the considerable risk of confusing the issues and misleading the jury." *Keogh*, 2022 WL 36882, at *3. Under these circumstances, the Court held that any probative value of the civil settlement and dismissal documents was "greatly outweighed by the danger of confusing the issues, misleading the jury, causing undue delay, and wasting time in the presentation of evidence," noting that the "criminal case [wa]s already extremely complex and document-intensive." *Id.*; *see also United States ex rel. Silver v. Omnicare*, Inc., No. 111CV01326NLHAMD, 2023 WL 2808098, at *12 (D.N.J. Mar. 31, 2023) (finding, in Anti-Kickback civil case, high risk of unfair prejudice with respect to settlement agreements concerning at least in part other tortfeasors or other arrangements from those in the present case); *United States v. Krug*, No. 1:15-CR-00157 RJA, 2019 WL 336568, at *8 (W.D.N.Y. Jan. 28, 2019) (allowing defendant to introduce evidence of the existence of lawsuits involving certain witnesses in a criminal case, but precluding government from eliciting testimony that a "lawsuit settled" explaining that "[l]awsuits settle for many different reasons, and the fact that the lawsuit settled is not probative of wrongdoing," and further ruling that "[s]hould there be testimony that the lawsuit has been resolved, the Court will provide a limiting instruction that the jury is not to speculate as to the outcome of the lawsuit or why it is no longer pending"). All these reasons favor preclusion here of evidence concerning the existence or terms of the Agreement, or any purported admissions related to it, because the risk of undue prejudice or jury confusion outweighs the limited probative value of a compromise.

**Conclusion**

Based on the foregoing, the government should be precluded from introducing evidence of the Agreement or its financial terms, or any purported admission in it, to avoid undue prejudice or jury confusion.

Respectfully submitted,

**KINGSLEY CHIN**

By his attorneys,

/s/ *Joshua L. Solomon*
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com

**CERTIFICATE OF SERVICE**

      The undersigned certifies that this document, April 11, 2025, through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                              */s/ Joshua L. Solomon*

**Local Rule 7.1(a)(2) Certification**

      Defense counsel conferred in good faith with counsel for the government in an effort to resolve or narrow the issues described herein. The government offered a limited and conditional compromise that was not acceptable to the defendant. As a result, no agreement could be reached to resolve or narrow this motion.

                                                              */s/ Joshua L. Solomon*