IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>KINGSLEY R. CHIN,<br>          *Defendant*. | No. 1:21-cr-10256-IT |

**DEFENDANT CHIN'S OPPOSITION TO GOVERNMENT'S MOTION
*IN LIMINE* TO PRECLUDE CROSS-EXAMINATION OF
GOVERNMENT WITNESSES REGARDING CRIMINAL OFFENSES**

Defendant Kingsley Chin respectfully submits this Opposition to the government's Motion *in Limine* to Preclude Cross-Examination of Government Witnesses Regarding Criminal Offenses. Dr. Chin will not mention criminal histories of witnesses (other than the guilty pleas of two cooperating witnesses), and will not seek to question witnesses about their criminal histories without first laying an appropriate foundation, but the Court should refrain from making a categorical ruling now and reserve decision for trial based on the evidence and testimony as it comes in, potentially supplemented by ongoing defense investigation.

Dr. Chin is very unlikely to request to elicit testimony about the 2011 conviction for driving without a license (government's Exhibit A). But the more recent convictions for driving under the influence (government's Exhibits B and C) may ultimately prove relevant and admissible for multiple reasons.

*First*, Fed. R. Evid. 609(a)(2) provides: "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." With regard to the drunk driving conviction described in the motion's Exhibit B, defense counsel have

reason to believe that this government witness made materially false statements to law enforcement. The police report describes the incident as follows:

> DUE TO THE TIRE TRACKS AND THE DEBRIS TRAIL IT APPEARED THAT [DRIVER] … STRUCK THE RAISED CENTER MEDIAN. HE STRUCK A SIGN AND CONTINUED OVER THE MEDIAN. THE VEHICLE CONTINUED OVER 2 LANES OF ONCOMING TRAFFIC AND IT APPEARED TO HAVE WENT OVER THE SOUTH CURB AND EITHER STRUCK A UTILITY POLE OR THE POLE GUIDE WIRE AND SNAPPED THE TOP HALF OF THE POLE OFF…. [DRIVER] SMELLED OF ALCOHOL AND APPEARED INTOXICATED.

Ex. 1 (redacted police report). But when questioned, "[DRIVER] STATED HE WAS DRIVING AND A TIRE BLEW AND HE LOST CONTROL OF THE VEHICLE." *Id*. While dishonesty is not an element of the offense, to the extent the witness confirms his dishonesty to law enforcement, it is admissible or at least the proper subject of pointed questioning. Prior false statements to law enforcement by those testifying for law enforcement offers the epitome of inquiry into credibility.

*Second*, even if the Court is not required to admit convictions in government's Exhibits B and C as impeachment under Fed. R. Evid. 609, the charges and lenient diversionary dispositions both witnesses apparently received may be admissible for another purpose, such as proof of bias. In *Delaware v. Van Arsdall*, 475 U.S. 673 (1986), the Supreme Court reviewed a case in which "the trial court prohibited *all* inquiry into the possibility that [the witness] would be biased as result of the State's dismissal of his pending public drunkenness charge." *Id*. at 679 (emphasis in original). "By thus cutting off all questioning about an event that the State conceded had taken place and that a jury might reasonably have found furnished the witness with a motive for favoring the prosecution in his testimony, the court's ruling violated respondent's rights secured by the Confrontation Clause." *Id*.

Here, the prior criminal cases at issue in government's Exhibits B and C took place during the federal investigations of the witnesses and their cooperation with the government. The

witnesses have received lenient treatment both here and in the state court criminal cases. Dr. Chin must be permitted to cross-examine the witnesses about the exposure they faced in the state cases, and the lenient treatment that they received, in order to inquire into federal authorities' assistance in obtaining more lenient dispositions for the witnesses, the contribution of state charges to the witnesses' desperation or other bias, and the extent to which the witnesses touted their own cooperation in seeking more lenient dispositions from state officials. All of these issues of credibility and bias are at issue based on the government's choice to rely on them as witnesses for testimony at trial.

      Dr. Chin respectfully requests that the Court deny the government's motion *in limine* and rule on any admissibility disputes in the context of actual trial testimony.

      Respectfully submitted,

      **KINGSLEY CHIN**

      By his attorneys,

      /s/ *Joshua L. Solomon*
      Barry S. Pollack (BBO #642064)
      Joshua L. Solomon (BBO #657761)
      POLLACK SOLOMON DUFFY LLP
      31 St. James Avenue, Suite 940
      Boston, MA 02116
      (617) 439-9800
      bpollack@psdfirm.com
      jsolomon@psdfirm.com

## Certificate of Service

      The undersigned hereby certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on May 2, 2025.

                                                       /s/ *Joshua L. Solomon*