UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN<br><br>Defendant | No. 1:21-cr-10256-IT |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The government respectfully submits this Opposition and requests that the Court deny the Defendant's Motion for Bill of Particulars with Respect to Count One of The Superseding Indictment (the "Motion"). *See* Dkt. No. 322. The Motion argues that the government has shifted its legal theory via a Superseding Indictment, despite the fact that it is the government's prerogative to modify its charges. The Superseding Indictment and the government's discovery and fulsome pre-trial disclosures already have provided the Defendant the information to which he's entitled. The Defendant should not be permitted, under the guise of a bill of particulars, to force the government to further specify its trial strategy. Accordingly, the Defendant's Motion should be denied.

**BACKGROUND**

The Court is familiar with the history of this case. Kingsley Chin, Aditya Humad, and Spine Frontier, Inc. were originally indicted on August 30, 2021. Chin was charged with conspiracy to violate the Anti-Kickback Statute (Count One), Violations of the Anti-Kickback Statute (Counts Two-Seven), and Conspiracy to Commit Money Laundering (Count Eight), in violation of 18 U.S.C. §§371, 1956(h), and 42 U.S.C. § 1320a-7b(b)(2). Dkt. No. 1.

In July of 2024, the Court dismissed Count Eight. Dkt. No. 181. In January of 2025, the government moved to dismiss Counts Six and Seven, and the Court granted the government's motion. Dkt. No. 225, 226. The government moved to dismiss Count Four on February 26, 2025, and the Court again granted the government's motion. Dkt. Nos. 267, 291. On April 1, 2025, the grand jury returned a Superseding Indictment charging the Defendant with conspiracy to violate the Anti-Kickback Statute (Count One), and three violations of the Anti-Kickback Statute (Counts Two-Four) involving Drs. Montone, Murray, and Atwater. *See* Dkt. No. 310. Each of these three doctors were also the subjects of charged counts in the original Indictment.

The correspondence between the parties concerning the request that forms the basis of the bill of particulars is set forth more fully in the Defendant's Motion. As Chin acknowledges, the government informed him that it did "not anticipate introducing evidence that other surgeons agreed to accept consulting payments in exchange for use of SpineFrontier's products. This does not preclude us from introducing evidence that Chin's intent in the design and implementation of the SpineFrontier consulting program was as a means to pay surgeons to use SpineFrontier's products. This includes, but is not limited to, evidence such as anticipated testimony from Scott Autrey that Chin instructed Autrey as to how to sell the consulting program."

Despite this clear explanation, the Motion alleges without basis that the government has provided an "overly vague" description of the conspiracy it intends to pursue at trial, and that there is a risk the defendant will face "unfair surprises." Specifically, the Motion seeks: (1) a precise description of the agreement or agreements that the government alleges Dr. Chin entered that constituted an unlawful conspiracy; (2) a description of when and how Dr. Chin entered into such agreement or agreements; (3) a confirmation that the government will not refer to or introduce evidence concerning surgeon consultants other than those it identified or a list of others it intends

2

to refer to at trial; and (4) overt acts that those (other than the three identified as unindicted co-conspirators) took in furtherance of the charged conspiracy.

## ARGUMENT

### A. Legal Standard

A bill of particulars is not a discovery device, and it does not empower defendants to interrogate the government about "the when, where, and how of every act in furtherance of [a] conspiracy." *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979); *see also United States v. Stryker Biotech, LLC*, 2010 WL 2900684, *2 (D. Mass. Jul. 21, 2010) (Dein, M.J.) ("A bill of particulars is not a tool of discovery, and its purpose is not to obtain disclosure of evidence, witnesses to be offered at trial, or the government's legal theories."); *United States v. Allen*, 2009 WL 2496472, at *1 (D. Mass. 2009) (Bowler, M.J.) ("A defendant is not entitled to recover evidentiary matters by filing a motion for a bill of particulars."); *United States v. Perez*, 940 F. Supp. 540, 550 (S.D.N.Y. 1996) ("A bill of particulars is not an investigative tool which a defendant can use to force the government to preview its evidence or expose a legal theory."). Accordingly, "[m]otions for bills of particular are seldom employed in modern federal practice." *United States v. Sepulveda*, 15 F.3d 1161, 1192-93 (1st Cir. 1993). "When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *Id*.

An indictment is sufficiently particular if it "elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions of the same offense." *Sepulveda*, 15 F.3d at 1192 (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also* Fed. R. Crim P.

7(c)(1) ("The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government."). A bill of particulars need only be granted where the indictment is so vague that it does not comply with these purposes. *See Sepulveda*, 15 F.3d at 1192 (holding that to prevail on a bill of particulars the defendant must demonstrate he is "disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause"); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985) (permitting a bill of particulars only when indictment is so general that it fails to advise the defendant of the specific acts charged).

