UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KINGSLEY R. CHIN, )<br>           Defendant. )<br>) | Criminal No. 1:21-cr-10256-IT |

**DEFENDANT KINGSLEY CHIN'S OBJECTIONS AND RESPONSES
TO THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's pretrial scheduling orders and agreement of counsel, Defendant Kingsley Chin submits his objections and responses to the Government's Proposed Jury Instructions (Dkt. No. 323-1). Chin reserves all rights to modify or add to these objections in advance of the Court instructing the jury on the law at trial.

*First*, Chin objects to the use of the government's form of instruction to the extent that it varies from Chin's proposed instruction on the same topic. Chin drafted proposed instructions to capture fairly the legal rules and principles applicable to the case as charged. The government's proposed instructions omit fundamental legal principles applicable to core areas in the theory of defense, making its proposed instructions unreliable. For example, the government invites this Court to instruct the jury concerning a highly-flexible view of dual purposes of a payment to a healthcare provider, while omitting the well-established difference between, on the one hand, a purpose and, on the other hand, a hope, expectation or belief, as described in more detail below.

*Second*, as to general instructions that apply in all criminal matters (such as the duty of the jury, burden on the government to prove each essential element beyond a reasonable doubt and to a moral certainty, and instructions concerning process through evidence, deliberations, and a

verdict), Defendant Chin has submitted proposed instructions on these matters, but anticipates that the Court will provide the parties with its customary form of instructions before the charge conference and his counsel with an opportunity to review and make any objections or suggestions before they are provided to the jury. Defendant Chin objects to any effort by the government to seek modification of well-established instructions of general application.

*Third*, Defendant Chin submits that, until the government completes its case-in-chief, many of its proposed jury instructions pose questions that cannot be resolved concerning whether they are necessary, place undue emphasis on irrelevant or collateral issues, state the law improperly or incompletely, or are otherwise erroneous. The government has repeatedly modified the charges against Chin, including dismissals of counts and allegations that substantially change the scope of its theories and create confusion about its ongoing theories, particularly with respect to the scope of the conspiracy charge. Defendant Chin's defense in response to the government's evolving and uncertain case may also suggest a need for different or supplemental jury instructions. Accordingly, Defendant Chin reserves the right to make changes or submit supplemental instructions.

Defendant Chin preliminarily raises the following specific objections to the government's proposed jury instructions:

### A. Defendant Chin Objects to the Following Instructions Proposed by the Government as Unnecessary or as Surplusage Likely to Cause Confusion.

    i.    Government Proposed Jury Instruction No. 16, Caution as to Cooperating Witness. The first sentence and last two sentences of the proposed instruction capture part of the law as required by the First Circuit, though instead of "particular caution," the instruction should state "greater care and caution." The remainder of the proposed instruction is nothing more than an effort to invite the Court to engage in commentary or argue why cooperating witnesses here may be telling the truth. Without authority that supports its doing so, the government is using self-serving variations from standard instructions that improperly encourages the jury to focus on testimony by cooperating witnesses and that

nothing should be considered out of the ordinary about the deals with the government by such witnesses here. Defendant Chin has submitted a proposed instruction consistent with the supporting caselaw and customary form of instruction. As a recent court decision, in *United States v. Deleon*, No. CR 07-10277-NMG, 2016 WL 3747487, at *12 & n. 12 (D. Mass. May 9, 2016), *report and recommendation adopted*, No. 07-10277-NMG, 2016 WL 3766289 (D. Mass. May 9, 2016), approved, the "greater care and caution" instruction should state:

> Now, the testimony of a witness who has testified pursuant to a plea and/or cooperation agreement with the government must be examined and considered with greater care and caution than the testimony of an ordinary witness. You should bear in mind that a witness who has entered into such an agreement has an interest in this case different than an ordinary witness. A witness who realizes that he may be able to obtain his freedom or receive a lighter sentence or obtain other benefits from the government by giving testimony favorable to the prosecution has a motive to testify falsely. Therefore, you must examine the testimony with greater care and caution. You may consider whether the testimony was affected by interest or prejudice, personal gain or expectation of personal gain or expectation of favorable sentencing recommendations by the government. In addition, the fact that one or more of the witnesses pled guilty to an offense is not evidence that the defendant in this case is guilty, and it cannot be considered by you in any way as evidence against the defendant.

