# EXHIBIT A

# Defendant Chin's Redlined Version of Pertinent Portions of Government's Proposed Jury Instructions

**PROPOSED JURY INSTRUCTION NO. 2 NATURE OF INDICTMENT;
PRESUMPTION OF INNOCENCE**

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by three assistant United States attorneys, Abraham George, Mackenzie Queenin, and Christopher Looney. The defendant, Kingsley Chin, is represented by his lawyers, Barry Pollack and Josh Solomon.

Dr. Chin has been charged by the government with several violations of federal law. He is charged:

- In Count One, with conspiracy to violate the Anti-Kickback Statute, in violation of 18 U.S.C. § 371, and

- In Counts Two through Five, with substantive violations of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2).

The charges against Dr. Chin are contained in the Indictment. The Indictment is simply the description of the charge against Dr. Chin; it is not evidence of anything. Dr. Chin has pleaded not guilty to the charges and denies committing the charged offenses~~crimes~~. His is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt on each and every essential element of each charged offense beyond a reasonable doubt.

Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge. Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions— one that a defendant is guilty as charged, the other that the defendant is not guilty— you will find

the defendant not guilty. It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.

This is a strict and heavy burden that remains on the government throughout the trial. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Authority:**  Pattern Crim. Jury Instr. 1st Cir., § 1.02.

**PROPOSED JURY INSTRUCTION NO. 3 PRELIMINARY STATEMENT OF ELEMENTS OF CRIME**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case. I will instruct you regarding the elements of a substantive violation of the Anti-Kickback Statute first and then instruct you regarding the elements of the conspiracy charge.

To prove that Dr. Chin violated the Anti-Kickback Statute, the Government must prove, beyond a reasonable doubt:

First, that the defendant offered or paid, or caused to be offered or paid, remuneration including any kickback, bribe or rebate;

Second, that one purpose of the remuneration offered, paid, or caused to be offered or paid, was to induce the recipient to purchase or order, or arrange for purchasing or ordering any good or item, which is known as a *quid pro quo*—in this case, the allegation is that Dr. Chin paid or offered bribes to induce doctors to use spinal implants manufactured by a company called SpineFrontier; based on this charge, the government must prove beyond a reasonable doubt that this alleged purpose of a bribe was a motivating factor for Dr. Chin, but the government fails to meet its burden if you have reasonable doubt that Dr. Chin may have understood the payments were made in exchange for consulting services, while merely hoping or expecting that the doctors would use SpineFrontier's products or merely trying generally to cultivate a business relationship.

Third, the goods or items were paid for in whole or in part by a federal health care program.

Fourth, that the defendant acted knowingly and willfully<ins>, which requires the government to prove beyond a reasonable doubt not only that Dr. Chin broke the law, but also that Dr. Chin knew what he did was unlawful</ins>.

To prove the conspiracy charge against Dr. Chin, the Government must provide, beyond a reasonable doubt:

First, that an agreement, as specified in the indictment, existed between at least two people to violate the Anti-Kickback Statute;

Second, that the defendant willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

You should understand, however, that what I have just given you is only a preliminary outline.

At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 1.04; 18 U.S.C. § 371, 42 U.S.C. § 1320a-7b(b)(2).

## JURY INSTRUCTION NO. 16 CAUTION AS TO COOPERATING WITNESS/IMMUNIZED WITNESS

You have heard testimony from witnesses who provided testimony under cooperation agreements and immunity agreements with the government.

Now, the testimony of a witness who has testified pursuant to a plea and/or cooperation agreement with the government must be examined and considered with greater care and caution than the testimony of an ordinary witness. You should bear in mind that a witness who has entered into such an agreement has an interest in this case different than an ordinary witness. A witness who realizes that he may be able to obtain his freedom or receive a lighter sentence or obtain other benefits from the government by giving testimony favorable to the prosecution has a motive to testify falsely. Therefore, you must examine the testimony with greater care and caution. You may consider whether the testimony was affected by interest or prejudice, personal gain or expectation of personal gain or expectation of favorable sentencing recommendations by the government. In addition, the fact that one or more of the witnesses pled guilty to an offense is not evidence that the defendant in this case is guilty, and it cannot be considered by you in any way as evidence against the defendant.

