IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* URI BASSAN,<br><br>Plaintiffs,<br><br>v.<br><br>OMNICARE, INC.,<br><br>Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMNICARE, INC. and CVS HEALTH CORP.,<br><br>Defendants. | Case No. 15-CV-4179-CM-VF |

**DEFENDANTS' MEMORANDUM REGARDING EVIDENTIARY ISSUES**

Enu Mainigi (*pro hac vice*)
Holly Conley (*pro hac vice*)
William Ashworth (*pro hac vice*)
Beth A. Stewart (*pro hac vice*)
David Randall J. Riskin (*pro hac vice*)
Benjamin Hazelwood (Bar No. 5001508)
Suzanne Salgado (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5000

For matters in New York:
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Omnicare, Inc. & CVS Health Corporation*

## TABLE OF AUTHORITIES

Federal Rule of Evidence 1006, *Advisory Committee Note* (2024 ed.) ...........................................2

Omnicare and CVS Health Corporation move regarding issues they expect to arise during the April 2, 2025 trial day.

*First*, Omnicare has questions about the scope and propriety of Jodi Sullivan's upcoming testimony. Earlier this evening, the government disclosed two demonstratives for Sullivan's direct examination, which reflect dispense data from two Omnicare pharmacies. So far as we can tell, this data was collected by one of the government's experts. There does not seem to be a dispute that Sullivan never has seen this Omnicare data, suggesting the government anticipates having her give undisclosed expert testimony. (Omnicare's concern in this regard is heightened by the fact that Sullivan has served as an expert for the government in other cases.)

To be sure, the government asserted the demonstratives are to "demonstrate what type of claims data is submitted to PBMs and CMS," which falls within the scope of her proposed testimony. The government did represent to the Court that Sullivan would be testifying only about

> Medicare Part D, how it works, the claim submission process, which, as I tried to explain a little bit earlier, but it goes Omnicare submits the claim information to a PBM, the PBM pays, the PBM provides data to the planned sponsor, the planned sponsor provides the PBE data to CMS.

(Pretrial Conference Tr. (Mar. 6, 2025) [ECF 699], at 20:15–19.) But the fact the government is relying on specific claims data compiled by its expert and that Sullivan seemingly never has seen may flip her testimony into expert realm.

To permit the Court to assess whether Sullivan's testimony is proper, Omnicare requests that the government give a detailed proffer of that testimony outside the presence of the jury before Sullivan takes the stand.

*Second*, one of the government's summary exhibits (GX-1606 ("State Board of Pharmacy and other State Regulator Documents")) discusses and incorporates a host of documents reflecting material the Court excluded through motions *in limine*, including references to actual patient

1

harm (from issues *unrelated* to the dispensing practices in dispute) and unrelated compliance issues. Although the parties agreed to redact these exhibits, the government's proposals provided fall far short, and leave copious improper material in the record. But on the other side of the coin, for some incorporated exhibits, the government disclosed (including this evening) *overredacted* or modified versions that eliminate important context. All together, the government's proposed redactions are improper, and therefore the Court should not permit the government to discuss the summary exhibit or its underlying material. That is an outcome of the government's own creation, and Omnicare should not be prejudiced by it.

* * * * *

For preservation purposes, and given that tomorrow's trial day will see the first testimony from the government's summary witnesses, Omnicare notes the following continuing objections:

1. Each of the government's proffered summary exhibits is inconsistent with Rule 1006 and Rule 403. By way of specific example:

*GX-1603* (titled "Statements Concerning Pharmacy Law") reflects admitted emails (many of which come from fact witnesses who will be testifying at trial), only some of which relate to pharmacy law. Others talk about matters such as computer programming and policies. Beyond the fact the proponent of this summary likely will be reading emails, *contra* Pretrial Tr. 41:20–42:18, that the government has put together a smorgasbord of unrelated materials creates a Rule 403 problem, *see 2024 Advisory Committee Note to Rule 1006* ("A summary admissible under Rule 1006 must also pass the balancing test of Rule 403. For example, if the summary does not accurately reflect the underlying voluminous evidence, or if it is argumentative, its probative value may be substantially outweighed by the risk of unfair prejudice or confusion.").

*GX-1604* ("Omnicare/CVS Communications Regarding Rollover Dispensing and Related

Practices") is another compendium of Omnicare emails—many of which, again, come from fact witnesses the parties are bringing to trial.  This exhibit also includes a timeline summarizing the government's case, the admissibility of which the Court seemingly questioned at the pretrial conference.  (Pretrial Tr. 46:19–47:3.)

   2. At the pretrial conference, and then again when submitting its seven proposed summary exhibits (filed after the Court's March 20, 2025 deadline), the government represented it intended to have two summary witnesses (Steven Perez and Stephen Foran) testify about them.  (ECF 710.)  Recently, however, the government identified two additional summary witnesses, stating that Sullivan and Arianne Spaccarelli will testify, in part, as proponents of summary exhibits.  The government disclosed neither in its March 20 letter; and because the government did not do so, it also failed to provide for them a "proffer of the [summary] testimony" as the Court ordered.  (Pretrial Tr. 49:4–7.)  Neither, therefore is a proper summary witness.

3

Dated:  April 2, 2025

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

/s/ Enu Mainigi
Enu Mainigi (*pro hac vice*)
Holly Conley (*pro hac vice*)
William Ashworth (*pro hac vice*)
Beth A. Stewart (*pro hac vice*)
David Randall J. Riskin (*pro hac vice*)
Benjamin Hazelwood (Bar No. 5001508)
Suzanne Salgado (*pro hac vice*)
680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5000

For matters in New York:
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Omnicare, Inc. & CVS Health Corporation*