UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN<br><br>            Defendant. | No. 1:21-cr-10256-IT |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION *IN LIMINE* TO PRECLUDE TESTIMONY CONCERNING
A CIVIL SETTLEMENT OR TERMS OF A RESOLUTION AMONG THE
GOVERNMENT AND DR. CHIN AND/OR HIS SPOUSE, VANESSA DUDLEY**

The Defendant's Motion *in Limine*, Dkt. No. 330, seeks to exclude evidence concerning the civil settlements that Defendant Chin and his wife, Vanessa Dudley, entered with the United States. The government agrees that it will not seek to introduce these civil settlement agreements into evidence to prove "the validity or amount of a disputed claim," Fed. R. Evid. 408(a). In short, in keeping with the dictates of Rule 408, the government will not introduce the agreements as evidence of guilt or liability or to "impeach by a prior inconsistent statement or a contradiction . . . accepting, promising to accept, or offering to accept . . . a valuable consideration in compromising or attempting to compromise [a] claim." Fed. R. Evid. 408.

Rule 408, however, does permit the government to introduce and the Court to "admit [such] evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b). There are other purposes for which Defendant Chin's and Dudley's civil settlement agreements are relevant. The civil settlement agreements contain information concerning (i) the ownership of Chin's various entities and (ii) Chin's and Dudley's

financial disclosures as part of their settlements. For example, Defendant Chin signed the civil settlement agreement as "Chief Executive Officer" on behalf of each of the following four corporate entities—(i) SpineFrontier, Inc., (ii) Impartial Medical Expert, LLC, (iii) KIC Management Group, Inc., and (iv) KICVentures LLC. Ex. A (Settlement Agreement) at 22. This evidence is admissible and relevant to the government's case against Chin, as it tends to establish his ownership and control. Similarly, the fact that Chin and Dudley made financial disclosures to the government concerning their assets may be relevant depending on the nature of the defense's case.

## CONCLUSION

The government requests that the Court deny in part the Defendant's Motion *In Limine* concerning evidence of the Defendant's or Ms. Dudley's civil settlement agreements. Dkt. No. 330. As described above, while the government agrees not to introduce the civil settlement agreements for proof of guilt or liability, there are permissible reasons that the government may introduce Chin and Dudley's civil settlement agreements.

Dated: May 2, 2025

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

*/s/ Abraham R. George*
Abraham R. George
Christopher Looney
Mackenzie A. Queenin
Assistant U.S. Attorney
1 Courthouse Way
John Joseph Moakley U.S. Courthouse
Boston, MA 02210
(617) 748-3100

**CERTIFICATE OF SERVICE**

I, Abraham R. George, certify that on this 2nd day of May 2025, I caused this document to be filed via the ECF system.

*/s/ Abraham R. George*
Abraham R. George
Assistant U.S. Attorney

Dated: May 2, 2025