# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN,<br><br>Defendant | No. 1:21-cr-10256-IT<br><br>Violation:<br><br>Count One: False Statements<br>18 U.S.C. § 1001(a)(2) |

## SUPERSEDING INFORMATION

The United States Attorney alleges that, at all times relevant to this Information:

1. Defendant KINGSLEY R. CHIN, M.D. was a Florida resident, and the founder, principal owner, President, and Chief Executive Officer of SpineFrontier, Inc.

2. SpineFrontier, Inc. ("SpineFrontier") was a Delaware corporation with a principal place of business in Malden, Massachusetts. SpineFrontier designed, manufactured, marketed, and sold spinal medical products, including in the District of Massachusetts. Surgeons used these products in spine surgeries that Federal health care programs paid for throughout the United States.

3. As of March 31, 2013, the Physician Payments Sunshine Act, 42 U.S.C. § 1320a-7h(a)(1)(A), required medical device manufacturers ("covered manufacturer(s)"), such as SpineFrontier, to disclose to the Centers for Medicare and Medicaid Services ("CMS") any payment or transfer of value made to physicians, including surgeons, or hospitals, as well as any physician ownership or investment in the covered manufacturer.

4. CHIN became aware of his and SpineFrontier's obligations under the Physician Payments Sunshine Act to accurately and truthfully report any payment or transfer of value made to a physician by at least the end of 2014.

1

5. SpineFrontier operated a consulting program, the ostensible purpose of which was for SpineFrontier to pay surgeons in exchange for legitimate consulting services from those surgeon-consultants.

6. Despite knowing that it was unlawful to use the payment of consulting fees not for genuine consulting services, but rather to induce doctors to use SpineFrontier products in surgeries reimbursed by federal healthcare programs, CHIN instructed members of his sales team that "[i]n our sales model the investment opportunity and consultant fees are two effective tools" and that surgeon consultants would be "paid $500 per cervical construct and $1000 per lumbar construct to give us feedback."

7. Consistent with CHIN's direction, sales representatives and other SpineFrontier employees told surgeon-consultants that they could bill SpineFrontier for consulting hours up to a certain amount per surgical case they performed using SpineFrontier products. Again consistent with CHIN's direction, one or more surgeon-consultants billed SpineFrontier, and SpineFrontier paid fees that had been based on the number of surgeries that used SpineFrontier products, rather than based upon the amount of consulting services performed.

8. Specifically, Surgeon No. 3 was a spine surgeon who practiced medicine in Illinois and Florida and used SpineFrontier products in spine surgeries.

9. On one or more occasions, Surgeon No. 3 billed SpineFrontier, and SpineFrontier paid him for consulting hours based on the number of surgical cases that he performed rather than based on the number of hours he actually spent consulting.

10. Knowing that Surgeon No. 3 did not actually perform the consulting work for which SpineFrontier paid him, CHIN directed employees at SpineFrontier to report the payment of fees

to CMS as "Consulting Fees," including at least reporting a payment of $4,750 made on or about January 19, 2016, which was a materially false statement to CMS.

COUNT ONE
False Statements
(18 U.S.C. § 1001(a)(2))

The United States Attorney charges:

11. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 10 of this Information:

12. On or about January 19, 2016, within the District of Massachusetts and elsewhere, the defendant:

KINGSLEY R. CHIN

did knowingly and willfully make or cause another to make, a materially, false, fictitious, and fraudulent statement or representation concerning a material fact within the jurisdiction of the executive branch of the government of the United States, that is the Centers for Medicare and Medicaid Services, to wit, that the payment made to Surgeon No. 3 of $4,750 was for "Consulting Fees" when in fact that statement was false.

All in violation of Title 18, United States Code, Section 1001(a)(2).

LEAH B. FOLEY
United States Attorney
District of Massachusetts

*/s/ Christopher Looney*
ABRAHAM R. GEORGE
MACKENZIE A. QUEENIN
CHRISTOPHER LOONEY
Assistant United States Attorneys
District of Massachusetts