The relevant inquiry when considering a motion for a bill of particulars is not whether the information sought would be helpful to the defense, but rather whether it is necessary to allow a defendant to prepare his defense and avoid surprise at trial. *United States v. Matos-Peralta*, 691 F. Supp. 780, 791 (S.D.N.Y. 1988). Where the information necessary for the preparation of the defense can be obtained through other means, such as discovery, a bill of particulars is unwarranted. *See, e.g., United States v. Godfrey*, 2013 WL 1414887, at *3 (D. Mass. Apr. 5, 2013) (Bowler, M.J.) (denying bill of particulars where indictment was specific enough and discovery had been provided); *United States v. Kemp*, 2004 WL 2757867, at *8 (E.D. Pa. 2004) ("Courts are especially reluctant to direct the filing of a bill of particulars when the government has provided the defendant with extensive pre-trial discovery.").

"Because a bill of particulars confines the government's proof to the particulars furnished, a court should not grant a bill of particulars where . . . the consequence of granting the request would be to unduly restrict the government's ability to present its case." *United States v. Gibson*,

175 F. Supp. 2d 532, 536 (S.D.N.Y. 2001) (rejecting request in securities fraud case for, inter alia, names of investors to whom misrepresentations were made); *Perez*, 940 F. Supp. at 550 (same).

### B. The Superseding Indictment Is Sufficiently Particular

This case does not present the rare circumstance in which a bill of particulars is warranted. The Superseding Indictment thoroughly delineates the charges against Chin. It spells out each element of the crimes charged, alerts the defendant as to the nature of those charges, and enables him to plead double jeopardy in bar of future prosecutions for the same offenses. More is not required. *See e.g., Sepulveda*, 15 F.3d at 1192-93. There is no support for the contention that the government must specify "a description of when and how" Chin joined the conspiracy, or overt acts for unindicted co-conspirators. *Stryker Biotech*, 2010 WL 2900684 at *5 ("the defendant does not need detailed evidence about the conspiracy in order to prepare for trial properly, and, therefore, defendants are not entitled, by way of a bill of particulars, to details such as how and when a conspiracy was formed, as well as when each participant entered it") (citation and internal quotation marks omitted); *United States v. Belardo-Quinones*, 71 F.3d 941, 943 (1st Cir. 1995) (an indictment need not contain "any precise time period for the conspiracy" nor "specify the date on which the defendant joined it"); *United States v. Paiva*, 892 F.2d 148, 154-55 (1st Cir. 1989) (affirming denial of bill of particulars where conspiracy charge did not require the government to plead or prove overt acts); *United States v. Polak*, 1995 WL 375816 at *2 (N.D.N.Y. June 16, 1995) ("The government is not required to provide detailed information about the conspiracy, such as overt acts, how and when the conspiracy was formed, or when each participant entered it.").

### C. The Pre-Trial Materials Provide Even Further Clarity to the Defendant

Beyond the Superseding Indictment, the government has further explicitly informed Chin, as set forth above, that it does not anticipate introducing evidence that other surgeons agreed to accept consulting payments in exchange for use of SpineFrontier's products. Chin nonetheless

5

claims to be in the dark about the core allegations in this case, despite the fact that he has received discovery, extensive Jencks material—the majority of which was produced years ago—as well as an exhibit list and witness list revealing the documents it intends to use and witnesses it intends to call.[1] Little is left for Chin to guess about, besides the government's trial strategy. What the defendant seeks is insight into how the government intends to explain the consulting program to the jury. While it plainly may be helpful to Chin for the government to specify the information he requests—that is neither the test for, nor the purpose of, a bill of particulars. Accordingly, even if the Superseding Indictment were lacking (and it is not), the Court should deny the Defendant's motion based on his access to and receipt of the relevant pre-trial materials.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion should be denied.

Respectfully submitted,

LEAH B. FOLEY
UNITED STATES ATTORNEY

By:   /s/ Mackenzie A. Queenin
ABRAHAM R. GEORGE
MACKENZIE A. QUEENIN
CHRISTOPHER R. LOONEY
ASSISTANT U.S. ATTORNEYS

Date: May 2, 2025

---

[1] Moreover, the defendant moved to continue the February trial date after the government provided its initial witness and exhibit list as to the case involving both Chin and Humad.

**CERTIFICATE OF SERVICE**

    I, Mackenzie A. Queenin, certify that on this 2nd day of May 2025, I caused this document to be filed via the ECF system.

                                                                                 */s/ Mackenzie A. Queenin*
                                                                                 Mackenzie A. Queenin
                                                                                 Assistant U.S. Attorney

Dated:  May 2, 2025