ii. Government Proposed Jury Instruction No. 19, Conspiracy. The government's proposal uses the word "crime" as if one actually existed, improperly dilutes the specific intent requirement applicable under the substantive offense (*see*, *infra*, point B.i.; *see also United States v. Mora*, 598 F.2d 682, 683 (1st Cir. 1979) (on conspiracy charge, "a conviction cannot be sustained unless the Government establishes beyond a reasonable doubt that the defendant had the specific intent to violate the substantive statute" (citation omitted)), and refers to the jury's consideration of whether Dr. Chin engaged in an offense without referring to the jury's role of considering whether "the government has proven beyond a reasonable doubt" Dr. Chin's alleged role.

iii. Government Proposed Jury Instruction No. 25, Loss Not Required. The government is taking inconsistent positions by seeking this instruction, including its statement that the applicable law "is designed to ensure that health care providers make choices regarding patient care based upon quality, or service, or the patient's best interest, rather than their own financial interest," while pursuing motions *in limine* that seek to take such issues out of the trial. This instruction poses a substantial risk of diluting the government's burden by stating its view on the purpose of the law without covering *mens rea* and other essential elements of the charged offense. While this instruction is surplusage and therefore should

3

not be given, the government's objective would be met simply by stating that it need not show any actual loss on the part of a federal program. That concept is already covered by what is stated as the essential elements of the offense. The government's proposed language would improperly confuse the jury or suggest facts to the jury contrary to the rights of the accused. *United States v. Argentine*, 814 F.2d 783, 788 (1st Cir. 1987) (jury instructions should not "override or interfere with the jurors' independent judgment in a manner contrary to the interests of the accused").

### B. Defendant Chin Objects to the Following Instructions as Incorrect or Incomplete Statements of Law.

i. Government Proposed Jury Instructions Nos. 3, 19, 20, 21, and 24, which suggest that the government's burden to prove the defendant acted willfully does not require proof of an intention to violate the law or to act purposely unlawfully.

The government's proposed jury instructions depart drastically from the applicable law governing the *mens rea* element here in multiple ways. First, the government dilutes its burden to prove "willfulness," which for violations of the Anti-Kickback Statute ("AKS") require a showing of purposely unlawful conduct. Second, the government ignores the difference between multiple purposes for a payment and a hope, expectation, or belief that accompanies a lawful purpose.

"Willfulness" under the AKS requires more than the government's instructions capture, including proof of a knowing and intentional violation of law. Courts have repeatedly held that such charges require proof that, when a medical device manufacturer "encourage[s] customers to commit to purchasing from" it, the party charged with a violation "believed that its conduct was unlawful under the AKS or any other law." *United States ex rel. Hart v. McKesson Corp.*, 96 F.4th 145, 162-63 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 163 (2024) (holding that the defendant must act "with knowledge that his conduct was unlawful," and dismissing claims arising from federal AKS because allegations did "not plausibly suggest that McKesson acted with such knowledge of illegality"); *see United States v. Exagen, Inc.*, No. 21-CV-10950-ADB, 2025 WL 959460, at *8 (D. Mass. Mar. 31, 2025) (dismissing action premised on AKS violation with prejudice because "'[w]illfully' in the

4

context of an AKS claim means 'with knowledge that [the] conduct was unlawful.'"), *quoting U.S. ex rel. Langer v. Zimmer Biomet Holdings, Inc.*, 743 F. Supp. 3d 282, 292 (D. Mass. Aug. 2, 2024) (citing to *United States v. Bay State Ambulance and Hosp. Rental Serv., Inc.*, 874 F.2d 20, 33 (1st Cir. 1989), for proposition that establishing a violation of the AKS requires proof that the defendant "acted with knowledge that its conduct was unlawful"); *Omni Healthcare, Inc. v. MD Spine Sols. LLC*, No. 18-CV-12558-PBS, 2025 WL 32676, at *4 (D. Mass. Jan. 6, 2025) (for purposes of the AKS, "the term 'willfully' refers to knowledge that the conduct was unlawful"); *United States v. Teva Pharms. USA, Inc.*, 560 F. Supp. 3d 412, 421 (D. Mass. 2021) ("to establish a willful violation" of the AKS, "the complaint must allege that Teva acted with knowledge that its conduct was unlawful"); *see also United States ex rel. Gill v. CVS Health Corp.*, No. 18-CV-6494, 2024 WL 3950211, at *23 (N.D. Ill. Aug. 26, 2024); *United States v. McKesson Corp.*, 602 F. Supp. 3d 575, 593 (S.D.N.Y. 2022) ("[T]he Court is persuaded that willfulness in the AKS requires a defendant to have acted with knowledge that its conduct was unlawful."); *id.* at 596 ("There must be facts from which the Court can infer that Defendants knew the conduct was unlawful and proceeded with the business practice regardless.").

      ii.      Government Proposed Jury Instructions Nos. 3, 20, and 22, which suggest that the government needs to prove that only one purpose of payments was unlawful, without distinguishing between a purpose and a hope, expectation or belief.