~~The immunity agreements provided that the witness would not be charged criminally for the allegations that form the basis of the Indictment. However, if the witness testified untruthfully, he or she could be prosecuted for such charges, or additionally, for perjury or making a false statement. The witness may be presumed to have acted after an assessment of his own best interests, for reasons that are personal to him, but that fact has no bearing on any other parties to this case.~~

~~A witness who admits to committing certain actions and testifies against others pursuant to a cooperation agreement with the government almost always does so in the expectation of~~

~~more lenient treatment. A witness testifying in such circumstances may, of course, be completely truthful. Still, y~~You should consider the testimony of a witness testifying pursuant to a cooperation agreement with ~~particular~~greater care and caution. You should scrutinize the testimony carefully to be certain that it is not shaded or slanted in such a way to serve the interests of the witness rather than that of the truth.

**Authority:** *See United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997); *United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001); *United States v. Foley*, 783 F.3d 7, 17-18 (1st Cir. 2015); Pattern Crim. Jury Instr. 1st Cir., § 2.08.

**JURY INSTRUCTION NO. 19 COUNT 1: CONSPIRACY (18 U.S.C. § 371)**

Count One of the Indictment charges the defendant, Kingsley Chin, with conspiring to violate the Anti-Kickback Statute.

I will first instruct you on the elements of conspiracy as they apply here and then I will instruct you on the elements of the substantive crime of violating the Anti-Kickback statute so that you may fairly evaluate whether the government has proven beyond a reasonable doubt that Dr. Chin conspired to commit the charged offense~~at crime~~.

A~~With a~~ conspiracy~~, the crime~~ is an~~the~~ agreement to commit a~~the~~ substantive offense rather than the commission of the substantive offense. So, here, the charged offense~~crime~~ is the agreement to violate the Anti-Kickback Statute, rather than the actual violation of the Anti-Kickback Statute.

For you to find Dr. Chin guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to violate the Anti-Kickback Statute; and

Second, that the defendant willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those who were involved acted intentionally, knowingly, and wilfully, with a shared conscious purpose ~~shared a general~~

understanding about theto commit the charged offense crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.

The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Dr. Chin willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that Dr. Chin agreed specifically to or knew about all the details of the charged offensecrime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture that made the charged offense unlawful. Even if Dr. Chin was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves beyond a reasonable doubt that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The

government is not required to prove that the defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

**Authority:** Pattern Crim. Jury Instr. 1st Cir., § 4.18.371; 18 U.S.C. § 371

**PROPOSED JURY INSTRUCTION NO. 20 COUNTS 2-4 VIOLATIONS OF THE ANTI-KICKBACK STATUTE (42 U.S.C. § 1320a-7b(b)(2))**

As I mentioned, the object of the conspiracy alleged in Count One of the Indictment is violating the Anti-Kickback Statute. Counts Two through Four of the Indictment charge Dr. Chin with substantive violations of the Anti-Kickback Statute. I will now explain the elements of a violation of the Anti-Kickback statute.

For you to find Dr. Chin guilty of a violation of the Anti-Kickback Statute, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First, that Dr. Chin offered or paid, or caused to be offered or paid, remuneration including any kickback, bribe or rebate;

Second, that one purpose of the remuneration offered, paid, or caused to be offered or paid, was to induce the recipient to purchase or order, or arrange for purchasing or ordering any good or item, which is known as a *quid pro quo*; based on this charge, the government must prove beyond a reasonable doubt that this alleged purpose was the motivating factor for Dr. Chin, but the government fails to meet its burden if you have reasonable doubt that Dr. Chin may have understood the payments were made in exchange for consulting services, while merely hoping or expecting that the doctors would use SpineFrontier's products or merely trying generally to cultivate a business relationship.

Third, the goods or items were paid for in whole or in part by a federal health care program.