The AKS also requires the government to prove beyond a reasonable doubt that the defendant intended for the remuneration at issue to induce purchases. The government's request to instruct the jury on multiple purposes omits critical legal principles that distinguish between an alternate purpose, on the one hand, and an expectation, hope, or belief (or incidental or *de minimis* purpose), on the other. The element of the AKS that requires proof of an intention to induce a purchase requires, in the context of potential multiple purposes, that such intention constituted more

than a "'collateral hope or expectation,'" but rather that it be "the 'motivating factor' for the remunerative relationship." *United States v. Regeneron Pharms., Inc.*, No. CV 20-11217-FDS, 2020 WL 7130004, at \*8 (D. Mass. Dec. 4, 2020) (*quoting United States v. McClatchey*, 217 F.3d 823, 834 n.7 (10th Cir. 2000)); *see also United States v. Teva Pharms. USA, Inc.*, 560 F. Supp. 3d 412, 420 (D. Mass. 2021) (under AKS, "liability attaches only when the statements and actions of a [defendant] reveal an intent beyond a 'collateral hope or expectation,' … such that it is clear that the remunerations were *designed specifically* to encourage claims to Medicare" (emphasis added)) (quoting *McClatchey*, 217 F.3d at 834); *see United States v. DiMasi*, 817 F. Supp. 2d 9, 18 (D. Mass. 2011) ("[I]t would not be enough if the government proves only [a party] made the payments [to Defendant] only to cultivate a business or political relationship [ ] or to express gratitude for something [Defendant] had done."); *United States v. O'Brien*, 994 F. Supp. 2d 167, 188 (D. Mass 2014); *see also Hanlester Network v. Shalala*, 51 F.3d 1390, 1399 (9th Cir. 1995); *United States v. McClatchey,* 217 F.3d 823, 834 (10th Cir. 2000). Thus, for a hope, expectation, or belief to rise to a "purpose," it must be "the motivating factor." *Regeneron*, 2020 WL 7130004, at \*8 (internal quotation marks omitted).

   iii. Government Proposed Jury Instructions Nos. 3, 20, and 22, which suggest that the government's burden to prove the intent to pay a bribe that induced a purchase did not require proof of a *quid pro quo* or proof of an intention to induce a *quid pro quo*.

Defendant Chin's proposed instructions, including that the government prove an intent to engage in a *quid pro quo*, capture concepts that the government ignores, despite longstanding requirements by the Supreme Court on similar criminal charges. *See United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404-05 (1999) ("[F]or bribery there must be a quid pro quo-a specific intent to give or receive something of value in exchange for an official act."); *see also United States*

6

*v. Shaw*, 106 F. Supp. 2d 103, 121 (D. Mass. 2000) ("'The gravamen of Medicare Fraud is inducement,' the Court of Appeals for the First Circuit declared, making it clear that the willful-and-knowing element of the crime is a touchstone for the proper evaluation of [] the statute's meaning.") (quoting *United States v. Bay State Ambulance and Hospital Rental, Inc.*, 874 F.2d 20, 29 (1st Cir. 1989)); *Hanlester Network v. Shalala*, 51 F.3d 1390, 1398 (9th Cir. 1995) (government must prove an "intent to exercise influence over the reason or judgment of another in an effort to cause the referral of program related business"). Part of the language that the government uses suggests agreement with this requirement (*i.e.*, "Second" element of Government's Proposed Instruction No. 20), but other aspects reject this *quid pro quo* element.

      iv.      Government Proposed Jury Instructions Nos. 2 and 10 – Presumption of Innocence; Proof Beyond a Reasonable Doubt – Defendant Chin objects to the government's modification of standard language that dilutes the importance of this burden and leaves "reasonable doubt" insufficiently defined. Courts and treatises have described "reasonable doubt" in consistent ways that avoid a jury just making of the concept what it will. Contrary to the government's proposed instruction, standard language explains the burden as requiring proof to a "settled conviction" and a "moral certainty that creates an abiding conviction of the defendant's guilt such that there is no hesitance to act" and that this burden of proof is the "highest degree" of proof required by courts. (*Victor v. Nebraska*, 511 U.S. 1, 21 (1994)).