Fourth, that ~~the~~ Dr. Chin acted knowingly and willfully, which means the government must prove beyond a reasonable doubt not only that Dr. Chin broke the law, but also that he knew what he did was unlawful.

**Authority:**  42 U.S.C. § 1320a-7b(b)(2); *United States v. Bay State Ambulance & Hospital Rental*, 874 F.2d 20, 30-34 (1st Cir. 1989); *United States v. Greber*, 760 F.2d 63, 71-72 (3d Cir. 1985); *United States v. Kats*, 871 F.2d 105, 108 (9th Cir. 1989); *United States ex rel. Hart v. McKesson Corp.*, 96 F. 4th 145, 157 (2nd Cir. 2024).

## PROPOSED JURY INSTRUCTION NO. 22
## ELEMENT 2: THAT ONE PURPOSE OF THE REMUNERATION WAS TO OBTAIN OR WAS IN RETURN FOR THE ORDER OR FOR ARRANGEMENT FOR THE ORDERING OF ANY GOOD OR ITEM

The second element that the government must prove beyond a reasonable doubt is that the remuneration was offered or paid, or caused to be offered or paid, the with intent to induce the recipient to purchase or order, or arrange for purchasing or ordering, any good or item, which is known as a *quid pro quo*; based on this charge, the government must prove beyond a reasonable doubt that this alleged purpose was the motivating factor for Dr. Chin, but the government fails to meet its burden if you have reasonable doubt that Dr. Chin may have understood the payments were made in exchange for consulting services, while merely hoping or expecting that the doctors would use SpineFrontier's products or merely trying generally to cultivate a business relationship.

The intent to induce the recipient to purchase or order, or arrange for purchasing or ordering, any good or item must, at least in part, have been the a the reason motivating factor for why the remuneration was offered or paid.

If the remuneration is only for a purpose other than seeking (whether successful or not) to affect a transaction of payments of remuneration for the order or purchase of a good or item, it is not within the scope of the Anti-Kickback Statute.

However, a defendant may act with a mixture of motives and the government's burden is to prove that part of the remuneration is intended to compensate for past orders or purchases and/or induce future purchases or orders; the government is not required to prove that such inducement was the only reason for the remuneration.

Even if a payment or offer of payment had other purposes, if one purpose of the remuneration was to make a bribe to induce or arrange purchases or orders, ~~or arranging for purchases or orders,~~ and that purpose was ~~not an~~more than a mere hope or expectation, or~~n~~ incidental, insignificant or *de minimis* purpose, the payment was unlawful.

The government does not meet its burden if you find there is reasonable doubt as to whether Dr. Chin may have had as a purpose that SpineFrontier would pay for genuine consulting services, while only hoping or expecting, or even believing that a doctor would use a product in exchange for a consulting payment. The government must prove a motivating factor as a purpose, not just an incidental insignificant, or *de minimis* purpose of trying to get business. In other words, a hope, expectation, or belief that a consulting payment could result in business is not considered a purpose under the Anti-Kickback Statute, and therefore cannot be considered an improper purpose under the Anti-Kickback Statute.

**Authority:**  *United States ex rel. Camburn, et al. v. Novartis Pharm. Corp.*, No. 22-2708, slip. op. at 12 (2d Cir. Dec. 27, 2024) ("[A] defendant violates the AKS when at least one (rather than the primary or sole) purpose of the remuneration she provides is to induce purchase of a federally reimbursable healthcare product.") (citing *Guilfoile v. Shields*, 913 F.3d 178, 189 (1st Cir. 2019)); *United States v. Greber*, 760 F.2d 68, 71-72 (3d Cir. 1985) ("If the payments were intended to induce the physician to use Cardio-Med's services, the statute was violated, even if the payments were also intended to compensate for professional services."); *United States v. Woodward*, 149 F3d 46, 71-72 (1st Cir. 1998) (citing *Greber* with approval in deprivation of honest services case); *United States v. Bay State Ambulance & Hospital Rental*, 874 F.2d 20, 30 (1st Cir. 1989) (declining to decide whether the 'primary purpose' or 'one purpose' test was appropriate in a Medicare Anti-Kickback Act case because the defendants had been convicted under the more stringent 'primary purpose' standard, but citing with approval the reasoning of *Greber*); *United States v. Lahue*, 254 F.3d 900, 911 (10th Cir. 2001); *United States v. McClatchey*, 217 F.3d 823, 835 (10th Cir. 2000); *United States v. Davis*, 132 F.3d 1092, 1094 (5th Cir. 1998); *United States v. Kats*, 871 F.2d 105, 108 (9th Cir. 1989); *United States v. Reichel*, No. 15-cr-10324-DPW (D. Mass. 2015), DN 244 at 5.