The government's proposed instructions on "reasonable doubt" omit clauses from or otherwise modify customary practices in the First Circuit and elsewhere on the topic, while also omitting key aspects of the following from commentary on model jury instructions:

> Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge. Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that a defendant is guilty as charged, the other that the defendant is not guilty— you will find the defendant not guilty. It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.

PATTERN CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE FIRST CIRCUIT, https://www.rid.uscourts.gov/sites/rid/files/documents/juryinstructions/PJI.pdf.; *see United States v. O'Shea*, 426 F.3d 475, 482 (1st Cir. 2005) (affirming instruction that reasonable doubt is a "strict and heavy burden", "a defendant is never to be convicted on suspicion or conjecture," and reasonable doubt can be found based on a lack of evidence). To avoid potential confusion, consistent with *O'Shea*, courts also may point out that a criminal case is not a civil case in which a standard of proof based on probability, or the preponderance of the evidence, may apply because a higher, strict, and heavy burden applies when criminal charges are at stake. Another form of defining "reasonable doubt" appears in Justice Ginsburg's concurring opinion in *Victor v. Nebraska*, 511 U.S. 1, 27 (1994), in which the Supreme Court reviewed definitions of "reasonable doubt" that had developed in some state courts. Justice Ginsburg found that the model instruction in § 21 of the Federal Judicial Center, Pattern Criminal Jury Instructions (1988), surpassed others in stating the reasonable doubt standard succinctly and comprehensibly, as follows:

> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Justice Ginsburg explained that this "'firmly convinced' standard for conviction, repeated for emphasis, is further enhanced by the juxtaposed prescription that the jury must acquit if there is a 'real possibility' that the defendant is innocent." *Victor*, 511 U.S. at 27.

    v.        Government Proposed Jury Instructions Nos. 2, 19 and 26, which improperly use language concerning "the crime" and "general understanding about the crime" in a manner that suggests the Court's belief that a crime actually occurred and thereby undermines the burden of proof and the willfulness element. These instructions are also unduly prejudicial in part because the government will rely on cooperating witnesses who are expected to suggest their participation in criminal conduct while some of them resolved matters with the government through a civil settlement. Anywhere the government suggests use of the word "crime," the Court should instead use a phrase such as "charged offense" or "alleged offense." In addition, a "general understanding about the crime," whatever that may mean, is not sufficient in light of the willfulness element (see legal discussion, *supra*, point B.i.).

    vi.       Government Proposed Jury Instruction No. 23 improperly refers to "drugs" when it should refer to "specific medical device." There are no drugs at issue in this case.

    vii.      Government Proposed Jury Instruction No. 26 Aiding and Abetting – The government rewrites customary instructions and established elements of aiding and abetting without informing the Court how it has done so. In so doing, the government seeks to dilute its burden to proving any act that helps others, but the actual legal requirement is "substantial assistance and active participation," and that the defendant share in a common purpose to commit the full scope of the offense. Hence, the Court should use Chin's proposed instruction. *See* 18 U.S.C. § 2; Pattern Jury Instructions: First Circuit, Criminal Cases § 4.02; *United States v. Tarr*, 589 F.2d 55, 59 (1st Cir. 1978); *see Rosemond v. United States*, 572 U.S. 65, 77 (2014) ("for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission" and on intent requirement must "share purpose" to commit the offense "with full awareness of its scope"). In addition, the government omitted from the model act the following principles of law: (a) that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act, intended to help the other person, and willfully took part in the endeavor, seeking to make it succeed"; and (b) "Willfully" in this context means voluntarily and intentionally with the intent that something the law forbids be done – that is to say with bad purpose, either to disobey or disregard the law. The government also added two sentences that do not make sense and misstate its burden: "The government need not prove that the person who did commit a violation of the Anti-Kickback Statute committed an indispensable element of a violation of the Anti-Kickback Statute did so with criminal intent. That person may be an innocent intermediary." That language should be removed. Finally, wherever the government refers to showing or proving in this or other instructions, the language "beyond a reasonable doubt" should be inserted, as is customary practice to ensure the jury enforces that burden.

A redlined version of pertinent jury instructions that the government proposed, converted to Word by automated function from its filed version, is attached hereto as Exhibit A. Chin reserves the right to supplement these objections and responses, as well as to supplement his submission of proposed jury instructions.

Respectfully submitted,

/s/ *Joshua L. Solomon*
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com

Attorneys for Kingsley Chin

**Certificate of Service**

    The undersigned certifies that this document, filed through the ECF system on May 2, 2025, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                *Joshua L. Solomon*
                                                Joshua L. Solomon