**PROPOSED JURY INSTRUCTION NO. 23**
**ELEMENT 3:  THE GOODS OR ITEMS WERE PAID FOR IN WHOLE OR IN PART BY A FEDERAL HEALTH CARE PROGRAM**

The third element that the government must prove beyond a reasonable doubt is that the medical devices~~drugs~~ for which the remuneration or bribe was offered or paid, were paid for in whole or in part by a Federal Health Care program, such as the Medicaid or Medicare program.

**Authority:**  42 U.S.C. § 1320a-7b(b)(2).

## PROPOSED JURY INSTRUCTION NO. 24 ELEMENT 4: THE DEFENDANT ACTED KNOWINGLY AND WILLFULLY

The final element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

The word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

The term "willfully" used in this context means the same as I previously told you—that is <u>the government must prove beyond a reasonable doubt that</u> a defendant committed an act voluntarily and purposely, with the specific intent to do something the law forbids, that is, with a bad purpose, either to disobey or disregard the law<u>, meaning that he broke the law and that he knew what he did was unlawful</u>. However, a defendant need not be aware of the specific law or rule that his conduct may be violating.

**Authority:** 42 U.S.C. § 1320a-7b(b)(2); O'Malley, et al., Fed. Jury Prac. & Instr. §70:04 (6th ed. 2008); *United States v. Starks*, 157 F.3d 833, 839 (11th Cir. 1998); *United States v. Bay State Ambulance & Hospital Rental*, 874 F.2d 20, 30 (1st Cir. 1989); *United States v. Greber*, 760 F.2d 68, 71 (3d Cir. 1985); *United States ex rel. Hart v. McKesson Corp.*, 96 F. 4th 145, 157 (2nd Cir. 2024) ("[W]e hold that the term 'willfully' in the AKS means what it typically means in federal criminal law. To act willfully under the AKS, a defendant must act with a 'bad purpose,' … In other words, the defendant must act 'with knowledge that his conduct was unlawful.'").

**JURY INSTRUCTION NO. 25 LOSS NOT REQUIRED**

~~A violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2), does not require the government to prove that money or funds used to pay the remuneration came from federal funds or that the government lost any money as a result of the misconduct. The government need not show that the illegal payments increased costs to the government. The Anti-Kickback Statute is designed to ensure that health care providers make choices regarding patient care based upon quality, or service, or the patient's best interest, rather than their own financial interest.~~

~~Congress has deemed it appropriate to make it a crime to offer, or pay, any remuneration to induce referrals or orders of a service paid for through Medicare, Medicaid, the VA Healthcare system, or any other federal healthcare program, without requiring the government to show that the illegal payment increased costs to the federal healthcare program or hurt individual patients.~~

**Authority:** *United States v. Ruttenberg*, 625 F.2d 173, 177, FN. 9 (7th Cir. 1980); *United States v. Greber*, 760 F.2d 68, 71-72 (3d Cir. 1985); *United States v. Bay State Ambulance & Hospital Rental*, 874 F.2d 20, 34 (1st Cir. 1989); *United States v. Eggleston*, 823 Fed. App'x 340, 344 (6th Cir. 2020); *Pfizer, Inc. vs. HHS*, 42 F.4th 67 (2d Cir. 2022) and *Pharm. Coal. For Patient Access v. HHS*, No. 24-1230, 2025 WL 271562 (4th Cir. 2025).

## PROPOSED JURY INSTRUCTION NO. 26
## AIDING AND ABETTING / CAUSING A VIOLATION TO BE COMMITTED BY ANOTHER

I have now described to you the elements of a substantive violation of the Anti-Kickback Statute.

Alternative ways the government can prove Dr. Chin guilty of a violation of the AntiKickback statute is to show either that he aided and abetted the commission of that offense or that he caused a violation of the Anti-Kickback Statute to be committed by another.

To "aid and abet" means intentionally to help someone else commit the charged crime.

To establish aiding and abetting, the government must prove beyond a reasonable doubt:

First, that the crime of violating the Anti-Kickback statute was actually committed by someone;

Second, that Dr. Chin actively participated and took an affirmative substantial act to help or cause the violation of the AntiKickback statute; and

Third, that Dr. Chin intended to help or cause the commission of the violation of the Anti-Kickback.

The second element, the "affirmative act" element, can be satisfied without proof that Dr. Chin participated in each and every element of the violation of the Anti-Kickback Statute. It is enough if Dr. Chin actively participated and substantially assisted in the commission of the violation of the Anti-Kickback Statute or caused the violation of the Anti-Kickback Statute to be committed.

The third element, the "intent" element requires an intention to help the other person violate the law and willfully took part in the endeavor, seeking to make it succeed. ~~, is satisfied if Dr. Chin had advance knowledge of the facts that make the principal's conduct criminal.~~

~~"Advance knowledge" means knowledge at a time the defendant can opt to walk away.~~ The government's burden to prove intent also requires it to show beyond a reasonable doubt that the defendant shared a common and conscious purpose with a principal to commit the full scope of the charged offense.  To establish that the defendant caused a violation ~~n act~~ to be committed ~~done~~ by another, the government must prove beyond a reasonable doubt:

First, that another person committed a violation of the Anti-Kickback statute or committed an indispensable element of a violation of the Anti-Kickback statute; and

Second, that Dr. Chin willfully caused these acts, even though he did not personally commit these acts.

~~The government need not prove that the person who did commit a violation of the AntiKickback Statute committed an indispensable element of a violation of the Anti-Kickback Statute did so with criminal intent. That person may be an innocent intermediary.~~

Dr. Chin need not perform all the elements of the violation of the Anti-Kickback Statute, be present when it is performed, or be aware of the details of its execution to be guilty of causing the commission of a violation ~~n act~~ to be done by another.

To find Dr. Chin guilty based on aiding and abetting or causing another to commit a violation of the Anti-Kickback Statute, a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the charged offense ~~crime~~ and even knowledge that a ~~the~~ violation of the Anti-Kickback Statute wa ~~is~~ being committed are also not sufficient to constitute aiding and abetting or causing another to commit a violation. But you may consider these things among other factors in determining whether the government has met its burden.

**Authority:** Adapted from Pattern Crim. Jury Instr. 1st Cir., §§ 4.18.02(a), 4.18.02(b); *United States v. Bravo- Fernandez*, 756 F. Supp. 2d 184, 193 (D.P.R. 2010) (internal quotations omitted) (citing *United States v. Griffin*, 814 F.2d 806, 809 (1st Cir. 1987)). It is "well-settled law of the First Circuit that the government may rely on an aiding and abetting theory, although the indictment neither alleges nor adverts to it." *Bravo-Fernandez*, 756 F. Supp. 2d at 193 (internal quotations and citations omitted)). *See also United States v. Oreto*, 37 F.3d 739, 751 (1st Cir. 1994) ("Our court has observed that '[a]iding and abetting is an alternative charge in every count, whether explicit or implicit"); *United States v. Bradstreet*, 135 F.3d 46, 53-4 (1st Cir. 1998) (same); *United States v. Footman*, 215 F.3d 145, 153-4 (1st Cir. 2000) (same); *United States v. Andrade*, 135 F.3d 104, 110 (1st Cir. 1998).